IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

VULCAN CONSTRUCTION MATERIALS LP
d/b/a VULCAN MATERIALS COMPANY

    Plaintiff,

v.

LAKEWOOD PRAIRIE, LLC, et. al.

LAKEWOOD PRAIRIE, LLC

    Plaintiff,

v.

IBARRA CONCRETE COMPANY
VULCAN CONSTRUCTION MATERIALS LP
d/b/a VULCAN MATERIALS COMPANY
HOWARD B. SAMUELS AS ASSIGNEE FOR THE
BENEFIT OF THE IBARRA CONCRETE
COMPANY TRUST, GRUNDY RED-MIX, INC,
R & J CONSTRUCTION SUPPLIES
ILLINOIS BRICK COMPANY
STEEL MASONRY, INC., UNKNOWN OWNERS
and UNKNOWN NECESSARY PARTIES
, ISHMAEL C. HERNANDEZ, CENORINA REYES,
RANDY JACOBSON, TINA JACOBSON, PAMELA
McREYNOLDS, WILLIE McREYNOLDS, JACLYN
MROZ, THOMAS L. JOHANNESSEN, CHRISTINA
JOHANNESSEN, STEWART G. HONECK IV,
AMARA HONECK, MICHAEL B. McKIRDIE,
KELLY McKIRDIE, TIFFANY PEREZ, LEONARDO
PEREZ, RIGOBERTO GOMEZ, ROSA GOMEZ,
LUPE GRANGO, ALEX GRANGO, MARK A.
KOSINSKI, JOANNE KOSINSKI, ROSA I.
BECERRA, MIGUEL A. BECERRA, DORA A.
BECERRA, JOAN GONZALEZ, SANTIAGO A.
RODRIGUEZ, JOSEPH URIBE, NANCY URIBE,
OSCAR CARRILLO, MARICELA MONTES de
OCA-TAPIR, GABRIELLA AVILLA, VICTOR M.
MARTINEZ, ADRIANNA MARTINEZ, RICARDO
ZAMORA, ANA ZAMORA, MATTHEW J.LISKA,
NICOLE L. LISKA, GUILLERMO JAIME, JR.,
BARBARA MITCHELL, ALTON BRETT NORRIS
APRIL D. NORRIS, STEVEN VAN DYKE,

NO. 2006 CH 0360
In consolidation with
NO 07 CH 389
NO 2007 L 062

FILED

JAN 11 2008

BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

386798.1 08003.383

APRIL VAN DYKE, FABIAN BERMUDEZ,
JENNIFER N. RIGUAL, PATRICK J. McGRATH,
DARYL L. McGRATH, EDWARD PIETRZYK,
JOLEEN PIETRZYK, GLORIA I. ZAMORA, JOSE
L. ZAMORA, LYANNA TYLER, NATHAN
CALLENDO II, MEAGAN CALIENDO, JOHN
R. KOSZOLA, ANGELA J. KOSZOLA, DAVID E.
RINEHART, EDEN M. RINEHART, JON
SOUVANNASOT, MICHAEL J. THOMPSON,
JEFFREY SMITH, FAITH SMITH, CHRISTOPHER
HUMBERG, ALICE C. BALL-BONNER, DOUGLAS
E. KNACK, KELLY S. KNACK, GARY C. FRANCIS
KAREN O. FRANCIS, BEVERLY HOWARD,
TARA CULOTTA, DEAN CULOTTA, WAYNE R.
MOUNT, NORA S. MOUNT, GERARDO BORJON,
JEANNETTE BORJON, OMAYRA HWIEH, GINA
L. BATES, JAMES H. BATES, SHERRIA
COVINGTON, VERNON J. JACKSON, SAKENNA
K. JACKSON, NEWELL A. BROADWAY, DION M.
SIMPSON, BETTY J. SIMPSON, DAWN M.
KOLASKI, MATTHEW J. SCHREINER, JANICE BOYD
LIVINGSTON, TIMIKO L. LIVINGSTON, JOSE
GARCIA, LUCIUS ARMSTRONG, KIMBERLY
ARMSTRONG, JOSE M. MARTINEZ, CONCEPCION
MARTINEZ, SCOTT BRECKENRIDGE, MARK
SYMON, TERESA SIMON, LYNETTE J. RINELLA,
ROBERT RINELLA, DAVID A. BRINK, BILLY JO
NOLL-BRINK, DONNA KAUL, ESPERANZA
BECERRA, JESSE ZBROSKEWICH, LINDA
ZEBROSKEWICH, LISA M. RAMOCKI, STEPHEN
J. WHITT, MARILYN BOKUNIEWICZ, JOSEPH
BOKENIEWICZ, ERICK HUERTA, JESUS
ALFONSO, EDINA ALFONSO, PETER J.
SUSTAITA, JOSE DEJUSUS LOERA, BRIAN
RADEJEWSKI, SARA OTTO, MIKE CASILLAS,
CHRISTINE F. CACILLAS, ELIZABETH
LUEVANO, ADELA REYS, ALEJANDRO
OCEGUEDA, MARIA L. OCEGUEDA, RUBEN
K. CAMPBELL, SAVANA N. LATIMORE,
HERMINIA V. CALIFLOWER, GETEMBERG
MONTESINOS, OSCAR LUCIANO, LISA
LATURELL, JOSE A. TENORIO, LORIANNE
M. TENORIO, CHARLES FREDERICK
FIELD REVOCABLE TRUST, MICHELLE
BUSCH, ROSA MISSAK, BRIAN S. MISSAK,
CHRISTINA TREVINO, DANIEL O. TREVINO

DAVID J. WANEK, EDWIN C. BEATINGO,
NICOLE BEATINGO, DENNIS WOZNIAK,
DIANE L. WOZNIAK, STACY ZEIS, SANDRA
BOYCE, ANTHONY W. RILEY, CATHRYN
RILEY, JONATHAN RESURRECTION,
MICHAEL P. DRISCOLL, CHRISTINA M.
BISCAGLIO, ARNEDO SAPNU, JR., BETH A.
ADAMS, SANDRA K. ADAMS, TIBURICO
CUEVAS, ALVARO CUEVAS, MONICA M.
REAMES, RANDY W. REAMES, GERADINE
M. SPORE, ARACELI M. PARDENILLA,
IMOGENE VAILOCES, CIRO A. PRYOR,
MARILYN E. PRYOR, MICHAEL S. LANTHIER,
REBECCA J. LANTHIER, SHANNON M.
KIELAR, JOHN KIELAR, MORTGAGE
ELECTRONIC REGISTRATION SYSTEM, INC (MERS),
BANK OF AMERICA, LHI MORTGAGE, INC.,
HOMECOMINGS FINANCIAL NETWORK, INC.,
JP MORGAN CHASE BANK, LASALLE BANK,
FIRST FEDERAL SAVINGS BANK, ILLINOIS
HOUSING DEVELOPMENT AUTHORITY,
MORTGAGE LENDERS NETWORK
MCCANN INDUSTRIES, INC., THE UNITED
STATES OF AMERICA, MIDWEST BANK AND
TRUST COMPANY-ALGONQUIN

## SECOND AMENDED COMPLAINT FOR GENERAL SETTLEMENT AND INTERPLEADER PURSUANT TO 770 ILCS 60/30 AND 735 ILCS 5/2-409

Now comes the Plaintiff Lakewood Prairie, LLC by its attorneys Howard M. Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall and complaining of the Defendants Ibarra Concrete Company, Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc., McCann Industries, inc., The United States of America, Midwest Bank and Trust Company-Algonquin Unknown Owners, and Unknown Necessary Parties, and the following parties hereinafter collectively referred to as "Other Known Interested Parties" to wit: Ishmael

C. Hernandez, Cenorina Reyes, Randy Jacobson, Tina Jacobson, Pamela McReynolds, Willie McReynolds, Jaclyn Mroz, Thomas L. Johannessen, Christina Johannessen, Stewart G. Honeck iv, Amara Honeck, Michael B. Mckirdie, Kelly Mckirdie, Tiffany Perez, Leonardo Perez, Rigoberto Gomez, Rosa Gomez, Lupe Grango, Alex Grango, Mark a. Kosinski, Joanne Kosinski, Rosa I. Becerra, Miguel A. Becerra, Dora A. Becerra, Joan Gonzalez, Santiago A. Rodriguez, Joseph Uribe, Nancy Uribe, Oscar Carrillo, Maricela Montes de Oca-Tapir, Gabriella Avilla, Victor M. Martinez, Adrianna Martinez, Ricardo Zamora, Ana Zamora, Matthew J. Liska, Nicole L. Liska, Guillermo Jaime, Jr., Barbara Mitchell, Alton Brett Norris April D. Norris, Steven Van Dyke, April Van Dyke, Fabian Bermudez, Jennifer N. Rigual, Patrick J. Mcgrath, Daryl L. Mcgrath, Edward Pietrzyk, Joleen Pietrzyk, Gloria I. Zamora, Jose L. Zamora, Lyanna Tyler, Nathan Callendo II, Meagan Caliendo, John R. Koszola, Angela J. Koszola, David E. Rinehart, Eden M. Rinehart, Jon Souvannasot, Michael J. Thompson, Jeffrey Smith, Faith Smith, Christopher Humberg, Alice C. Ball-Bonner, Douglas E. Knack, Kelly S. Knack, Gary c. Francis Karen O. Francis, Beverly Howard, Tara Culotta, Dean Culotta, Wayne R. Mount, Nora S. Mount, Gerardo Borjon, Jeannette Borjon, Omayra Hwieh, Gina L. Bates, James H. Bates, Sherria Covington, Vernon J. Jackson, Sakenna K. Jackson, Newell A. Broadway, Dion M. Simpson, Betty J. Simpson, Dawn M. Kolaski, Matthew J. Schreiner, Janice Boyd Livingston, Timiko L. Livingston, Jose Garcia, Lucius Armstrong, Kimberly Armstrong, Jose M. Martinez, Concepcion Martinez, Scott Breckenridge, Mark Symon, Teresa Simon, Lynette J. Rinella, Robert Rinella, David A. Brink, Billy Jo Noll-Brink, Donna Kaul, Esperanza Becerra, Jesse Zbroskewich, Linda Zebroskewich, Lisa M. Ramocki, Stephen J. Whitt, Marilyn Bokuniewicz, Joseph Bokeniewicz, Erick Huerta, Jesus Alfonso, Edina Alfonso, Peter J. Sustaita, Jose Dejusus Loera, Brian Radejewski, Sara Otto, Mike Casillas, Christine F. Cacillas, Elizabeth Luevano,

Adela Reys, Alejandro Ocegueda, Maria L. Ocegueda, Ruben K. Campbell, Savana N. Latimore, Herminia V. Califlower, Getemberg Montesinos, Oscar Luciano, Lisa Laturell, Jose A. Tenorio, Lorianne M. Tenorio, Charles Frederick Field Revocable Trust, Michelle Busch, Rosa Missak, Brian S. Missak, Christina Trevino, Daniel O. Trevino David J. Wanek, Edwin C. Beatingo, Nicole Beatingo, Dennis Wozniak, Diane L. Wozniak, Stacy Zeis, Sandra Boyce, Anthony W. Riley, Cathryn Riley, Jonathan Resurrection, Michael P. Driscoll, Christina M. Biscaglio, Arnedo Sapnu, Jr., Beth A. Adams, Sandra K. Adams, Tiburico Cuevas, Alvaro Cuevas, Monica M. Reames, Randy W. Reames, Geradine M. Spore, Araceli M. Pardenilla, Imogene Vailoces, Ciro A. Pryor, Marilyn E. Pryor, Michael S. Lanthier, Rebecca J. Lanthier, Shannon M. Kielar, John Kielar, Mortgage Electronic Registration System, Inc (mers), Bank Of America, Lhi Mortgage, Inc., Homecomings financial network, inc., JP Morgan Chase Bank, LaSalle Bank, First Federal Savings Bank, Illinois Housing Development Authority, Mortgage Lenders Network and complaining of said Defendants states as follows:

## COUNT I  GENERAL SETTLEMENT

1. In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the "Subdivisions")

2. Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

3. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

4. Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc. (hereinafter called "Grundy") as to various individual lots in the Subdivisions. Such sworn statements only listed Grundy as a supplier of material and state under oath that Grundy was Ibarra's only supplier.

5. Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.

6. In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.

7. Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisions filed as follows:

   a) Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.

   b) Grundy has filed liens totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.

   c) Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against 57 lots totaling $83,073.51.

   d) R & J Construction Supplies (hereinafter called "R & J") have filed liens against 15 lots totaling $ 3,333.16.

8. The United States of America claims a lien on the amounts due from the Plaintiff to Ibarras Concrete Company (Ibarrra) FEIN 20-1081949 whose address is 2205 Point Blvd Suite 170 Eligin, IL. 60125 for Withholding Taxes and FICA taxes owed to it in the amount of

$1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof. The Internal Revenue Office that filed the tax lien is Small Business/Self Employed Division, 230 South Dearborn Street, Chicago IL. 60604, Insolvency Group 1. Tax liens were filed with the Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva IL 60134 on 11/02/05, 3/21/06 and 5/12/06.

9. Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra.

10. McCann Industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra.

11. Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Lakewood Prairie, LLC et. al. No. 2006 CH 0360 (the "Foreclosure Suit").

12. In addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86. Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number No 2007 L 062 (the "Citation Action") now pending in this Court.

13. Plaintiff is informed and believes and therefore states the fact to be that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics liens filed by Vulcan, Grundy and R & J are inferior to the common law rights of the Trust.

14. There are insufficient amounts due or to become due from the Plaintiff to Ibarra to pay all liens and claims under such mechanics liens recorded because:

a) The total amount that Plaintiff's books show that it owes Ibarra $289,479.34 for work on lots against which R & J, Grundy, Vulcan or the Trust have filed liens.

b) The total amount of liens filed by R & J, Grundy, Vulcan and Ibarra is $798,432.64.

c) Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R & J, Grundy and the Trust.

d) The claim of the Assignee for the benefit of creditors of Ibarra may be superior to one or more of the recorded mechanics liens and the judgment lien arising by virtue of the service of the citation.

e) The claims of The United States of America, Midwest Bank and Trust Company-Algonquin, McCann Industries, Inc may be superior to the claims for lien and Vulcan's judgment.

f) In addition, Plaintiff has been informed that the United States of America has subordinated its claim to that of Midwest Bank and Trust Company-Algonquin. If true, there may be a circuity of liens where the mechanics lien claims are superior to the Bank's claim, the United States claim is superior to the lien claimant's claims and the Bank's claim is superior to the claim of the United States.

15. The persons named as "Other Known Interested Parties" are either owners or mortgagees having interests in various parcels of real estate involved in this litigation. No relief

is sought against any of such parties, and it is acknowledged that their various interests in the real estate have priority over the interests of the other parties to this litigation. Such parties are included solely as necessary parties under 770 ILCS 60/30.

16. There may be other persons interested in this action, including persons who are owners of legal or equitable interests in the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert liens against the real estate under The Illinois Mechanics Lien Act, and any other person against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper *lis pendens* of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.

17. There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; that it is not known and cannot be ascertained whether or not any of the person or persons named in the above and foregoing claim be living or dead and therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; but that the names of any

such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners".

**WHEREFORE**, Plaintiff prays:

a) As authorized by 770 ILCS 60/30, the Court stay all pending proceedings to enforce mechanics liens against said real estate and the Citation Action.

b) That this cause be consolidated into the Foreclosure Suit, and that the Citation Action also be consolidated into the Foreclosure Suit.

c) That all mechanics lien claimants and others claiming an interest in the funds due or to become due from Plaintiff to Ibarra on account of work performed upon the real estate described in this Complaint be required to assert and prove their claims in this proceeding:

d) That the Court find the amount, if any, due and the priority of each party who is asserting a claim or lien in funds due or to become due from Plaintiff to Ibarra as to each individual lot against which a lien has been asserted.

e) That an order be entered in accordance with 770 ILCS 60/30, 735 ILCS 5/2-1402 and other applicable law determining the validity and priority *vis a vis* all liens and interests in the real estate of all liens and interests in the amounts due or to become due from the Plaintiff to Ibarra, and provide for the discharge of such liens:

> i. in the event they are found to be invalid or inferior to other liens that exhaust the amount due from the Plaintiff to Ibarra;
>
> ii. upon payment to them of the amounts found to be due them after all prior liens have been paid.

f) That the Court find the amount, if any, due from Plaintiff to Ibarra as to each individual lot against which no lien has been asserted and determine the person entitled to payment of such amount.

g) That the Court grant such other and further relief as to the Court shall seem meet.

### COUNT II. INTERPLEADER

1. This action is commenced pursuant to 735 ILCS 5/2-409.

2. In January of 2006, Plaintiff was the owner of real estate located in Kendall and Grundy Counties (hereinafter collectively referred to as the "Real Estate")

3. Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such real estate.

4. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

5. Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.

6. Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc., Midwest Bank and Trust Company-Algonquin, McCann Industries, Inc., and the United States of America all claim a right to such funds either as subcontractors asserting mechanics liens, assignees, judgment creditor, secured parties asserting security interests or for taxes due pursuant to liens filed:

    a. Howard B. Samuels as assignee for the benefit of the Ibarra

Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for $301,749.00.

b. Grundy has asserted claims totaling $410,276.97 even though it has issued partial waivers of lien totaling $208,037.47.

c. Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanics lien claims totaling $83,073.51.

d. R & J Construction Supplies (hereinafter called "R & J") asserts claims totaling $ 3,333.16.

e. Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.

f. Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.

g. McCann Industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.

h. The United States of America claims a lien on the amounts due from the Plaintiff to Ibarras Concrete Company (Ibarrra) FEIN 20-1081949 whose address is 2205 Point Blvd Suite 170 Eligin, IL. 60125 for Withholding Taxes and FICA taxes owed to it in the amount of $1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof. The Internal Revenue Office that filed the tax lien is Small Business/Self Employed Division, 230 South

Dearborn Street, Chicago IL. 60604, Insolvency Group 1. Tax liens were filed with the Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva IL 60134 on 11/02/05, 3/21/06 and 5/12/06.

7. These claims exceed $2,372,235.06 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.

8. These claims arise out of the same or a related subject matter because they all assert claims against sums due or to become due from the Plaintiff to Ibarra, and such claims expose the Plaintiff to double and multiple liability.

9. 735 ILCS 5/2-409 provides in part:

> § 2-409. Interpleader. Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.

10. Suit against the United States is authorized by Title 28 U.S.C.A. Section 2410(a) which permits the United States to be sued in an interpleader action, an action in the nature of interpleader, and in an action to foreclose a lien. All such actions are present in this consolidated cause.

Wherefore Plaintiff prays,

1. That all of the Defendants be required to assert in these proceedings all of their claims against Plaintiff arising out of or based upon claims by such Defendants against Ibarra.

2. That the Court adjudicate such claims.

3. That an order be entered determining the amount to which each such party is entitled to receive out funds due or to become due from the Plaintiff to Ibarra, and the priority of each Defendant's claim to such funds.

4. That the Court require release of the claims being asserted in exchange for any payment of the amount found to be due a lien claimant.

5. That the Court discharge all liens that are determined to be invalid or inferior to other claims or interests.

6. That the Court grant such other and further relief as may seem meet.

                HOWARD M. TURNER
                PAUL W. CARROLL
                ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

| | |
|---|---|
| # 2868482 | |
| HOWARD M. TURNER | MICHAEL T. NIGRO |
| PAUL W. CARROLL | NIGRO & WESTFALL, PC |
| GOULD & RATNER LLP | Suite 800, 1793 Bloomingdale Road |
| 222 North LaSalle Street | Glendale Heights IL 60139 |
| Chicago, IL 60601 | (630) 682-9872 |
| 312/236-3003 | |

## AFFIDAVIT PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE

Rhonda Huston, being duly sworn on oath, deposes and states that she is Treasurer, of Lakewood Prairie, LLC, that he is authorized to execute this Verification on its behalf, that she has read the foregoing Amended Complaint and the statements contained therein are true and correct to the best of his knowledge, information and belief, and those statements made on information and belief she believes to be true.

> Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
RHONDA HUSTON

Executed this 27th day of December, 2007

## EXHIBIT A

Lots 3 through 18, both inclusive, 30 through 48, both inclusive, 50 through 70, both inclusive, 86 through 172, both inclusive, and 293 through 457, both inclusive, in Lakewood Prairie Unit 1, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016560, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018275, and recorded May 9, 2006 as document number 200600013671, in Kendall County, Illinois.

Lots 1, 2, 19 through 29, both inclusive, 49, and 71 through 85, both inclusive, in Lakewood Prairie Unit 1A, being a re-subdivision of part of Lakewood Prairie Unit 1, recorded June 14, 2005 as document Number 200500016560, being a subdivision of part of the Northwest Quarter and part of the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat of said Lakewood Prairie Unit 1A, recorded March 14, 2006 as document number 200600007542, in Kendall County, Illinois.

Lots 173 through 292, both inclusive, in Lakewood Prairie Unit 2, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016561, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018276, and recorded May 16, 2006 as document number 200600014542, in Kendall County, Illinois,

**EXHIBIT B**

17



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
230 S. DEARBORN STREET
CHICAGO, ILLINOIS 60604

SMALL BUSINESS/SELF EMPLOYED DIVISION

Date: September 21, 2006

Howard B. Samuels, Assignee
Rally Capital Services, Inc.
350 North LaSalle Street Ste 1100
Chicago, Illinois 60610

Re: ASSIGNMENT FOR THE BENEFIT OF CREDITORS
    Ibarras Concrete Company
    FEIN:  20-1081949

Dear Mr. Samuels:

We are in receipt of your letter regarding the assignment for the benefit of creditors for Ibarras Concrete Company and your appointment as assignee.

You are advised that there is currently due and owing from Ibarras Concrete Company a liability in the sum of $1,469,670.07 due for the tax periods shown on the attached Proof of Claim, Form 4490.

Please submit proceeds of the sale or distribution of assets to satisfy the amount shown on the proof of claim. Remittance should be made payable to the United States Treasury and mailed to this address:

Internal Revenue Service
230 S. Dearborn Stop 5016 VS
Chicago, IL 60604

Your attention is directed to the priority of these taxes and the personal liability provisions of Section 3713 and Section 3713(b) of Title 31 of the United States Code. Any executor, administrator, or other person who fails to pay the claims of the United States in accordance with its priority may become personally liable for this debt under 31 U.S.C Section 3713(b).

If you have any questions, I may be reached at the telephone number shown below.

Yours truly,

Victor Skadauski
Advisor
Insolvency Group 1
Badge # 36-08962

Tel. (312) 566-2844
Fax (312) 566-2826

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 4490**

| | |
|---|---|
| Docket Number | 06-0004 |
| Kind of Proceeding | Assignment |
| Date of Petition | 08/29/2006 |
| Creditor Number | |

In the _____ Court for ILLINOIS

In the Matter of: IBARRAS CONCRETE CO
IBARRAS CONCRETE COMPANY
2205 POLNT BLVD SUITE 170
ELGIN, IL 60123

The undersigned officer of the Internal Revenue Service, a duly authorized agent of the United States in this behalf, being duly sworn, deposes and says that:

1. IBARRAS CONCRETE CO is justly and truly indebted to the United States in the amount of $1,469,670.07 with interest as shown below
2. This debt is for taxes due under the internal revenue laws of the United States as follows:

| Taxpayer ID Number | Kind of Tax | Period | Tax Due | Penalty Due | Interest Due | Date Tax Lien Arose |
|---|---|---|---|---|---|---|
| 20-1081949 | WT-FICA | 06/30/2005 | $159,956.70 | $145,927.93 | $37,746.59 | 01/09/2006 |
| 20-1081949 | WT-FICA | 09/30/2005 | $442,043.43 | $105,243.42 | $37,261.55 | 12/26/2005 |
| 20-1081949 | WT-FICA | 12/31/2005 | $0.00 | $4,606.81 | $462.05 | 04/10/2006 |
| 20-1081949 | WT-FICA | 03/31/2006 | $227,487.12 | $50,984.60 | $9,131.47 | 07/10/2006 |
| 20-1081949 | WT-FICA | 09/30/2006 | $248,818.40 | $0.00 | $0.00 | 1 UNASSESSED-NO RETURN |
| | | | $1,078,305.65 | $306,762.76 | $84,601.66 | |

**Total Amount of Claims:** $1,469,670.07

1 UNASSESSED TAX LIABILITY(IES) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS REQUIRED BY LAW THE CLAIM WILL BE AMENDED.

3. No part of this debt has been paid, and it is now due and payable at the Office of the District Director of Internal Revenue:
4. Except for the statutory tax liens that arose on the above dates, the United States does not hold, to the deponent's knowledge or belief, any security for this debt;
5. No note or other negotiable instrument has been received for this debt or any part of it, nor has any judgment been rendered with respect to this debt; and
6. This debt has priority and must be paid in full in advance of distribution to creditors to the extent provided by law: See 31 U.S.C. Section 3713(a). Any executor, administrator, or other person who fails to pay the claims of the United States in accordance with its priority may become personally liable for this debt under 31 U.S.C. Section 3713(b).

Subscribed and Sworn to Before Me On
Marcie L. Starks
Notary Public, State of Illinois
My Commission Exp. 09/30/2008

Month / Day / Year
September 22, 2006

Signature: _[signed]_
Internal Revenue Service Title: Insolvency Manager
Address: Internal Revenue Service
230 S Dearborn Stop 5016-CHI
Chicago, IL 60604

Page 1 of 1　　Form 4490