```
            IN THE UNITED STATES DISTRICT COURT FOR
               THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

LAKEWOOD PRAIRIE, LLC                          Case No.: 08 C 1200
      Plaintiff,
   V.
                                                          Formerly Case No:
                                                      2007-CH-0389
                                                      Consolidated with:
IBARRA CONCRETE COMPANY,
VULCAN CONSTRUCTION MATERIALS LP                No. 2006 CH 360
d/b/a VULCAN MATERIALS COMPANY,                 No. 2007 L 062
HOWARD B. SAMUELS AS ASSIGNEE FOR THE
BENEFIT OF THE IBARRA CONCRETE                  All Removed from:
COMPANY TRUST, GRUNDY RED-MIX, INC.             The Circuit Court for the
R & J CONSTRUCTION SUPPLIES,                    Sixteenth Judicial Circuit
ILLINOIS BRICK COMPANY                          Kendall County, Illinois
STEEL MASONRY, INC., et al.
      Defendants


VULCAN CONSTRUCTION MATERIALS, LP
d/b/a VULCAN MATERIALS COMPANY
      Plaintiff
   V.

LAKEWOOD PRAIRIE, LLC, ET AL.
      Defendants


VULCAN CONSTRUCTION MATERIALS, LP
d/b/a VULCAN MATERIALS COMPANY
      Plaintiff
   V.

IBARRA CONCRETE CO., and LAKEWOOD
PRAIRIE, LLC,
      Third Party Respondent
      In Citation to Discover
      Assets

```
              MOTION OF VULCAN CONSTRUCTION MATERIALS
                            FOR REMAND
```

Vulcan Construction Materials, LP d/b/a Vulcan Materials Company ("Vulcan"), by its attorneys, Patrick Mazza and Debra A. Thomas, hereby

moves this Court for entry of an order granting Remand of the instant consolidated case upon a determination of the lien rights of the United States in this case, or, in the alternative, an order granting Remand of those two cases in which the United States is not a party, which cases are consolidated with the removed action, *Lakewood Prairie, LLC v. Ibarra Concrete Co., et al.,* originally filed in the Circuit Court for the Sixteenth Judicial Circuit, Kendall County, Illinois, as Case No. 07 CH 389. In support thereof, Vulcan states as follows.

    A.   Illinois Mechanics Lien Law Predominates these Cases.

    1.   The United States of America is named as a party in the General Settlement and Interpleader action (the "General Settlement")based on the existence of certain liens filed by the Internal Revenue Service against Ibarra Concrete Co. The General Settlement was originally filed by Lakewood Prairie, LLC ("Lakewood"). Lakewood, an owner/developer of real estate, retained Ibarra Concrete Co. as a contracter. Ibarra Concrete Co. is no longer in business. Lakewood admits to holding funds due to Ibarra which are subject to the mechanics liens of unpaid subcontractors of Ibarra including movant, Vulcan. The General Settlement was filed in the Circuit Court of Kendall County, Illinois as Case No. 2007 CH 389, pursuant to Section 30 of the Illinois Mechanics Lien Act, §770 ILCS 60/30.

    2.   Section 30 of the Illinois Mechanics Lien Act permits the owner of a premises upon which there are multiple liens, such as Lakewood, to file its complaint in the circuit court of the proper county, namely, the county in which the premises is situated. Upon hearing, the court is directed, pursuant to Section 30, to find the

amount due from the owner to the contractor, and the amount due to each of the persons having liens.

3. Following Lakewood's filing of the General Settlement action, one of the named lien claimants, Grundy Redi-Mix, caused issuance of summons to over 125 individual homeowners whose properties are affected by the Mechanics Lien claims alleged in the General Settlement, and whose properties are all located within Kendall County, Illinois.

4. The United States is thus one of numerous lien claimants who may have a claim to the General Settlement funds held by Lakewood.

5. Because State law predominates the issues raised by Lakewood's General Settlement action, Vulcan submits that this Court, in its discretion, may remand this case to Kendall County after determining: (a) whether the United States has valid lien claims to either the General Settlement fund or to the properties of the numerous individual homeowners who have been joined in the General Settlement; and (b) whether the liens rights of the United States have priority over all other lien claimants joined in the General Settlement.

B. Vulcan's Nonremovable Claims Should Be Remanded

6. The General Settlement has been consolidated with Vulcan's Mechanics Lien claims, originally filed as 06 CH 360, and with Vulcan's Citation to Discover Assets of Ibarra Concrete Co., originally filed as 07 L 62, both filed in the Circuit Court of Kendall County. Thus, all three cases have been consolidated by the Kendall County Clerk of Court as Case No. 07 CH 389.

7. The United States filed its Notice of Removal of Case No. 07 CH 389 on February 28, 2008, pursuant to the provisions of

28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1444. As a result of the removal of this consolidated case, Vulcan's Mechanics Lien action and Vulcan's Citation proceedings have been removed along with the General Settlement action.

8. The United States is not a party to either Vulcan's Mechanic's Lien action or Vulcan's Citation to Discover Assets. Therefore, removal of these actions is not contemplated by any provision of the U.S. Code relied upon by the United States in its Notice of Removal.

9. It is within this Court's discretion, pursuant to 28 U.S.C. § 1441(c), to remand Vulcan's Mechanics Lien action and Citation to Discover Assets. Vulcan submits that because State law predominates these actions, remand is appropriate at the present time.

## C. Effect of Removal

10. The effect of removal of these consolidated cases to the Northern District of Illinois is to burden the Court with what is fundamentally a case falling squarely within the Illinois Mechanics Lien Act. As such, the presiding court is charged with the duty of hearing all evidence on perfection of Mechanics Lien claims by the various Mechanics Lien claimants, as well as evidence on the amount of the General Settlement fund. On this latter point, the evidence will involve whether Lakewood legitimately has charged back sums to Ibarra Concrete for defective work from the sum invoiced by Ibarra to Lakewood. Once the liens are fixed, and the amount due Ibarra established, the presiding court must prioritize the claims of the various claims, including, in this case, the claims of Midwest Bank, a creditor of Ibarra who alleges

to have an assignment of Ibarra's rights against Lakewood, and to have acquired said assignment at a UCC sale.  The Ibarra case is further complicated by the fact of an Assignment for the Benefit of Creditors made by Ibarra.

And, assuming the funds held by Lakewood are insufficient to satisfy the liens, there may well be foreclosure proceedings initiated by lien claimants against the homeowners who have been joined in the General Settlement.  The homeowners, in turn, will seek to be indemnified by their title companies or by Lakewood.

In sum, this is a complex, State law-dominated case which would be better served in a venue where these matters are routinely dealt with. The interests of efficiency are best served by remand of these consolidated immediately upon rulings which impact the United States; or by immediate remand of the two state court actions initiated by Vulcan and in which the United States is not a party.

### *Conclusion*

WHEREFORE, Vulcan Construction Materials respectfully requests the entry of an Order: setting a hearing for the purpose of determining the the lien rights of the United States in this case, with Remand to the Circuit Court of Kendall County following said determination;  or, in the alternative,  granting Remand of those two cases in which the United States is not a party, namely those cases originally filed as 07 L 62 and 06 CH 360, which cases are consolidated with the removed action styled as *Lakewood Prairie, LLC v. Ibarra Concrete Co.,* et al., originally filed

5

in the Circuit Court for the Sixteenth Judicial Circuit, Kendall County, Illinois, as Case No. 07 CH 389.

                                  Respectfully submitted,

                                  _____
                                  One of the Attorn    for Vulcan
                                  Construction Materials, LLP

Patrick Mazza
Debra A. Thomas
PATRICK MAZZA & ASSOCIATES
Attorneys for Vulcan Construction Materials, LLP
290 South Main Place, Suite 101
Carol Stream IL 60188-2476
630-933-9200