IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 1200 |
| ) | |
| IBARRA CONCRETE COMPANY, ET AL., ) | |
| ) | |
| Defendants. ) | |

**Motion For Remand**

Midwest Bank and Trust, as assignee of Ibarra Concrete Company, ("Movant"), by its attorneys Murray, Jensen & Wilson, Ltd., move the Court for the entry of an order remanding this cause to the Circuit Court of Kendall County. In support of the motion, Movant states as follows:

**Introduction**

The Plaintiff filed an interpleader and general settlement action in the Circuit Court of Kendall County. The essence of that action is that the Plaintiff has a finite amount of money, however there are completing claims to those funds which exceed the amount of available money. The action was removed to because the United States was named as a party. The United States was named because the Internal Revenue Service recorded liens against Ibarra Concrete Company ("Ibarra").

Ibarra had performed work for the Plaintiff and there is an account balance due to Ibarra Concrete Company. Ibarra discontinued doing business and, eventually a series of lien claimants recorded claims against Lakewood Prairie, LLC based upon the assertion that Ibarra had failed to pay them the amounts due pursuant to their contracts with Ibarra. Because there was an account

balance due to Ibarra, that account balance is, arguably, subject to the properly perfected lien claims of Ibarra's subcontractors. 770 ILCS 60/1, *et. seq.* In addition, the Internal Revenue Service ("IRS"), by virtue of its lien, may have had a claim to any funds due to Ibarra.

Despite the foregoing, this cause is not properly before this Court because the Internal Revenue Service is not a proper party to the litigation and the removal to Federal District Court was premised upon the fact that the United States is a party.

**Argument**

Midwest Bank and Trust Company ("Midwest") is a secured creditor of Ibarra. Ibarra borrowed money from Midwest and Midwest took a security interest in the assets of Ibarra, including by nor limited to Ibarra's accounts. True and correct copies of the security agreements are attached hereto as Exhibit A. In conjunction with certain of those transactions, and as a precondition for making the loans, the IRS executed subordination agreements placing the security interest of Midwest ahead of the claims of the IRS. Copies of these agreements are attached hereto as Exhibit B.

When Ibarra ceased doing business, a UCC sale was conducted and Midwest purchased the accounts of Ibarra. See letter from Midwest's counsel, attached as Exhibit C and the affidavit of David Peck, previously filed in other litigation, attached as Exhibit D.

Upon the purchase of the accounts of Ibarra, Midwest became the owner of those accounts. While such accounts would potentially be subject to the properly perfected lien claims of subcontractors of Ibarra, the accounts would not be subject to the lien of the IRS due to the prior subordination agreements.

While the inclusion of the United States as a party was proper based upon the apparent claims and liens contained in the public record, the IRS does not, in fact, have a claim to the

funds at issue and is not a proper party or a party with an actual interest and, accordingly, the cause should not have been removed.

**WHEREFORE**, the Movant, Midwest Bank and Trust Company, respectfully prays for the entry of an order remanding this cause to the Circuit Court of Kendall County.

DATED this 26th day of March, 2008.

        Murray, Jensen & Wilson, Ltd.

        /s/ Donald N. Wilson
           Donald N. Wilson
           Murray, Jensen & Wilson, Ltd.
           101 N. Wacker Drive, Suite 101
           Chicago, IL 60606

           Attorney for Defendant Midwest Bank and Trust Company.

## CERTIFICATE OF SERVICE

I CERTIFY that service of the foregoing **Motion For Remand**, which has been filed through the Electronic Case Filing (ECF) system, on this 26th day of March, 2008, has been served by electronic means on those parties registered for ECF, and upon the following by depositing a copy in the United States mail, postage prepaid on or before 5:00 p.m. March 26, 2008.

| | | |
|---|---|---|
| Howard M. Turner<br>Paul W. Carroll<br>Gould & Ratner, LLP<br>222 N. LaSalle Street<br>Chicago, IL 60601<br>Counsel for Lakewood Prairie, LLC | Ibarra Concrete Company<br>c/o Alberto Ibarra<br>3403 Green Pastures Road<br>Carpentersville, IL 60111 | Patrick Mazza & Associates<br>290 S. Main Place #101<br>Carol Stream, IL 60188-2476<br>Counsel for Vulcan Const. Materials |
| Howard B. Samuels<br>c/o Rally Captial LLC<br>350 N. LaSalle Street, Suite 1100<br>Chicago, IL 60601 | John V. Hanson<br>Hanson and Hanson<br>11802 N. Division St.<br>Suite 304<br>Morris, IL 60450-0825<br>Counsel for Grundy Red-Mix, Inc. | R&J Construction Supplies<br>30 W. 180 Butterfield Rd.<br>Warrenville, IL 60555 |
| McCann Industries, Inc.<br>543 S. Rohlwing Rd.<br>Addison, IL 60101 | Illinois Brick Company<br>7601 W. 79th Street<br>Bridgeview, IL 60455 | Steel Masonry, Inc.<br>c/o Robert J. Hennessy<br>11800 S. 75th Ave. 101<br>Palos Heights, IL 60463 |
| Raagnee Beri<br>United States Dept. of Justice<br>Tax Division<br>P. O. Box 55, Ben Franklin Station<br>Washington, DC 20044 | AUSA<br>United States Attorney's<br>Office (NDIL)<br>219 S. Dearborn Street<br>Suite 500<br>Chicago, IL 60604 | John S. Mrowiec<br>Michael William Kelly<br>Conway & Mrowiec<br>20 S. Clark Street, Suite 750<br>Chicago, IL 60603 |

/s/ Donald N. Wilson
Donald N. Wilson
Attorney for Defendant Midwest Bank and Trust Company
MURRAY, JENSEN & WILSON, LTD.
101 N. WACKER DRIVE, SUITE 101
CHICAGO, IL 60606
(312) 263-5432
ARDC# 6206000

## PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $1,050,000.00 | 12-02-2005 | 12-02-2010 | 8005834 | 400 / 030 | | 777 | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

Borrower:  Ibarras' Concrete Co.
2205 Point Blvd, Ste. 170
Elgin, IL  60123

Lender:  MIDWEST BANK OF MCHENRY COUNTY
Algonquin Banking Center
2045 East Algonquin Road
Algonquin, IL  60102

Principal Amount: $1,050,000.00        Interest Rate: 6.500%        Date of Note: December 2, 2005

PROMISE TO PAY. Ibarras' Concrete Co. ("Borrower") promises to pay to MIDWEST BANK OF MCHENRY COUNTY ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Million Fifty Thousand & 00/100 Dollars ($1,050,000.00), together with interest at the rate of 6.500% per annum on the unpaid principal balance from December 2, 2005, until paid in full.

PAYMENT. Borrower will pay this loan in 60 payments of $20,590.05 each payment. Borrower's first payment is due January 2, 2006, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on December 2, 2010, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied to Interest, Principal, Escrow, Late Charges and Miscellaneous Fees.. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

PREPAYMENT PENALTY. Upon prepayment of this Note, Lender is entitled to the following prepayment penalty:  A prepayment fee (in an amount described below) shall be immediately due and payable in the event:(a) that Borrower voluntarily prepays any portion of Note with allowance for 10% of outstanding loan balance to be repaid on a per annum basis; (b) that Borrower involuntarily prepays the Note or Indebtedness evidenced hereby as a result of any exercise or enforcement by Lender of any right or remedy provided for hereunder or otherwise available to Lender, including, without limitation, acceleration (whether in whole or in part) of the Note or Indebtedness, application of insurance proceeds or condemnation awards, or commencement of foreclosure proceedings (or acceptance of a deed in lieu thereof); or(c) of any voluntary or involuntary sale, conveyance, assignment, mortgage, hypothecation, or transfer (including, without limitation, transfer in lieu of foreclosure) of any portion of, or right in or to, the Real Property securing Note or Indebtedness. The Prepayment Fee shall be equal to: 3.00% of the aggregate outstanding amount of the Note or Indebtedness (on the date of the relevant event described in (a), (b) or (c) above) if such event occurs anytime during the first year of the Note or Indebtedness term, 2.00% of the aggregate outstanding amount of the Note or Indebtedness (on the date of the relevant event described in (a), (b) or (c) above) if such event occurs anytime during the second year of the Note or Indebtedness term, and 1.00% of the aggregate outstanding amount of the Note or Indebtedness (on the date of the relevant event described in (a), (b) or (c) above) if such event occurs anytime during the third year of the Note or Indebtedness term. The Borrower will not incur a prepayment penalty if the aggregate balance of the Note or Indebtedness is repaid within Ninety (90) days prior to the maturity date disclosed on the Promissory Note. The Borrower and Lender agree that the Prepayment Fee is a material term of this transaction and is necessary to prevent Lender from suffering an actual loss by reason of the Borrower(s) prepayment and, but for the Lender having the right to demand and collect the Prepayment Fee, the Lender would not have entered into this transaction. The Borrower(s) and Lender further acknowledge and agree that the forgoing Prepayment Fee is reasonable in as much as that, as of the date hereof, the date of the prepayment and the rate of return available to the Lender as of such date are incapable of estimation, and that such Prepayment Fee has been agreed to by the Borrower(s) and Lender in lieu of such calculation. "  .  Except for the foregoing, Borrower may pay all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to:  MIDWEST BANK AND TRUST COMPANY , Attention: Loan Operations Department, 501 WEST NORTH AVENUE MELROSE PARK, IL  60160-1603.

LATE CHARGE. If a payment is 10 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater.

INTEREST AFTER DEFAULT. Upon default, including failure to pay upon final maturity, Lender, at its option, may, if permitted under applicable law, increase the interest rate on this Note 4.000 percentage points. The interest rate will not exceed the maximum rate permitted by applicable law.

DEFAULT. Each of the following shall constitute an event of default ("Event of Default") under this Note:

Payment Default. Borrower fails to make any payment when due under this Note.

Other Defaults. Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

Default in Favor of Third Parties. Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

False Statements. Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

Insolvency. The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

Creditor or Forfeiture Proceedings. Commencement of foreclosure or forfeiture proceedings, whether by j[udicial] repossession or any other method, by any creditor of Borrower or by any governmental agency against any [...] This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. Howeve[r...] not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which i[s...]


EXHIBIT A



Sandy Wegman
Kane County Recorder
719 S Batavia Ave, Bldg C
Geneva, IL 60134
630-232-5935



2006K099852

2006K099852
SANDY WEGMAN
RECORDER - KANE COUNTY, IL

RECORDED: 09/13/2006  11:01AM
REC FEE: 25.00   RHSPS FEE:
PAGES: 2

## Recording Cover Page

This page added for the purpose of affixing Recording Information.

☐ Deed _____

☑ Other  Certificate of Subordination of Federal Tax Lien

☐ UCC

☐ Plat

Remarks  Bruce Dopke
PO  PO Box 681246
85  Schaumburg IL 60168-1246

EXHIBIT
13

| Form 669-D (Rev. August 2005) | Department of the Treasury – Internal Revenue Service<br>**Certificate of Subordination of Federal Tax Lien**<br>(Sec. 6325(d)(1) and/or Sec. 6325(d)(2) of the Internal Revenue Code) |
|---|---|

**IBARRAS CONCRETE CO** Of <u>2205 POINT BLVD. STE 170</u>, City of <u>ELGIN</u>, COUNTY of <u>KANE</u>, State of <u>ILLINOIS</u>, is indebted to the United States for unpaid internal revenue tax in the sum of <u>**ONE MILLION, FIFTY NINE HUNDRED THOUSAND, TWELVE Dollars and 00/100 ($1,059,012.15)**</u> as evidenced by:

| Notice of Federal Tax Lien Serial Number (a) | Recording Information (b) | Date Recorded (c) | Taxpayer Identification Number (d) | Amount Shown on Lien (e) |
|---|---|---|---|---|
| 278633206 | 2006K029856 | 03/21/2006 | 20-1081949 | $1,021,000.34 |
| 288822806 | 2006K051378 | 05/12/2006 | 20-1081949 | $38,011.81 |
| 288822906 | 226157 | 05/15/2006 | 20-1081949 | $38,011.81 |
| 278633306 | 218758 | 03/21/2006 | 20-1081949 | $1,021,000.34 |

A lien attaching to all the property of the taxpayer was filed to secure the amount owed. The notice of lien was filed with the <u>**RECORDER OF DEEDS**</u>, for the <u>**COUNTY OF KANE**</u>, and the <u>**SECRETARY OF STATE**</u> and in accordance with the applicable provisions of law.

The lien listed above is attached to certain property described as:

**ALL INVENTORY, CHATTEL PAPER, ACCOUNTS, EQUIPMENT AND GENERAL INTANGIBLES, ETC**

**THIS CERTIFICATE OF SUBORDINATION WILL EXPIRE IN A YEAR, HOWEVER, BUT CAN BE RENEWED.**

Under provisions of Internal Revenue code section 6325(d)(1) and/or section 6325(d)(2), the Internal Revenue Service subordinates the lien on the property described above to **(MIDWEST BANK AND TRUST COMPANY)**. However, the lien remains in effect for all other property, or rights to property, to which the lien is attached.

| Signature | Title<br>DAVID JACOBY<br>SB/SE: TECHNICAL SERVICES MANAGER | Date<br>AUGUST 29, 2006 |
|---|---|---|

(Note: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Discharge of Federal Tax Lien. Rev. Rul. 71-466, 1971-2, C.B. 409.)

Catalog No. 16754J                                                                  Form 669-D (Rev. 8-2005)

2006K099853

**Sandy Wegman**
**Kane County Recorder**
719 S Batavia Ave, Bldg C
Geneva, IL 60134
630-232-5935

2006K099853

SANDY WEGMAN
RECORDER - KANE COUNTY, IL
RECORDED: 09/13/2006   11:01AM
REC FEE: 25.00   RHSPS FEE:
PAGES: 2

## Recording Cover Page

This page added for the purpose of affixing Recording Information.

☐ **Deed** _____

☑ **Other** _Certificate of Subordination of Federal Tax Lien_

☐ **UCC**

☐ **Plat**

Remarks _Bruce Doyle_
_pd PO Box 681246_
_25 Schaumburg IL 60168-1246_

| Form 669-D (Rev. August 2005) | *(Use this space for continued description of property)* |
|---|---|
| | Department of the Treasury – Internal Revenue Service **Certificate of Subordination of Federal Tax Lien** *(Sec. 6325(d)(1) and/or Sec. 6325(d)(2) of the Internal Revenue Code)* |

IBARRAS CONCRETE CO Of 2205 POINT BLVD. STE 170, City of ELGIN, COUNTY of KANE, State of ILLINOIS, is indebted to the United States for unpaid internal revenue tax in the sum of ONE MILLION, FIFTY NINE HUNDRED THOUSAND, TWELVE Dollars and 00/100 ($1,059,012.15) as evidenced by:

| Notice of Federal Tax Lien Serial Number (a) | Recording Information (b) | Date Recorded (c) | Taxpayer Identification Number (d) | Amount Shown on Lien (e) |
|---|---|---|---|---|
| 288822906 | 226157 | 05/15/2006 | 20-1081949 | $38,011.81 |

A lien attaching to all the property of the taxpayer was filed to secure the amount owed. The notice of lien was filed with the **RECORDER OF DEEDS**, for the **COUNTY OF KANE**, and the **SECRETARY OF STATE** and in accordance with the applicable provisions of law.

The lien listed above is attached to certain property described as:

**ALL INVENTORY, CHATTEL PAPER, ACCOUNTS, EQUIPMENT AND GENERAL INTANGIBLES, ETC**

**THIS CERTIFICATE OF SUBORDINATION WILL EXPIRE IN A YEAR, HOWEVER, BUT CAN BE RENEWED.**

Under provisions of Internal Revenue code section 6325(d)(1) and/or section 6325(d)(2), the Internal Revenue Service subordinates the lien on the property described above to **(MIDWEST BANK AND TRUST COMPANY)**. However, the lien remains in effect for all other property, or rights to property, to which the lien is attached.

| Signature | Title DAVID JACOBY SB/SE: TECHNICAL SERVICES MANAGER | Date AUGUST 29, 2006 |
|---|---|---|

(Note: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Discharge of Federal Tax Lien. Rev. Rul. 71-466, 1971-2, C.B. 409.)

Catalog No. 16754J                                                         Form 669-D (Rev. 8-2005)



2006K099854

**Sandy Wegman**
**Kane County Recorder**
719 S Batavia Ave, Bldg C
Geneva, IL 60134
630-232-5935

2006K099854

SANDY WEGMAN
RECORDER - KANE COUNTY, IL
RECORDED: 09/13/2006  11:01AM
REC FEE: 25.00   RHSPS FEE:
PAGES: 2

## Recording Cover Page

This page added for the purpose of affixing Recording Information.

☐ **Deed** _____

☑ **Other** _Certificate of Subordination of Federal Tax Lien_

☐ **UCC**

☐ **Plat**

Remarks _Bruce Dopke_
pd PO Box 681246
25 Schaumburg IL 60168-1246

| Form 669-D (Rev. August 2005) | Department of the Treasury – Internal Revenue Service<br>**Certificate of Subordination of Federal Tax Lien**<br>(Sec. 6325(d)(1) and/or Sec. 6325(d)(2) of the Internal Revenue Code) |
|---|---|

(Use this space for continued description of property)

**IBARRAS CONCRETE CO** Of **2205 POINT BLVD. STE 170**, City of **ELGIN**, **COUNTY** of **KANE**, State of **ILLINOIS**, is indebted to the United States for unpaid internal revenue tax in the sum of **ONE MILLION, FIFTY NINE HUNDRED THOUSAND, TWELVE Dollars and 00/100 ($1,059,012.15)** as evidenced by:

| Notice of Federal Tax Lien Serial Number (a) | Recording Information (b) | Date Recorded (c) | Taxpayer Identification Number (d) | Amount Shown on Lien (e) |
|---|---|---|---|---|
| 278633306 | 218758 | 03/21/2006 | 20-1081949 | $1,021,000.34 |

A lien attaching to all the property of the taxpayer was filed to secure the amount owed. The notice of lien was filed with the **RECORDER OF DEEDS**, for the **COUNTY OF KANE**, and the **SECRETARY OF STATE** and in accordance with the applicable provisions of law.

The lien listed above is attached to certain property described as:

**ALL INVENTORY, CHATTEL PAPER, ACCOUNTS, EQUIPMENT AND GENERAL INTANGIBLES, ETC**

**THIS CERTIFICATE OF SUBORDINATION WILL EXPIRE IN A YEAR, HOWEVER, BUT CAN BE RENEWED.**

Under provisions of Internal Revenue code section 6325(d)(1) and/or section 6325(d)(2), the Internal Revenue Service subordinates the lien on the property described above to **(MIDWEST BANK AND TRUST COMPANY)**. However, the lien remains in effect for all other property, or rights to property, to which the lien is attached.

| Signature | Title<br>DAVID JACOBY<br>SB/SE: TECHNICAL SERVICES MANAGER | Date<br>AUGUST 29, 2006 |
|---|---|---|

(Note: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Discharge of Federal Tax Lien. Rev. Rul. 71-466, 1971-2, C.B. 409.)

Catalog No. 16754J

Form 669-D (Rev. 8-2005)



**BRUCE DOPKE**
Attorney At Law
P.O. Box 681246
Schaumburg, Illinois 60168-1246
Telephone: 847 524-4811
Facsimile: 847 524-4131
*email: bruce@dopkelaw.com*

October 31, 2006

To: Parties on the Attached Service List

Re: Ibarra Concrete Co. ("Ibarra")
Notice and Report of Sale

Ladies and Gentlemen:

As you may know, we represent Midwest Bank (the "Bank"). On October 6, 2006, we sent you notification that the Bank intended to exercise its rights under the Uniform Commercial Code to sell certain intangible assets of Ibarra at a public sale, including without limitation the following described assets:

accounts, general intangibles (including choses in action and interests in pending lawsuits), investment property, chattel paper, contract rights and other intangible personal property.

Pursuant to the notice, and a series of advertisements which were placed in the *Fox Valley Labor News* on October 19 and 26, 2006, the sale was conducted in the offices of Rally Capital, LLC, 350 N. LaSalle Drive, Suite 1100, Chicago, IL 60610. The sale was commenced at approximately 2:00 p.m. No bidders, other than the Bank, attended the sale. As permitted by the advertised terms of sale, the Bank credit bid Eight Hundred Ten Thousand Dollars ($810,000.00) to acquire the intangible assets described above. No higher bids for the assets were received. The sale of those assets is now final.

The proceeds of the credit bid will be applied by the Bank in accordance with the terms of its agreements with Ibarra, and specifically, to the Bank's incurred costs and expenses of collection, and then to interest and fees payable by Ibarra to the Bank, and then to principal.

Please contact us if you have any questions concerning the sale or this notification.

Sincerely,

Bruce Dopke

EXHIBIT
C

UNITED STATES OF AMERICA
IN THE CIRCUIT COURT OF EIGHTEENTH JUDICIAL CIRCUIT
STATE OF ILLINOIS, COUNTY OF DUPAGE

| | |
|---|---|
| Vulcan Construction Materials, LP, d/b/a Vulcan Materials Company,<br><br>           Plaintiff,<br><br>vs.<br><br>Ibarra Concrete Company,<br>           Defendant. | Case No. 2006L 001108 |

### AFFIDAVIT

Affiant, David C. Peck, upon being duly sworn under oath, deposes and states as follows:

1. I am an adult over the age of 18 and am competent to testify as to the following statements.

2. My title is Senior Vice President and Manager for Loan Review, for Midwest Bank and Trust Company.

3. Midwest Bank and Trust Company purchased the accounts receivable of Ibarra Concrete at a Uniform Commercial Code sale.

4. Pursuant to the Promissory Note and Commercial Security Agreement dated December 2, 2005 and the subsequent Promissory Note and Commercial Security Agreement date March 30, 2006, Midwest had a security interest in all of the accounts receivable of Ibarra. True and correct copies of these documents, which were maintained in the ordinary course of business of Midwest Bank and Trust Company, are attached to Midwest Bank and Trust Company's Response to Motion for Turnover as Exhibits A and B respectively.

5. Those security interests were perfected by the filing of a UCC Financing Statement and a Financing Statement Amendment on June 6, 2006. Thereafter, a public sale was conducted to sell certain assets, including, but not limited to the accounts of Ibarra. That sale was conducted, as set forth in a written notice of sale, and Midwest was the successful bidder for the accounts receivable at that sale and thereafter and now owns those accounts, and ̃ thereon. This includes, but is not limited to all amounts due and owing from Ki̲

EXHIBIT D

Homes, Inc. and Pasquinelli Homes, LLC. True and correct copies of these documents, which were maintained in the ordinary course of business of Midwest Bank and Trust Company, are attached to Midwest Bank and Trust Company's Response to Motion for Turnover as Exhibits C and D respectively.

Affiant further sayeth naught.

_____
David C. Peck

Subscribed and sworn to before me
this _1st_ day of _August_, 2007.

_____
Notary Public

"OFFICIAL SEAL"
Linda D. Lanza
Notary Public, State of Illinois
My Commission Expires Sept. 6, 2008

Donald N. Wilson
Murray, Jensen & Wilson, Ltd.
101 North Wacker Drive, Suite 101
Chicago, IL 60606
Ph: 312.263.5432
Attorney #187009