## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAKEWOOD PRAIRIE, LLC, | ) | |
| | ) | Case No. 1:08-cv-1200 |
| Plaintiff, | ) | |
| v. | ) | |
| IBARRA CONCRETE CO., et al., | ) | Hon. Suzanne B. Conlon |
| | ) | |
| Defendant. | ) | Magistrate Judge: Jeffrey Cole |

### DEFENDANT UNITED STATES' ANSWER

NOW COMES the defendant United States of America, through its attorney, and

responds to the separately-numbered paragraphs of the Plaintiff's Complaint (single-spaced in

italics) as follows:

### COUNT I GENERAL SETTLEMENT

*1.    In January of 2006, Plaintiff was the owner of the real estate legally described on
Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively
referred to as the "Subdivisions").*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 1.

*2.    Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform
concrete work for the construction of improvements on various individual lots in such
Subdivisions.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 2.

*3.    Thereafter Ibarra commenced work.  However, Ibarra abandoned its work before
it was completed leaving substantial portions incomplete and having in some cases performed
defective work that had to be completed by Plaintiff.*

3162050.11

**ANSWER:**     The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.     *Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc. (hereinafter called "Grundy") as to various individual lots in the Subdivisions.  Such sworn statements only listed Grundy as a supplier of material and state under oath that Grundy was Ibarra's only supplier.*

**ANSWER:**     The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.     *Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.*

**ANSWER:**     The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.     *In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.*

**ANSWER:**     The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.     *Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisions filed as follows:*

a)     *Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.*

b)     *Grundy has filed liens totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.*

c)     *Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against 57 lots totaling $83,073.51.*

d)     *R & J Construction Supplies (hereinafter called "R&J") have filed liens against 15 lots totaling $3,333.16.*

3162050.11

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.    *The United States of America claims a lien on the amounts due from the Plaintiff to Ibarras Concrete Company (Ibarra) FEIN 20-1081949 whose address is 2205 Polnt Blvd Suite 170 Eligin, IL 60125 for Withholding Taxes and FICA taxes owed to it in the amount of $1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof.  The Internal Revenue Office that filed the tax lien is Small Business/Self Employed Division, 230 South Dearborn Street, Chicago IL 60604, Insolvency Group 1.  Tax liens were filed with the Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva IL 60134 on 11/02/05, 3/21/06 and 5/12/06.*

**ANSWER:**    The United States admits that it has federal tax liens against Ibarras Concrete Company, FEIN 20-1081949, whose address is 2205 Polnt Blvd, Suite 170, Elgin, IL 60123; admits that Exhibit B reflects Ibarras Concrete Company's debt to the United States for Withholding and FICA taxes, and indicates a lien amount of $1,459,670.07; avers that the lien amount reflected in Exhibit B was as of August 29, 2006 and includes the tax periods ending 6/30/2005, 9/30/2005, 12/31/2005, 5/31/2006, and 9/30/2006 only; avers that Exhibit B is a Proof of Claim for Internal Revenue Taxes prepared on September 22, 2006 by an Insolvency Manager with the Internal Revenue Service office located at 230 South Dearborn Street, Chicago, IL 60604.  The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9.    *Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10.    *McCann Industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.    *Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Lakewood Prairie, LLC et. al. No. 2006 CH 0360 (the "Foreclosure Suit").*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.    *In addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86.  Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number No 2007 L 062 (the "Citation Action") now pending in this Court.*

**ANSWER:**    Denies that *Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company*, cause number No 2007 L 062 is "now pending in this Court," and avers that the United States removed the present cause from the Kendall County Circuit Court and therefore the present cause is no longer pending in the same court as *Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company*, which upon information and belief remains pending in the Kendall County Circuit Court.  The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13.    *Plaintiff is informed and believes and therefore states the fact to be that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics lien filed by Vulcan, Grundy and R & J are inferior to the common law rights of the Trust.*

**ANSWER:**    The United States admits that Ibarra made an assignment for the benefit of creditors, but currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.

3162050.11

14.    *There are insufficient amounts due or to become due from the Plaintiff to Ibarra to pay all liens and claims under such mechanics liens recorded because:*

    a)    *The total amount that Plaintiff's books show that it owes Ibarra $289,479.34 for work on lots against which R & J, Grundy, Vulcan or the Trust have filed liens.*

    b)    *The total amount of liens filed by R & J, Grundy, Vulcan and Ibarra is $798,432.64.*

    c)    *Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R & J, Grundy and the Trust.*

    d)    *The claim of the Assignee for the benefit of creditors of Ibarra may be superior to one or more of the recorded mechanics liens and the judgment lien arising by virtue of the service of the citation.*

    e)    *The claims of The United States of America, Midwest Bank and Trust Company-Algonquin, McCann Industries, Inc may be superior to the claims for lien and Vulcan's judgment.*

    f)    *In addition, Plaintiff has been informed that the United States of America has subordinated its claim to that of Midwest Bank and Trust Company-Algonquin.  If true, there may be a circuity of liens where the mechanics lien claims are superior to the Bank's claim, the United States claim is superior to the lien claimant's claims and the Bank's claim is superior to the claim of the United States.*

**ANSWER:**    The United States admits that the claims of the United States may be superior, but currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.    *The persons named as "Other Known Interested Parties" are either owners or mortgagees having interests in various parcels of real estate involved in this litigation.  No relief is sought against any of such parties, and it is acknowledged that their various interests in the real estate have priority over the interests of the other parties to this litigation.  Such parties are included solely as necessary parties under 770 ILCS 60/30.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.    *There may be other persons interested in this action, including persons who are owners of legal or equitable interests in the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert lien against the real estate under The Illinois Mechanics Lien Act, and any other person against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper lis pendens of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 16.

17.    *There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinafter described, or some part or parts thereof; that it is not known and cannot be ascertained whether or not any of the person or persons named in the above and foregoing claim be living or dead and therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; but that the names of any such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners".*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 17.

## COUNT II.  INTERPLEADER

1.    This action is commenced pursuant to 735 ILCS 5/2-409.

**ANSWER:**    Admits the allegations in Paragraph 1.

2.    *In January of 2006, Plaintiff was the owner of real estate located in Kendall and Grundy Counties (hereinafter collectively referred to as the "Real Estate")*

3162050.11

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.        *Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such real estate.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.        *Thereafter Ibarra commenced work. However, Ibarra abandoned it works before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.        *Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.*

**ANSWER:**    The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.        *Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc., R & J Construction Supplies, Illinois Brick Company, Steel Masonry Inc., Midwest Bank and Trust Company-Algonquin, McCann Industries, Inc., and the United States of America all claim a right to such funds either as subcontractors asserting mechanics liens, assignees, judgment creditor, secured parties asserting security interests or for tax due pursuant to liens filed:*

    a.        *Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for $301,749.00.*

    b.        *Grundy has asserted claims totaling $410,276.97 even though it has issued partial waivers of lien totaling $208,037.47.*

3162050.11

    c.       *Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanics lien claims totaling $83,073.51.*

    d.       *R & J Construction Supplies (hereinafter called "R & J) asserts claims totaling $3,333.16.*

    e.       *Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.*

    f.       *Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.*

    g.       *McCann Industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.*

    h.       *The United States of America claims a lien on the amounts due from the Plaintiff to Ibarras Concrete Company (Ibarra) FEIN 20-1081949 whose address is 2205 Point Blvd Suite 170 Elgin, IL. 60125 for Withholding Taxes and FICA taxes owed to it in the amount of $1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof. The Internal Revenue Office that filed the tax lien is Small Business/ Self Employed Division, 230 South Dearborn Street, Chicago IL. 60604, Insolvency Group 1. Tax liens were filed with the Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva IL 60134 on 11/02/05, 3/21/06 and 5/12/06.*

    **ANSWER:**      As to subpart "h" of the Paragraph 6, the United States admits that the United States has federal tax liens against Ibarras Concrete Company, FEIN 20-1081949, whose address is 2205 Polnt Blvd, Suite 170, Elgin, IL 60123; admits that Exhibit B reflects Ibarras Concrete Company's debt to the United States for Withholding and FICA taxes, and indicates a lien amount of $1,459,670.07; avers that the lien amount reflected in Exhibit B was as of August 29, 2006 and includes the tax periods ending 6/30/2005, 9/30/2005, 12/31/2005, 5/31/2006, and 9/30/2006 only; avers that Exhibit B is a Proof of Claim for Internal Revenue Taxes prepared on September 22, 2006 by an Insolvency Manager with the Internal Revenue Service office located

at 230 South Dearborn Street, Chicago, IL 60604.  The United States currently lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 6.

> 7.    *These claims exceed $2,372,235.06 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.*

**<u>ANSWER:</u>**    The United States currently lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 7.

> 8.    *These claims arise out of the same or a related subject matter because they all assert claims against sums due or to become due from the Plaintiff to Ibarra, and such claims expose the Plaintiff to double and multiple liability.*

**<u>ANSWER:</u>**    The United States currently lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 8.

> 9.    *735 ILCS 5/2-409 provides in part:*

> *§ 2-409, Interpleader.  Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.*

**ANSWER:**    Admits the allegations in Paragraph 9.

> 10.    *Suit against the United States is authorized by Title 28 U.S.C. Section 2410(a) which permits the United states to be sued in an interpleader action, an action in the nature of interpleader, and in an action to foreclose a lien.  All such actions are present in this consolidated cause.*

**<u>ANSWER:</u>**    Admits the allegations in the first sentence of Paragraph 10, and denies the

allegations in the second sentence of Paragraph 10 for the lack of knowledge or information

sufficient to form a belief as to the truth of those allegations.

WHEREFORE, the United States requests that the Court determine the priority of each party's interest in the funds due from Plaintiff to Ibarras Concrete Company.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

JOEL R. NATHAN
Assistant United States Attorney

/s/ *Raagnee Beri*
RAAGNEE BERI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
(202) 305-7917
E-mail: Raagnee.Beri@usdoj.gov

## CERTIFICATE OF SERVICE

I CERTIFY that service of the foregoing UNITED STATES' ANSWER has this 28th day of March, 2008 been filed using the Clerk's ECF Filing System.  Notice of this filing will be sent by e-mail upon the following:

| | |
|---|---|
| Donald Wilson | Michael William Kelly |
| Murray, Jensen &  Wilson | Conway & Mrowiec |
| 101 N. Wacker Drive, Suite 101 | 20 South Clark Street |
| Chicago, IL  60606 | Chicago, IL 60603 |
| Counsel for Midwest Bank & Trust | (312) 658-1100 |

10

mwk@cmcontractors.com
Counsel for Grundy Red-Mix, Inc.

Patrick Mazza & Associates
290 S. Main Place #101
Carol Stream, IL 60188-2476
Counsel for Vulcan Const.
Materials

Service has been made upon the following non-CM/ECF participants by depositing a copy of the foregoing in the United States mail, postage prepaid, this 28th day of March, 2008.

Howard M. Turner
Paul W. Carroll
Gould & Ratner, LLP
222 North LaSalle Street
Chicago, IL 60601
Counsel for Lakewood Prairie, LLC

Ibarra Concrete Company
c/o Alberto Ibarra
3403 Green Pastures Road
Carpentersville, IL 60110

R & J Construction Supplies
30 W. 180 Butterfield Road
Warrenville, IL 60555

Howard B. Samuels
c/o Rally Capital LLC
350 N. LaSalle Street, Ste. 1100
Chicago, IL 60601

John V. Hanson
Hanson and Hanson
1802 North Division St., Ste. 304
Morris, IL 60450-0825
Counsel for Grundy Red-Mix, Inc.

Steel Masonry, Inc.
c/o Robert J. Hennessy
11800 S. 75th Ave 101
Palos Heights, IL 60463

McCann Industries, Inc.
543 S. Rohlwing Rd.
Addison, IL 60101

Illinois Brick Company
7601 W. 79th Street
Bridgeview, IL 60455

s/Raagnee Beri
RAAGNEE BERI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
(202) 305-7917
Email: Raagnee.Beri@usdoj.gov

3162050.11