UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 08 C 1200 |
| IBARRA CONCRETE COMPANY, et al., | ) ) Judge Conlon |
| Defendants. | ) Magistrate Judge Cole ) |

### GRUNDY COUNTY REDI-MIX INC.'S MOTION FOR REMAND

Defendant-Counterplaintiff, Grundy County Redi-Mix, Inc. ("Grundy"), by its attorneys, John S. Mrowiec and Michael W. Kelly, moves the Court for entry of an Order remanding this removed cause to the Circuit Court of Kendall County. In support of its Motion, Grundy submits its Memorandum of Law and states:

1. This lawsuit concerns disputes arising over payments to a construction concrete contractor on a 100 + lot subdivision in Kendall County, Illinois (the "Project"). Grundy is owed over $400,000 for concrete it supplied to the Project.

2. The Plaintiff Developer sued mechanics lien claimants, including Grundy, contending (a) it owes the concrete contractor less than the amount of mechanics lien claims and (b) the amount Developer owes contractor is the limit of liability according to Developer.

3. In its Second Amended Complaint, the Developer added the IRS as a defendant because of a claimed tax lien against the Contractor's receivables and over 100 purchasers of subdivision lots/houses (the "Lakewood Subdivision Realty").

4. The IRS thereafter removed this matter to this federal court.

1

5. This Court should remand to Kendall County Circuit Court because as the result of prior and current unremoved state court jurisdiction over the *res* (the funds or real property or both), the Court lacks exclusive jurisdiction and, as a matter of law, therefore lacks subject matter jurisdiction. *See, e.g., Blackhawk Heating & Plumbing Co. v. Geeslin*, 530 F.2d 154, 157 (7th Cir. 1976) (vacating district court's determination of priority of claims to escrow account where state court exercised prior *in rem* jurisdiction); *York Hunter Construction, Inc. v. Avalon Properties, Inc.*, 104 F. Supp. 2d 211, 215 (S.D.N.Y. 2000) (applying rule against concurrent jurisdiction to dismiss mechanics lien foreclosure portion of removed action).

6. This Court also should remand to Kendall County Circuit Court because also the IRS's notice of removal is procedurally defective because it fails to establish timely removal. 28 U.S.C. § 1446(a).

7. Alternatively, the Court should abstain from exercising jurisdiction over this state court mechanics lien action under the *Colorado River* abstention doctrine. *York Hunter Construction, Inc.*, 104 F. Supp. 2d at 215-18.

WHEREFORE, Grundy County Redi-Mix, Inc. requests that the Court enter an Order:

(a) remanding this matter to Kendall County Circuit Court; and

(b) awarding such other relief as the Court deems appropriate.

Dated: March 31, 2008

Defendant-Counterplaintiff,
GRUNDY COUNTY REDI-MIX, INC.

By: _____
One of Its Attorneys

2

John S. Mrowiec (ARDC No. 6185895 )
Michael W. Kelly (ARDC No. 6280344)
Conway & Mrowiec
20 South Clark
Suite 1000
Chicago, Illinois 60603
(312) 658-1100
jsm@cmcontractors.com
mwk@cmcontractors.com
*Attorneys for Grundy County Redi-Mix, Inc.*

3