UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08 C 1200 |
| | ) |
| IBARRA CONCRETE COMPANY, et al., | ) Judge Conlon |
| | ) Magistrate Judge Cole |
| Defendants. | ) |

### GRUNDY COUNTY REDI-MIX, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

Defendant-Counterplaintiff, Grundy County Redi-Mix, Inc. ("Grundy"), by its attorneys, John S. Mrowiec and Michael W. Kelly, submits this Memorandum in Support of Grundy's Motion for Remand of this residential subdivision mechanics lien case to Kendall County Circuit Court.

### INTRODUCTION

This lawsuit concerns disputes arising over payments to a construction concrete contractor on a 100 + lot subdivision in Kendall County, Illinois (the "Project"). Grundy is owed over $400,000 for concrete it supplied to the Project. The Plaintiff Developer sued mechanics lien claimants, including Grundy, contending (a) it owes the concrete contractor less than the amount of mechanics lien claims and (b) the amount it owes the contractor is the limit of liability according to Developer.

In its Second Amended Complaint, the Developer added the IRS as a defendant because of a claimed tax lien against the Contractor's receivables and over 100 purchasers of subdivision

1

lots/houses (the "Lakewood Subdivision Realty"). The IRS thereafter removed this matter to this federal court.

This Court should remand to Kendall County Circuit Court because: (1) as the result of prior and current unremoved state court jurisdiction over the *res* (the funds or real property or both), the Court lacks exclusive jurisdiction and, as a matter of law, therefore lacks subject matter jurisdiction; and (2) the IRS's notice of removal is procedurally defective because it fails to establish timely removal. Alternatively, the Court should abstain from exercising jurisdiction under the *Colorado River* abstention doctrine.

## BACKGROUND

### A. Claimants to Lakewood Project Funds

Lakewood alleges in the Second Amended Complaint ("Lakewood's Second Amended Complaint"):

1. Lakewood contracted with Ibarra Concrete Company ("Ibarra") to perform concrete work for the project. (2d Am. Compl. at ¶ 2).

2. Ibarra abandoned the Project. (2d Am. Compl. at ¶ 3).

3. Lakewood still holds funds due to Ibarra. (2d Am. Compl. at ¶ 3, 14).

4. Grundy asserts a mechanics lien claim of $410,276.97 against 100 lots and funds held by Lakewood for Ibarra. (2d Am. Compl. at ¶ 7(b)).

5. In 2006, Vulcan previously had initiated a suit sought to foreclose on a $83,073.51 mechanics lien against 57 lots and funds held by Lakewood for Ibarra which remains pending. (2d Am. Compl. at 7(c), ¶ 11).

6. Midwest Bank claims a security interest in amounts due from Lakewood to Ibarra.

(2d Am. Compl. at ¶ 9).

7. IRS claims a lien on amounts due from Lakewood to Ibarra. (2d Am. Compl. at ¶ 8).

8. Over one hundred individual homeowners are listed as defendants to Lakewood's Second Amended Complaint. (2d Am. Compl. at p.3-4).

**B.** **State Court Consolidated Mechanics Lien Litigation**

Lakewood alleges in its Second Amended Complaint:

1. Vulcan filed a complaint to foreclose on its alleged mechanics lien claim in the Circuit Court of Kendall County, Case No. 2006 CH 0360 ("Vulcan Claim") in 2006. (2d Am. Compl. at ¶ 8).

2. Lakewood filed a Complaint in Kendall County Circuit Court asserting a right to a "general settlement" under Section 30 of the Illinois Mechanics Lien Act in 2007 ("Lakewood Claim").

3. Grundy asserts a mechanics lien claim of $410,276.97 against 100 lots and funds held by Lakewood for Ibarra by Counterclaim to the Lakewood Claim. (2d Am. Compl. at ¶ 7(b)).

4. On September 19, 2007, the Circuit Court of Kendall County consolidated the Vulcan Claim with the Lakewood Claim and Vulcan's supplemental proceedings ("Vulcan's Supplemental Proceedings") arising from a separate suit (the "Consolidated Claims"). An authentic photocopy of the Consolidation Order is attached to this Motion as Exhibit A.

5. On January 11, 2008, Lakewood filed Lakewood's Second Amended Complaint in Kendall County in the Consolidated Claims naming the IRS as a Defendant for the first time.

C. **IRS Removal Petition**

1. On February 28, 2008, the IRS filed its Notice of Removal to this Court.

2. The Notice of Removal references only the Lakewood Second Amended Complaint, the only pleading to which the IRS is a named defendant.

3. In its Answer to the Second Amended Complaint, IRS avers that IRS lacks knowledge of the pending Vulcan Claim, specifically did not remove the Vulcan Supplemental Proceedings and removed only the Lakewood Second Amended Complaint. (IRS Ans. at ¶¶ 11 - 12).

## I.
## THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE *RES*

Removal is improper where subject matter jurisdiction is absent. The Court lacks subject matter jurisdiction because the funds held by Lakewood or the Lakewood Subdivision Realty at issue or both are under the prior and concurrent jurisdiction of Kendall County Circuit Court.

A. **Federal Jurisdiction Yields to Prior Vulcan Mechanics Lien Foreclosure Complaint**

Vulcan filed a Complaint to foreclose its mechanics lien in 2006, prior to Lakewood filing its original Complaint in 2007. With the Vulcan Claim, the Kendall County Circuit Court had jurisdiction over the subject of Vulcan's mechanics lien claims, at least some of the Lakewood Subdivision Realty and the funds held by Lakewood. Lakewood's Claim, a subsequent action, is Lakewood's attempt to force the resolution of all mechanics lien claims against funds due to Ibarra and the Lakewood Subdivision Realty.

Parties to the Vulcan Claim and the Lakewood Second Amended Complaint assert claims against the same, or at least an overlapping *res*: the funds payable from Lakewood to Ibarra, the

4

funds paid by Lakewood to Ibarra in violation of mechanics lien rights and notices and the Lakewood Subdivision Realty. Lakewood's Second Amended Complaint identifies at least four other creditors seeking to make a claim against either the funds or the Lakewood Subdivision Realty: the Assignee of Ibarra, R&J Construction Supplies, Midwest Bank and the IRS. The Vulcan Supplemental Proceedings are a claim against the funds held by Lakewood. The IRS admittedly removed only the Lakewood Second Amended Complaint to this Court.

In Illinois, mechanics lien claims are in the nature of an *in rem* or quasi *in rem* proceeding. *Capitol Plumbing & Heating Supply, Inc. v. Van's Plumbing and Heating*, 58 Ill. App. 3d 173, 175 (4th Dist. 1978); *Hackler v. Cardinal Newman College*, 71 Ill. App. 3d 665, 666 (3d Dist. 1979). An *in rem* proceeding is one "in which the court must have control of the property which is the subject matter of the suit in order to grant the relief sought." *Oppenheim v. Circuit Court of Eleventh Judicial Circuit*, 91 Ill. 2d 336, 343 (1982) (discussing whether garnishment proceedings are *in rem*).

Federal courts may not assert jurisdiction over a *res* already under the *in rem* jurisdiction of another court:

> If the two suits are ***in rem*** or quasi ***in rem***, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.

*Blackhawk Heating & Plumbing Co. v. Geeslin*, 530 F.2d 154, 157 (7th Cir. 1976). *See also York Hunter Constr., Inc. v. Avalon Props., Inc.*, 104 F. Supp. 2d 211, 215 (S.D.N.Y. 2000) (applying

rule against concurrent jurisdiction to dismiss mechanics lien claim).

In *York Hunter Construction Co.*, a defendant to a mechanics lien claim in New York removed to federal court based on diversity jurisdiction. 104 F. Supp. 2d at 212. In arguing for remand, the Plaintiff lien claimant raised the rule against concurrent jurisdiction over a *res* subject to state court *in rem* proceedings. 104 F. Supp. 2d at 213. Because a prior lien foreclosure had been filed and was pending in state court, the federal court found it had no subject matter jurisdiction over the *res* and, thus, over the mechanics lien claims in the removed action. *York Hunter Construction Co.*, 104 F. Supp. 2d at 215.

By removing to federal court, the IRS seeks to place the *res*, the funds due to Ibarra and the Lakewood Subdivision Realty - - both subject of Lakewood's Second Amended Complaint - - under the control of this Court. Because the Vulcan Claim which involves some of the same *res*, was filed prior to the removed Lakewood Second Amended Complaint and IRS is not removing that other action, this Court has no jurisdiction over either the funds or the Lakewood Subdivision Realty. Accordingly, this case must be remanded.

## II.
## IRS NOTICE OMITS EVIDENCE OF TIMELY REMOVAL

In addition to a lack of subject matter jurisdiction, the IRS Notice of Removal ("IRS Notice") is procedurally defective. The IRS Notice does not include allegations or materials sufficient to determine the timeliness of removal.

Section 1446(a) requires the removing party to file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon

6

such defendant or defendants in such action." Section 1446(b) states that the Notice of Removal may be "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Exhibit 1 to the IRS Notice includes a summons to the United State Attorney's Office that includes a date stamp that reads "Received." The date stamp on the summons is illegible except for the month, January, and year, 2008. IRS's Notice is dated February 28, 2008. To be timely, IRS could not have received a copy of the summons any earlier than January 28, 2008. IRS's failure to exhibit timeliness in IRS's Notice is fatal.

### III.
### THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION

Even if the Court were to find subject matter jurisdiction or that the IRS Notice was procedurally effective, neither of which it should do, the Court should abstain. In *Colorado River Water Conservation District v. United States*, the Supreme Court affirmed a district court's decision to abstain from exercising concurrent jurisdiction in circumstances similar to the rule regarding jurisdiction over concurrent *in rem* proceedings. 424 U.S. 800, 818 (1976). In *York Hunter Construction, Inc.*, the federal district court invoked the *Colorado River* abstention doctrine to dismiss non-lien claims where the state court had prior concurrent jurisdiction over mechanics lien claims. 104 F. Supp. 2d at 215-18.

The *York Hunter Construction, Inc.* court considered six factors in reaching its decision: (1) jurisdiction over the property at issue; (2) convenience of the fora; (3) threat of piecemeal litigation; (4) status of the litigation; (5) controlling law of the case; and (6) the state court's

ability to fairly and satisfactorily adjudicate all of the claims at issue. 104 F. Supp. 2d at 215-18.

In this case, multiple factors considered in *York Hunter Construction, Inc.* weigh in favor of abstention:

1. As explained above, the Kendall County Circuit Court already has subject matter jurisdiction over the real property and the funds at issue.

2. Kendall County is convenient for all parties. The realty at issue is located in Kendall County and is where the ***more than 100*** subsequent buyers now named as defendants likely reside.

3. Except for the IRS, no parties have filed answers in federal court and there has been no discovery.

4. Although federal law facially applies to the IRS lien claim, Illinois law governs the mechanics lien claims and priority between those claims and the claims of the assignee for the benefit or creditors and the account receivable claimant. Moreover, the Kendall County Circuit Court is more than capable of adjudicating mechanics liens and priority of other creditors against the project funds and real property fairly and adequately.

Although this Court lacks subject matter jurisdiction because the state court has prior exclusive jurisdiction of the property at issue and the IRS Notice fails to offer evidence of timely removal, the Court should also relinquish jurisdiction where its time and resources would be wasted in resolving a mechanics lien dispute concerning 100 lots in Kendall County.

## **CONCLUSION**

The Court lacks subject matter jurisdiction because the state court has prior and concurrent jurisdiction over the *res*. In that circumstance, federal jurisdiction yields. The IRS Notice also is procedurally defective because it omits evidence of timely removal. Regardless, the Court should abstain from exercising jurisdiction over this mechanics lien dispute. The matter should be remanded to state court.

Dated: March 31, 2008

Defendant-Counterplaintiff,
GRUNDY COUNTY REDI-MIX, INC.

By: _____
One of Its Attorneys

John S. Mrowiec (ARDC No. 6185895 )
Michael W. Kelly (ARDC No. 6280344)
Conway & Mrowiec
20 South Clark
Suite 1000
Chicago, Illinois 60603
(312) 658-1100
jsm@cmcontractors.com
mwk@cmcontractors.com
*Attorneys for Grundy County Redi-Mix, Inc.*

FILED IN OPEN COURT
SEP 1 9 2007
BECKY MORGANEGG
Circuit Clerk Kendall Co.

STATE OF ILLINOIS COUNTY OF KENDALL
IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT

| | |
|---|---|
| VULCAN CONSTRUCTION MATERIALS LP ) <br> D/B/A VULCAN MATERIALS COMPANY ) <br> Plaintiff, ) <br> -vs- ) <br> LAKEWOOD PRAIRIE, LLC, IBARRA CONCRETE ) | Case No. 2006 CH 0360 |
| Lakewood Prairie v Ibarra Concrete | 2007 CH 389 |
| Vulcan Construction v Ibarra Concrete | 2007 CH 062 |

### ORDER TO CONSOLIDATE CASES

THIS CAUSE coming on to be heard on the motion of Lakewood Prairie, LLC to consolidate, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED: The following cases are hereby consolidated

Vulcan Construction vs. Lakewood LLC   Case No.   2006 CH 0360
Lakewood Prairie v Ibarra Concrete                 2007 CH 389
Vulcan Construction v Ibarra Concrete              2007 CH 062

*Said cases shall be consolidated into 2007 CH 389.*

The status date of September 24, 2007 is stricken and the case is set for status on _11-21-_, 2007 at 9:00 a.m. All provisions of Section 2.1402 prohibiting transfer of funds and or property of the debtor Ibarra Concrete shall remain in effect until further order of court. *All future pleadings shall use the 2007 CH 389 caption.*

Dated: September 19, 2007

ENTER: Timothy J. McCann
                    JUDGE

Michael T. Nigro
Attorney for Lakewood Prairie,
LLC and LaSalle Bank, N.A.
NIGRO & WESTFALL, P.C.
1793 Bloomingdale Road
Glendale Heights, IL 60139
(630) 682-9872, ARDC No. 2054051

EXHIBIT A