IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LAKEWOOD PRAIRIE, LLC | ) | |
|     Plaintiff, | ) | |
|     v. | ) | No, 08 C 1200 |
| | ) | Judge Conlon |
| IBARRA CONCRETE COMPANY, | ) | Formerly |
| VULCAN CONSTRUCTION MATERIALS LP | ) | No. 2006 CH 360 |
| d/b/a VULCAN MATERIALS COMPANY, | ) | Consolidated with: |
| HOWARD B. SAMUELS AS ASSIGNEE FOR | ) | No. 2006 CH 360 |
| THE   BENEFIT OF THE IBARRA CONCRETE | ) | No. 2007 L 62 |
| COMPANY TRUST, GRUNDY RED-MIX, INC. | ) | |
| R & J CONSTRUCTION SUPPLIES, | ) | All removed from: |
| ILLINOIS BRICK COMPANY | ) | The Sixteenth Judicial Circuit Court |
| STEEL MASONRY, INC., et al. | ) | Kendall County, Illinois |
|     Defendants | ) | |
| — | ) | |
| VULCAN CONSTRUCTION MATERIALS, LP | ) | |
| d/b/a VULCAN MATERIALS COMPANY | ) | |
|     Plaintiff | ) | |
|     v. | ) | |
| | ) | |
| LAKEWOOD PRAIRIE, LLC, ET AL. | ) | |
|     Defendants | ) | |
| — | ) | |
| VULCAN CONSTRUCTION MATERIALS, LP | ) | |
| d/b/a VULCAN MATERIALS COMPANY | ) | |
|     Plaintiff | ) | |
|     v. | ) | |
| | ) | |
| IBARRA CONCRETE CO., and LAKEWOOD | ) | |
| PRAIRIE, LLC, | ) | |
|     Third Party Respondent to | ) | |
|     Citation to Discover Assets | ) | |

**SUPPLEMENT TO**
**MOTION OF VULCAN CONSTRUCTION FOR REMAND**

    VULCAN CONSTRUCTION MATERIALS LP d/b/a VULCAN MATERIALS COMPANY, plaintiff and defendant herein, by the undersigned counsel, states the following as and for its supplement to its motion for remand:

1. Three cases that were consolidated and pending in the Sixteenth Judicial Circuit Court, Kendall County, Illinois (Nos. 07 CH 389, 06 CH 360, and 07 L 62) were removed to this Court on motion of the United States of America, though it was party only to No. 07 CH 389.

2. When motions for remand to the Illinois Circuit Court were called on for hearing (April 8, 2008), the Government, by counsel, advised this Court that the intent had been to remove only case No. 07 CH 389, but that, in fact, all three cases were removed because of the consolidation. Proponents of remand were permitted to brief the question of consolidation and opponents were permitted to interpose objections to remand.

3. Vulcan is the plaintiff in both of the Kendall County cases to which the Government is not party (No. 06 CH 360 and No. 07 L 62). Vulcan supplied building materials to construction sites in various counties of Illinois pursuant to agreements with a concrete contractor that ceased operations and assigned its assets for the benefit of its creditors (Ibarra Concrete Inc.).

Case No. 07 L 62 is a supplementary proceeding to enforce a judgment of $187,205.86 entered for Vulcan against Ibarra Concrete and others (guarantors) on January 17, 2007 in a contract action in the Eighteenth Judicial Circuit Court, Wheaton, DuPage County, Illinois.  No. 07 L 62 pends in Kendall County only because a third-party respondent to a citation to discover assets (Lakewood Prairie LLC) has asserted that it resides in Kendall County, and Illinois Supreme Court Rule 277(d) fixes the venue for such citations in the county of residence of the third-party respondent. Case No. 06 CH 360 is an action to foreclose a mechanics lien on land in Kendall County, Illinois.  The venue provisions of the Mechanics Lien Act (770 ILCS 60/0.01 et seq. at secs. 9 and 28) dictate that foreclosure actions be brought "in the circuit court in the county where the improvement is located." (770 ILCS 60/9).

4. The Vulcan cases (No. 06 CH 360 and No. 07 L 62) were consolidated into No. 07 CH 389 by virtue of two orders, an order entered on September 19, 2007 that erroneously referred to

2

case No. 07 L 62 as case No. 07 CH 62, and an order entered on January 3, 2008 correcting that error in the identification of No. 07 L 62. True copies of the orders of consolidation are attached hereto and marked Group Exhibit No. 1.

5. Consolidation of cases in the Circuit Courts of Illinois is governed by section 2-1006 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1006) and the case law construing it. Section 2-1006 states:

> Sec. 2-1006. Consolidation and severance of cases. An action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right.

6. As for decisions construing consolidation, the following appear to speak to the point in which the Court expressed interest last April 8th: Black Hawk Motor Transit Company v. The Illinois Commerce Commission, 383 Ill. 57, 48 N.E.2d 341 (1943); Shannon v. Stookey, 59 Ill.App.3d 573, 375 N.E.2d 881 (1978); Vitale v. Dorgan, 25 Ill.App.3d 941, 323 N.E.2d 616 (1975):

> Consolidation has three different applications: (1) where several actions are pending involving substantially the same subject matter, the court may stay proceedings in all but one and see whether the disposition of the one action may settle the others thereby avoiding multiple trials on the same issue; (2) where several actions involve an inquiry into the same event in its general aspects, the actions may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been brought as a single action, the cases may be merged into one action, thereby losing their individual identity, to be disposed of as one suit.

Shannon v. Stookey, 59 Ill.App.3d 573, 577 375 N.E.2d 881 (1978) citing Black Hawk Motor Transit Company v. The Illinois Commerce Commission, 383 Ill. 57, 48 N.E.2d 341 (1943) and Vitale v. Dorgan, 25 Ill.App.3d 941, 323 N.E.2d 616.

7. This case presents the second situation. As noted above, Case No. 07 L 62 originated as a contract action in the Circuit Court of DuPage County and it is connected to Kendall County

3

only because the third-party citation respondent (Lakewood) asserted that it resides in Kendall County.

The so-called Section 30 action of Lakewood is an interpleader action, and Lakewood is an "interested stakeholder." Lakewood holds funds payable to Ibarra, and alleges that the claims against the funds exceed the amount of the funds. Those who are vying for the funds include Ibarra (claiming by its assignee an amount in excess of $301,000.00), Lakewood itself, and Vulcan. The Section 30 action of Lakewood requests an order which establishes the priorities of the liens of the claimants.

It is too soon to tell whether the funds will be sufficient to pay all claims in full. The complaint of Lakewood suggests otherwise, and section 30 of the Mechanics Lien Act authorizes sale of the relevant land. The land in question is a subdivision of 100 lots. The claim of Vulcan is directed to 57 of the 100 lots. Another party (Grundy Redi-Mix Inc.) has asserted a mechanics lien as to all 100 lots. If there is a deficiency between the amount of Vulcan's lien and the amount of Vulcan's <u>pro rata</u> share of the fund, Vulcan will have the right to proceed to foreclosure against the land, and that scenario is in prospect, given the assertion of Lakewood, that the claims against the funds exceed the amount of the funds.

8. For the reasons set forth above, as also in the motions for remand of Vulcan and Grundy Redi-Mix Inc., Vulcan requests an order remanding Nos. 06 CH 360 and 07 L 62 to the Sixteenth Judicial Circuit Court, Kendall County, Illinois, and granting such other relief as the court deems fit.

    Respectfully submitted,
    VULCAN CONSTRUCTION MATERIALS LP d/b/a
    VULCAN MATERIALS COMPANY


    By /s/ Patrick Mazza
        One of its attorneys

4

Patrick Mazza
David H. McCarthy III
PATRICK MAZZA & ASSOCIATES
290 South Main Place #101
Carol Stream, IL 60188-2476
630-933-9200
Attorneys for Vulcan Construction Materials LLP
d/b/a Vulcan Materials Company