IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LAKEWOOD PRAIRIE, LLC,            )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )   Case No. 08 C 1200
                                  )
IBARRA CONCRETE COMPANY, ET AL.,  )
                                  )
          Defendants.             )

## MIDWEST BANK AND TRUST COMPANY'S SUPPLEMENT TO MOTION FOR REMAND

Midwest Bank and Trust Company, as assignee of Ibarra Concrete Company, ("Midwest"), by its attorneys Murray, Jensen & Wilson, Ltd., in support of its motion the entry of an order remanding this cause to the Circuit Court of Kendall County, state as follows:

### Introduction

Three cases had been filed in Kendall County, Illinois, all of which related to the disposition of an obligation of Lakewood Prairie, LLC to pay money for construction work. One of those cases, 07 CH 389, is a statutory general settlement lawsuit, another, 06 CH 360, is a mechanic's lien action, and the final case, 07 L 62, is a supplemental proceeding which seeks to have funds turned over to the plaintiff in that action.

All three of these actions were consolidated pursuant to two Court orders entered by the Circuit Court of the Sixteenth Judicial Circuit, Kendall County on September 19, 2007 and January 8, 2008, which are already part of the record as exhibits to Vulcan Material's supplement to its motion for remand and are adopted as if attached hereto. The order entered in the 07 L 62 case on January 8, 2008, apparently correcting a scrivner's error in the September order, specifically states that all future pleadings are to bear the 07 CH 389 case number.

1

Midwest believes that all three cases must be adjudicated as one, and that the case, or cases, should be remanded to the Circuit Court.

## Consolidation

It is apparent and clear that all three of these matters were consolidated as one action. Vulcan asserts that the case at bar is analogous to the second category of consolidation purposes set forth in *Black Hawk Motor Transit Company v. The Illinois Commerce Commission*, 383 Ill. 57, 48 N.E.2d 341 (1943). The three reasons articulated by the Court in *Blackhawk* are:

> (1) Where several cases are pending involving substantially the same subject matter a method of avoiding the trial of each case separately is to stay the proceedings in all but one, the decision in the others to be settled by that reached in the one trial; (2) where several cases involve an inquiry into the same event in its general aspects, the cases may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been made the subject of a single proceeding, the cases, by consolidation, become merged into one in which the rights of the parties are determined.

Midwest submits that the present circumstances do not fit nicely into one of the three categories articulated by *Black Hawk*. These are three cases that do not actually involve an inquiry into the same event, but rather, require an inquiry into multiple transactions between different parties. Midwest submits that the circumstances of these three pending cases is most analogous to the third category. When Lakewood filed its general settlement action, it sought to adjudicate all of the claims to the finite pool of funds that it asserted is available. It is that action that brings all of the cases together as one. Because the other cases all relate to the disposition of

that same pool of funds, all of the competing claims, although premised upon different factual bases, ultimately end with the disposition of the Lakewood funds. While separate findings or judgments might ultimately be entered with regard to the specific contract claims or other claims, such judgments or findings are merely preliminary steps that must be taken before the final judgment on the general settlement action is rendered. It is that action which is the action into which the other cases were consolidated, and the reason for the consolidation is apparent and intuitive. At some point, a Court will need to determine who is entitled to a piece of pie, and once those parties are identified, the same Court will adjudicate how the pie will be divided. The Mechanics' Lien claims and the supplemental proceedings are merely threshold questions in reaching the ultimate question.

If all of the actions are not construed as one, this, or any other Court, is unable to adjudicate the general settlement action because those threshold questions remain unanswered and any such adjudication runs the risk that different Courts will render different determinations as to the disposition of the funds.

It remains Midwest's position that the case or cases should be remanded to the Circuit Court for the reasons set forth in Midwest's original motion. The IRS does not have an interest in an asset that is no longer the property of Ibarra Concrete, and the sale of the asset was not subject to the IRS claim. Midwest would hope that the IRS would recognize its own subordination agreement and allow the proceedings to be returned to the most appropriate forum in the Circuit Court. Absent such recognition, the reasons set forth in Midwest's motion, together with the reasons set forth in the other motions for remand filed in these proceedings, require that this action be remanded to the Circuit Court of the Sixteenth Judicial Circuit, Kendall County.

Removal jurisdiction based on 28 U.S.C. 1444, providing for removal of actions of interpleader with respect to real or personal property on which the United States claims a lien is justified only if a viable interpleader action is filed naming the United States as a party defendant, however, removal is not justified if the joinder of the United States is obviously frivolous. *General Elec. Credit Corp. v. Grubbs*, 447 F.2d 286, C.A.5 (Tex.) 1971, *certiorari granted* 92 S.Ct. 446, 404 U.S. 983, 30 L.Ed.2d 366, *reversed on other grounds* 92 S.Ct. 1344, 405 U.S. 699, 31 L.Ed.2d 612. While the interpleader nature of the Plaintiff's action itself is a viable action, the inclusion of the United States is, at the absolute best, an effort to provide the Plaintiff with an additional degree of comfort in ensuring that there are no additional competing claims to the funds it intends to distribute, where no such effort is actually warranted.

**WHEREFORE**, the Movant, Midwest Bank and Trust Company, respectfully prays for the entry of an order remanding this cause to the Circuit Court of Kendall County.

DATED this 15th day of April, 2008.

        Murray, Jensen & Wilson, Ltd.

        /s/ Donald N. Wilson
        Donald N. Wilson
        Murray, Jensen & Wilson, Ltd.
        101 N. Wacker Drive, Suite 101
        Chicago, IL 60606

        Attorney for Defendant Midwest Bank and Trust Company.

## CERTIFICATE OF SERVICE

I CERTIFY that service of the foregoing **Supplement to Motion For Remand**, which has been filed through the Electronic Case Filing (ECF) system, on this 15th day of April, 2008, has been served by electronic means on those parties registered for ECF, and upon the following by depositing a copy in the United States mail, postage prepaid on or before 5:00 p.m. April 15, 2008.

| | | |
|---|---|---|
| Howard M. Turner<br>Paul W. Carroll<br>Gould & Ratner, LLP<br>222 N. LaSalle Street<br>Chicago, IL 60601<br>Counsel for Lakewood Prairie, LLC | Ibarra Concrete Company<br>c/o Alberto Ibarra<br>3403 Green Pastures Road<br>Carpentersville, IL 60111 | Patrick Mazza & Associates<br>290 S. Main Place #101<br>Carol Stream, IL 60188-2476<br>Counsel for Vulcan Const. Materials |
| Howard B. Samuels<br>c/o Rally Captial LLC<br>350 N. LaSalle Street, Suite 1100<br>Chicago, IL 60601 | John V. Hanson<br>Hanson and Hanson<br>11802 N. Division St.<br>Suite 304<br>Morris, IL 60450-0825<br>Counsel for Grundy Red-Mix, Inc. | R&J Construction Supplies<br>30 W. 180 Butterfield Rd.<br>Warrenville, IL 60555 |
| McCann Industries, Inc.<br>543 S. Rohlwing Rd.<br>Addison, IL 60101 | Illinois Brick Company<br>7601 W. 79th Street<br>Bridgeview, IL 60455 | Steel Masonry, Inc.<br>c/o Robert J. Hennessy<br>11800 S. 75th Ave. 101<br>Palos Heights, IL 60463 |
| Raagnee Beri<br>United States Dept. of Justice<br>Tax Division<br>P. O. Box 55, Ben Franklin Station<br>Washington, DC 20044 | AUSA<br>United States Attorney's Office (NDIL)<br>219 S. Dearborn Street<br>Suite 500<br>Chicago, IL 60604 | John S. Mrowiec<br>Michael William Kelly<br>Conway & Mrowiec<br>20 S. Clark Street, Suite 750<br>Chicago, IL 60603 |

/s/ Donald N. Wilson
Donald N. Wilson
Attorney for Defendant Midwest Bank and Trust Company
MURRAY, JENSEN & WILSON, LTD.
101 N. WACKER DRIVE, SUITE 101
CHICAGO, IL 60606
(312) 263-5432
ARDC# 6206000