UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKEWOOD PRAIRIE, LLC,         )
                                        )
         Plaintiff,             )
                                        )
           vs.                )     Case No. 08 C 1200
                                        )
IBARRA CONCRETE COMPANY, et al.,   )     Judge Conlon
                                        )     Magistrate Judge Cole
         Defendants.        )

## GRUNDY COUNTY REDI-MIX, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

Defendant-Counterplaintiff, Grundy County Redi-Mix, Inc. ("Grundy"), by its attorneys, John S. Mrowiec and Michael W. Kelly, submits this Supplemental Memorandum in Support of Grundy's Motion for Remand of this residential subdivision mechanics lien case to Kendall County Circuit Court.

## INTRODUCTION

This lawsuit concerns disputes arising over payments to a construction concrete contractor on a 100 + lot subdivision in Kendall County, Illinois (the "Project"). Grundy is owed over $400,000 for concrete it supplied to the Project. The Plaintiff Developer, Lakewood Prairie, LLC ("Lakewood") sued mechanics lien claimants, including Grundy, contending (a) it owes the concrete contractor less than the amount of mechanics lien claims and (b) the amount it owes the contractor is the limit of liability according to Lakewood.

In its Second Amended Complaint, Lakewood added as defendants over 100 purchasers of subdivision lots/houses (the "Lakewood Subdivision Realty") and the IRS as a defendant because of a claimed tax lien against the Contractor's receivables. The IRS thereafter removed

this matter to this federal court.

This Court should remand to Kendall County Circuit Court because: (1) as the result of prior and current unremoved state court jurisdiction over the *res* (the funds or real property or both), the Court lacks exclusive jurisdiction and, as a matter of law, therefore lacks subject matter jurisdiction; and (2) the IRS's notice of removal is procedurally defective because it fails to establish timely removal.

Either the entire action should be remanded because all claims fall within the ambit of Vulcan's Supplemental Proceedings in state court or, as the IRS expressly admits, Vulcan's Supplemental Proceedings were never the subject of the Notice of Removal.  In either case, the state court holds exclusive jurisdiction over the funds being held by Lakewood, which are at least part of the *res* at issue.

Pursuant to 735 ILCS 5/2-1402, the Third Party Citation that is the subject of Vulcan's Supplemental Proceedings prohibits Lakewood from disposing of the funds without the leave of Kendall County Circuit Court.  Accordingly, actual control over the funds at issue belongs to the Kendall County Circuit Court and this Court lacks subject matter jurisdiction over Vulcan's Supplemental Proceedings.  Alternatively, the Court should abstain from exercising jurisdiction under the *Colorado River* abstention doctrine.

## BACKGROUND

A.    **Claimants to Lakewood Project Funds**

Lakewood alleges in the Second Amended Complaint ("Lakewood's Second Amended Complaint"):

1.    Lakewood contracted with Ibarra Concrete Company ("Ibarra") to perform

concrete work for the project. (2d Am. Compl. at ¶ 2).

    2.      Ibarra abandoned the Project. (2d Am. Compl. at ¶ 3).

    3.      Lakewood still holds funds due to Ibarra. (2d Am. Compl. at ¶ 3, 14).

    4.      Grundy asserts a mechanics lien claim of $410,276.97 against 100 lots and funds held by Lakewood for Ibarra. (2d Am. Compl. at ¶ 7(b)).

    5.      In 2006, Vulcan previously had initiated a suit to foreclose on a $83,073.51 mechanics lien against 57 lots and funds held by Lakewood for Ibarra which remains pending. (2d Am. Compl. at 7(c), ¶ 11).

    6.      Midwest Bank claims a security interest in amounts due from Lakewood to Ibarra. (2d Am. Compl. at ¶ 9).

    7.      IRS claims a lien on amounts due from Lakewood to Ibarra. (2d Am. Compl. at ¶ 8).

    8.      Over one hundred individual homeowners are listed as defendants to Lakewood's Second Amended Complaint. (2d Am. Compl. at p.3-4).

**B.**    **State Court Consolidated Mechanics Lien Litigation**

    1.      Vulcan filed a complaint to foreclose on its alleged mechanics lien claim in the Circuit Court of Kendall County, Case No. 2006 CH 0360 ("Vulcan Claim") in 2006. (2d Am. Compl. at ¶ 8).

    2.      Vulcan issued a Third Party Citation to Discover Assets to Lakewood on January 26, 2007 in the Circuit Court of Dupage County, Case No. 2006 L 1108 ("Vulcan Supplemental Proceedings"). An authentic photocopy of the Third Party Citation to Discover Assets is attached to this Supplemental Memorandum as Exhibit A.

3.     Vulcan's Supplemental Proceedings were transferred to the Circuit Court of Kendall County and identified as Case No. 2007 L 062.  (2d Am. Compl. at ¶ 12).

4.     Lakewood filed a Complaint in Kendall County Circuit Court asserting a right to a "general settlement" under Section 30 of the Illinois Mechanics Lien Act in 2007 ("Lakewood Claim").

5.     Grundy asserts a mechanics lien claim of $410,276.97 against 100 lots and funds held by Lakewood for Ibarra by Counterclaim to the Lakewood Claim.  (2d Am. Compl. at ¶ 7(b)).

6.     Lakewood filed an Amended Motion to Consolidate the Lakewood Claim and Vulcan's Supplemental Proceedings into the Vulcan Claim.  An authentic photocopy of the Amended Motion to Consolidate is attached to this Memorandum as Exhibit B.[1]

7.     On September 10, 2007, Lakewood moved for consolidation of all claims into a single proceeding based on two separate methods of consolidation: (1) consolidation pursuant to the Illinois Mechanics Lien Act; and (2) consolidation pursuant to 735 ILCS 5/2-1402 of the Illinois Code of Civil Procedure, which governs supplementary proceedings.  (Amended Motion to Consolidate at p.4).

8.     On September 19, 2007, the Circuit Court of Kendall County consolidated the Vulcan Claim with the Lakewood Claim and Vulcan's Supplemental Proceedings (the "Consolidated Claims"). An authentic photocopy of the Consolidation Order is attached to this Motion as Exhibit C.

9.     On January 11, 2008, Lakewood filed Lakewood's Second Amended Complaint in

---

[1] Exhibit B is an authentic photocopy of Lakewood's Amended Motion to Consolidate served on Vulcan Construction Materials LP but the order transferring Vulcan's Supplemental Proceedings to Kendall County is not

Kendall County in the Consolidated Claims naming the IRS as a Defendant for the first time.

**C.    IRS Removal Petition**

1.    On February 28, 2008, the IRS filed its Notice of Removal to this Court.

2.    The Notice of Removal references only the Lakewood Second Amended Complaint, the only pleading to which the IRS is a named defendant.

3.    In its Answer to the Second Amended Complaint, IRS avers that IRS lacks knowledge of the pending Vulcan Claim, specifically did not remove the Vulcan Supplemental Proceedings and removed only the Lakewood Second Amended Complaint. (IRS Ans. at ¶¶ 11 - 12).

**I.**

**THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE *RES***

Removal is improper where subject matter jurisdiction is absent. The Court lacks subject matter jurisdiction because the funds held by Lakewood or the Lakewood Subdivision Realty at issue or both are under the prior and exclusive jurisdiction of Kendall County Circuit Court.

**A.    Concurrent Federal Jurisdiction Yields to Exclusive State Court Jurisdiction**

Vulcan filed a Complaint to foreclose its mechanics lien in 2006, prior to Lakewood filing its original Complaint in 2007. With the Vulcan Claim, the Kendall County Circuit Court had jurisdiction over the subject of Vulcan's mechanics lien claims, at least some of the Lakewood Subdivision Realty and the funds held by Lakewood. With Vulcan's Supplemental Proceedings, the Kendall County Circuit Court has jurisdiction over the funds held by Lakewood. Lakewood's Claim, a subsequent action, is Lakewood's attempt to force the resolution of all mechanics lien claims against funds due to Ibarra and the Lakewood Subdivision Realty.

---

attached to Lakewood's Motion as indicated in Paragraph 4.

Parties to the Vulcan Claim, Vulcan's Supplemental Proceedings and the Lakewood Second Amended Complaint assert claims against the same, or at least an overlapping *res*: the funds payable from Lakewood to Ibarra, the funds paid by Lakewood to Ibarra in violation of mechanics lien rights and notices and the Lakewood Subdivision Realty. Lakewood's Second Amended Complaint identifies at least four other creditors seeking to make a claim against either the funds or the Lakewood Subdivision Realty: the Assignee of Ibarra, R&J Construction Supplies, Midwest Bank and the IRS.

The Vulcan Supplemental Proceedings are a claim against the funds payable to Ibarra being held by Lakewood. The IRS admittedly removed the Lakewood Second Amended Complaint to this Court. The IRS specifically denies removing Vulcan's Supplemental Proceedings to this Court.

In Illinois, mechanics lien claims are in the nature of an *in rem* or quasi *in rem* proceeding. *Capitol Plumbing & Heating Supply, Inc. v. Van's Plumbing and Heating*, 58 Ill. App. 3d 173, 175 (4th Dist. 1978); *Hackler v. Cardinal Newman College*, 71 Ill. App. 3d 665, 666 (3d Dist. 1979). Supplemental Proceedings are also in the nature of an *in rem* proceeding. *Oppenheim v. Circuit Court of Eleventh Judicial Circuit*, 91 Ill. 2d 336, 343 (1982). An *in rem* proceeding is one "in which the court must have control of the property which is the subject matter of the suit in order to grant the relief sought." *Oppenheim*, 91 Ill. 2d at 343 (discussing whether garnishment proceedings are *in rem*).

Federal courts may not assert jurisdiction over a *res* already under the *in rem* jurisdiction of another court:

> If the two suits are ***in rem*** or quasi ***in rem***, requiring that the court or its officer
> have possession or control of the property which is the subject of the suit in order

to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.

*Blackhawk Heating & Plumbing Co. v. Geeslin*, 530 F.2d 154, 157 (7th Cir. 1976). *See also York Hunter Constr., Inc. v. Avalon Props., Inc.*, 104 F. Supp. 2d 211, 215 (S.D.N.Y. 2000) (applying rule against concurrent jurisdiction to dismiss mechanics lien claim).

As long as the Circuit Court of Kendall County has prior jurisdiction over the *res*, this Court lacks control of the property necessary to exercise jurisdiction over the Lakewood Claim.

**B.    Consolidation Does Not Result In Exclusive Jurisdiction Over All Claims**

The Consolidation Order does not save federal jurisdiction from the rule prohibiting federal courts from exercising parallel jurisdiction over the *res*.    Although the basis for consolidation in the state court is unclear, this Court ultimately lacks subject matter jurisdiction over Vulcan's Supplemental Proceedings.  Because this Court lacks jurisdiction over Vulcan's Supplemental Proceedings, the state court has exclusive jurisdiction over the *res* regardless of whether the Vulcan Lien Claim and the Lakewood Claim were consolidated into a single action.

### 1. The Consolidation Order is Unclear

The Consolidation Order does not identify the statutory basis for the consolidation of the Vulcan Claim and Vulcan's Supplemental Proceedings into the Lakewood Claim.

Federal courts look to state substantive law to determine the precise effect of the state court consolidation, namely whether "the state consolidation destroyed the identity of each suit and merged them into one," thereby enabling the 30-day period under Section 1446(b) to be determined based on service of the consolidated lawsuit.

*Lerille v. Monsanto Corp.*, No. 07-3621, 2007 U.S. Dist. LEXIS 57403, *9 (S.D. La. Aug. 6, 2007). The effect of state court consolidation is determined by examining the consolidation order, the record, and applicable state law. *Lerille*, 2007 U.S. Dist. LEXIS 57403 at *10.

Lakewood's Amended Motion to Consolidate cites two different bases for consolidation: (1) consolidation for purposes of the Illinois Mechanics Lien Act, and (2) consolidation pursuant to Section 5/2-1402 of the Illinois Code of Civil Procedure.

The Illinois Mechanics Lien Act does not contain a direct mechanism for consolidation of multiple lawsuits for any purpose. However, Section 5/2-1402 expressly permits the state court to resolve competing claims to the *res* through a single proceeding pursuant to the procedures outlined in the statute governing garnishment proceedings, 735 ILCS 5/2-1402.

### 2. Federal Courts Lack Jurisdiction Over Supplemental Proceedings

Regardless of the mechanism for consolidation, this Court lacks subject matter jurisdiction over Vulcan's Supplemental Proceedings. The IRS removed the Lakewood Claim pursuant to 28 U.S.C. § 1442(a)(1) and 1444. Section 1444 allows removal of actions under 28 U.S.C. § 2410. Section 1442(a) is limited to a "civil action" and Section 2410 applies to "any civil action or suit." As a matter of law, Vulcan's Supplemental Proceedings are not a "civil action" subject to removal under Sections 1444 or 2410.

"A supplementary proceeding, a proceeding which is substantially a continuation of a prior suit, is not removable." *Fischer v. Hartford Life Ins. Co.*, 486 F. Supp. 2d 735, 740-41 (N.D. Ill. 2007). Federal law determines whether a proceeding is supplemental or an independent action subject to removal. *Eclipse Mfg. Co. v. United States Compliance Co.*, No. 05 C 5406, 2006 U.S. Dist. LEXIS 290, *6 (N.D. Ill. Jan. 4, 2006). Citation proceedings

8

pursuant to 735 ILCS 5/2-1402 are considered ancillary to the underlying suit and are therefore not removable to federal court. *Eclipse Mfg. Co.*, 2006 U.S. Dist. LEXIS 290 at *8-9.

### 3. State Court Retains Exclusive Jurisdiction Over the *Res*

This Court lacks jurisdiction over Vulcan's Supplemental Proceedings. Either the entire action should be remanded because all claims fall within the ambit of Vulcan's Supplemental Proceedings or, as the IRS expressly admits, Vulcan's Supplemental Proceedings were never the subject of the Notice of Removal. In either case, the state court holds exclusive jurisdiction over the funds being held by Lakewood, which are at least part of the *res* at issue.

### 4. State Court Holds Exclusive Authority Over Distribution of Funds

Lakewood currently holds any funds due or to become due Ibarra in its possession and did not pay such amounts into the Kendall County Circuit Court when Lakewood filed its Second Amended Complaint or ever. (*See* 2d Am. Compl. at ¶ 14). Pursuant to 735 ILCS 5/2-1402, the Third Party Citation that is the subject of Vulcan's Supplemental Proceedings prohibits Lakewood from disposing of the funds without the leave of Kendall County Circuit Court. Accordingly, actual control over the funds at issue belongs to the Kendall County Circuit Court and this Court lacks subject matter jurisdiction over Vulcan's Supplemental Proceedings.

## II.
## IRS NOTICE OMITS EVIDENCE OF TIMELY REMOVAL

In addition to a lack of subject matter jurisdiction, the IRS Notice of Removal ("IRS Notice") is procedurally defective. The IRS Notice does not include allegations or materials sufficient to determine the timeliness of removal.

Section 1446(a) requires the removing party to file "a notice of removal signed pursuant

to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Section 1446(b) states that the Notice of Removal may be "within thirty days after *receipt* by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added).

Exhibit 1 to the IRS Notice includes a summons to the United State Attorney's Office that includes a date stamp that reads "Received." The date stamp on the summons is illegible except for the month, January, and year, 2008. IRS's Notice is dated February 28, 2008. Under Section 1446, the date of receipt triggers the time period for removal. Regardless of whether the IRS was later served with a formal summons, the IRS apparently received the Second Amended Complaint and Summons in January, 2008. To be timely, IRS could not have received a copy of the summons any earlier than January 28, 2008. IRS's failure to exhibit timeliness in IRS's Notice is fatal.

### III.
### THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION

Even if the Court were to find subject matter jurisdiction or that the IRS Notice was procedurally effective, neither of which it should do, the Court should abstain. In *Colorado River Water Conservation District v. United States*, the Supreme Court affirmed a district court's decision to abstain from exercising concurrent jurisdiction in circumstances similar to the rule regarding jurisdiction over concurrent *in rem* proceedings. 424 U.S. 800, 818 (1976). In *York Hunter Construction, Inc.*, the federal district court invoked the *Colorado River* abstention

doctrine to dismiss non-lien claims where the state court had prior concurrent jurisdiction over mechanics lien claims. 104 F. Supp. 2d at 215-18; *but see Vincent v. P. R. Matthews Co.*, 126 F. Supp. 102, 105 (N.D.N.Y. 1954) (finding no basis for remand under Section 1444 without the consent of the United States).

The *York Hunter Construction, Inc.* court considered six factors in reaching its decision: (1) jurisdiction over the property at issue; (2) convenience of the fora; (3) threat of piecemeal litigation; (4) status of the litigation; (5) controlling law of the case; and (6) the state court's ability to fairly and satisfactorily adjudicate all of the claims at issue. 104 F. Supp. 2d at 215-18.

In this case, multiple factors considered in *York Hunter Construction, Inc.* weigh in favor of abstention:

1. As explained above, the Kendall County Circuit Court already has subject matter jurisdiction over the real property and the funds at issue.

2. Kendall County is convenient for all parties. The realty at issue is located in Kendall County and is where the ***more than 100*** subsequent buyers now named as defendants likely reside.

3. Except for the IRS, no parties have filed answers in federal court and there has been no discovery.

4. Although federal law facially applies to the IRS lien claim, Illinois law governs the mechanics lien claims and priority between those claims and the claims of the assignee for the benefit or creditors and the account receivable claimant. Moreover, the Kendall County Circuit Court is more than capable of adjudicating mechanics liens and priority of other creditors against the project funds and real property fairly and adequately.

Although this Court lacks subject matter jurisdiction because the state court has prior exclusive jurisdiction of the property at issue and the IRS Notice fails to offer evidence of timely removal, the Court should also relinquish jurisdiction where its time and resources would be

11

wasted in resolving a mechanics lien dispute concerning 100 lots in Kendall County.

## CONCLUSION

The Court lacks subject matter jurisdiction because the state court has exclusive jurisdiction over the *res*. In that circumstance, federal jurisdiction yields. The IRS Notice also is procedurally defective because it omits evidence of timely removal. Regardless, the Court should abstain from exercising jurisdiction over this mechanics lien dispute. The matter should be remanded to state court.

Dated: April 15, 2008

Defendant-Counterplaintiff, GRUNDY COUNTY REDI-MIX, INC.


By:   /s/ Michael W. Kelly
          One of Its Attorneys

John S. Mrowiec (ARDC No. 6185895 )
Michael W. Kelly (ARDC No. 6280344)
Conway & Mrowiec
20 South Clark
Suite 1000
Chicago, Illinois 60603
(312) 658-1100
jsm@cmcontractors.com
mwk@cmcontractors.com
*Attorneys for Grundy County Redi-Mix, Inc.*



EXHIBIT
A

CITATION TO DISCOVER ASSETS - THIRD PARTY                              2211 (Rev. 04/06)

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | CODE 8000 |

VULCAN CONSTRUCTION
MATERIALS LP ETC                     PLAINTIFF

-vs-                                                    CASE NUMBER

                                                        2006 L 1108

IBARRA CONCRETE COMPANY              DEFENDANT

LAKEWOOD PRAIRIE LLC                 THIRD PARTY

                                                        File Stamp Here

## THIRD PARTY
## CITATION TO DISCOVER ASSETS

To: LAKEWOOD PRAIRIE LLC, c/o John H. Mays, 222 North LaSalle Street, 8th Floor, Chicago IL
    (Name and address of Defendant, Respondent or Third Party)

YOU ARE COMMANDED to appear before the presiding Judge in Courtroom No. 2020 located at the DuPage
County Judicial Center, 505 North County Farm Road, Wheaton, Illinois on 3-05 , 2007 at 9:00 A. M.,
to be examined under oath concerning the property or income or indebtedness due _____
A Judgment against IBARRA CONCRETE COMPANY _____ (Judgment debtor) was entered
on JANUARY 17, 2007 and $ 187,205.86 _____ remains unsatisfied:

YOU ARE COMMANDED to produce at the examination (bring with you) all books, papers, or records in your possession or
over which you have control, which may contain information concerning the property of Judgment debtor which
indicates that you are indebted to or holding any funds for the Judgment debtor, including:
  SEE RIDER ATTACHED HERETO AND MADE A PART HEREOF

The party to whom this citation to discover assets is directed is prohibited from making or allowing any transfer or other
disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom, a deduction order
or garnishment, belonging to the judgment debtor or to which he or she may be entitled or which may thereafter be acquired
by or become due to him or her, and from paying over or otherwise disposing of any moneys not so exempt which are due or
to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever
occurs first. The third party may not be obligated to withhold the payment of any moneys beyond double the amount of the
balance due sought to be enforced by the judgment creditor.

YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED
AND BROUGHT BEFORE THE COURT TO ANSWER A CHARGE OF CONTEMPT
OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

Name: PATRICK MAZZA & ASSOCIATES           WITNESS: CHRIS KACHIROUBAS, Clerk of the Eighteenth
Attorney For: PLAINTIFF                              Judicial Circuit Court, and the seal thereof, at
DuPage Attorney No.: 23437                           Wheaton, Illinois.
Address: 290 SOUTH MAIN PLACE, SUITE 101    Date: JAN 2 6 2007
City/State/Zip: CAROL STREAM IL 60188
Telephone: 630-933-9200                              CHRIS KACHIROUBAS Circuit Court Clerk
                                                     Clerk of the Eighteenth Circuit Court

Whenever a citation is served upon a person or party other than the judgment debtor, the officer or person serving the citation shall within two (2) business days of
the service upon the cited party or in the case of the service by certified or registered mail within two (2) business days of the date of mailing, serve upon the
judgment debtor either a copy of the underlying judgment or a certification by clerk of the court that entered the judgment or the attorney for the judgment creditor
setting forth the amount of the judgment, the name of the court, and the number of the case, a copy of the citation served upon the third person or party, and a copy of
the citation notice required by this subsection. The judgment debtor shall be served by any means upon which service of a citation is allowed by rule. NOTE: THIS
PROCESS MAY NOT BE SERVED LATER THAN FIVE (5) DAYS BEFORE THE DAY FOR APPEARANCE.

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©

RIDER ATTACHED TO AND MADE A PART OF
CITATION TO DISCOVER ASSETS
DIRECTED TO LAKEWOOD PRAIRIE LLC

1.  Any and all contracts or agreements between Lakewood Prairie LLC and Ibarra Concrete Company for the period 2000-2007

2.  Any and all documents reflecting, relating to or actually being, invoices or statements from Ibarra Concrete Company to Lakewood Prairie LLC for the period 2000-2007

3.  Any and all documents reflecting or relating to any payments made by Lakewood Prairie LLC to Ibarra Concrete Company for the period 2000-2007, including but not limited to cancelled checks

4.  Any and all documents reflecting, relating to or actually being any backcharges or other claims against any sums claimed due under the documents described in Paragraph 2

5.  Any and all documents reflecting, relating to or actually being accounting records reflecting all sums due to Ibarra Concrete Company from Lakewood Prairie LLC

6.  Any and all documents reflecting, relating to or actually being assignments of any assets of Ibarra Concrete Company to Lakewood Prairie LLC

04/11/2008  13:09  6309339412             PAGE  14/19

TYPE LAW        SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS    DISTRICT 002

U RYCYZYN #5291

SHERIFF'S NUMBER 092259-001D CASE NUMBER 2006L1108    DEPUTY: _____

FILED DT 01-26-2007 RECEIVED DT 01-30-2007 DIE DT 02-14-2007 MULTIPLE SERVICE  1
    DEFENDANT                          ATTORNEY
LAKEWOOD PRAIRIE LLC               PATRICK MAZZA & ASSOCIATES
222 N LA SALLE ST                  290 S. MAIN PLACE
CHICAGO IL. 60601                 CAROL IL. 60188
8TH FLOOR                           630 933-9200
PLAINTIFF VULCAN CONSTRUCTION MATER

SERVICE INFORMATION: 03-05-07 CF   John Mays           **FOREIGN**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
      NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
      AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
      RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
      THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
      _____ DAY OF _____ 20___ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
      PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
      SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION X COMPANY ___ BUSINESS ___ PARTNERSHIP ___
      BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
      REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
.....4 CERTIFIED MAIL _____

(B)  THOMAS J. DART, SHERIFF, BY: _____ 5291 , DEPUTY

  1  SEX M/F  RACE U  AGE 35
  2  NAME OF DEFENDANT LAKEWOOD PRAIRIE LLC
    _WRIT SERVED ON _ Linda Cunningham AP
  THIS 1 DAY OF FEB , 2007 TIME 11:04 A.M. P.M.

ADDITIONAL REMARKS _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG ___ OFC ___           ATTEMPTED SERVICES

NEIGHBORS NAME _____        DATE    TIME A.M./P.M.

    ADDRESS _____         _____ __:__ ____

    REASON NOT SERVED:          _____ __:__ ____

| | | |
|---|---|---|
| ___01 MOVED | ___07 EMPLOYER REFUSAL | |
| ___02 NO CONTACT | ___08 RETURNED BY ATTY | |
| ___03 EMPTY LOT | ___09 DECEASED | |
| ___04 NOT LISTED | ___10 BLDG DEMOLISHED | |
| ___05 WRONG ADDRESS | ___11 NO REGISTERED AGT. | |
| ___06 NO SUCH ADDRESS | ___12 OTHER REASONS | |
| | ___13 OUT OF COUNTY | |

IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

LAKEWOOD PRAIRIE, LLC                    )
                                         )
            Plaintiff,                   )
                                         )        NO 2007 CH 0389
v.                                       )
                                         )
IBARRA CONCRETE COMPANY                  )
VULCAN CONSTRUCTION MATERIALS LP         )
d/b/a VULCAN MATERIALS COMPANY           )
et. al.                                  )

### AMENDED MOTION TO CONSOLIDATE

Now comes the Defendant Lakewood Prairie, LLC by its attorneys Howard M. Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall and move to with the following causes now pending in this Court:

(a) Vulcan Construction Materials LP etc. v. Lakewood Prairie LLC et. al. cause number 2006 CH 0360 (the "Foreclosure Action")

Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number 2007 L 0062 (the "Citation Action"); and

(b) Lakewood Prairie LLC v. Ibarra Concrete Company et. al. cause number 2007 CH 0389 ( "General Settlement Action")

and as reason therefor states as follows:

1. The Foreclosure Action and the General Settlement Action involve the same real estate and the same claims.

2. The Foreclosure Action was filed by Vulcan Construction Materials LP ("Vulcan") pursuant to Section 11 and 28 of the Illinois Mechanics Lien Act to enforce its liens against the real estate and against funds due or to become due from Lakewood Prairie LLC ("Lakewood



EXHIBIT
B

Prairie") to Ibarra Concrete Company ("Ibarra").

3.  The General Settlement Action was filed by Lakewood Prairie pursuant Section 30 of the Illinois Mechanics Lien Act to adjudicate all claims against the real estate arising out of any work performed on it by Ibarra for the following reasons:.

    a.  The amount of the lien claims asserted against the real estate by subcontractors of Ibarra exceeds the funds due from it to Ibarra.

    b.  In addition, a trustee for creditors of Ibarra has filed a claim for lien and may contest the validity of the mechanics lien claims asserted by Ibarra's subcontractors.

    c.  Lien claimants including Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company,  and Steel Masonry, Inc. have not been made parties defendant to the Foreclosure Action, but are necessary parties to both the Foreclosure Action and the General Settlement Action.

4.  The Citation Action was transferred from the Circuit Court of Du Page County to the Circuit Court of Kendall County for reasons of forum non convenience and for consolidation with the Foreclosure Action.  A copy of transfer is attached as Exhibit A.

5.  Vulcan, Ibarra, and Lakewood Prairie, LLC are all parties to both to the Foreclosure Action, the General Settlement Action, and to the Citation Action or its underlying judgment.

6.  In the Foreclosure Action, Vulcan is suing Lakewood Prairie, as owner of the real estate and Ibarra as general contractor to enforce a mechanics lien claim.  The amount of that lien claim is included in the amount of Vulcan's judgment in the Citation Action.

7.  Vulcan's mechanics lien claim is for $83,073.51 and its judgment in the Citation

Action is for $187,205.86, which includes its mechanics lien claim.

8. In addition to Vulcan's lien, there are twenty four other lien claims filed against the real estate and the money that is due or to become due from Lakewood Prairie to Ibarra. The recorded liens are as follows:

       a. One claim for lien by R&J Construction Supplies for $5,996.00

       b. Twenty two separate claims for lien by Grundy Redi Mix for a total of $241,643.00.

       c. One claim for lien by Vulcan Materials Corporation for $83,073.51.

       d. One claim by the Ibarra Concrete Company Creditors Trust for $301,749.00

9. The question of who is entitled to whatever amount the Court determines is due from Lake Prairie to Ibarra is further complicated by the following factors:

       a. Vulcan's judgment lien arising out of the service of the citation is inferior and subordinate to the mechanics lien claims if they are properly perfected. See *Nelson v. Urban*, 236 Ill. App. 447 (1st Dist 1925).

         "The contract on which the mechanic's lien was based antedated the service of the garnishment writ. If the lien in fact existed, it was therefore superior to the lien acquired by the garnishor."

       b. The garnishment lien may also be inferior to the lien of the Creditors' Trust if it is a proper assignment for the benefit of creditors.. See *Bach v. Chas. Weiner & Sons, Inc*, Ill.App.2d 284, 127 N.E.2d 279 (Ill. App. 1 Dist., 1955); *Kimball, for Use of Kimball v. Mulhern* 15 Ill. 205 (1853); *Dehner v. Helmbacher Forge & Rolling Mills* 7 Ill. App. 47, 1880 WL 10337 (Ill.App. 4 Dist. 1880).

       c. Under the Mechanics Lien Act, (770 ILCS 60/15) Vulcan will share pro-rata with other lien claimants to the extent that it and they have valid liens. Any sum remaining will then be subject either the lien of the Creditors Trust,

Vulcan's judgment, and any other liens that may exist.

    d.  The lien claimants have in some cases filed liens on different lots, and according to both the Creditors' Trust's lien claim and Lakewood Prairie's records, different amounts may be owed on lots that are not subject to any claim for lien other than the Creditors Trust's claim.

    e.  Some lien claimants have given waivers of liens, and it is not clear whether the liens filed have been waived in whole or in part.

    f.  Ibarra has given sworn statements indicating that it has paid for all of its materials, and that its only material supplier is Grundy Redi Mix.

10. Under 770 ILCS 60/11, all of the lien claimants are necessary parties to both the Foreclosure Action and the General Settlement Action.

11. The Code of Civil Procedure Section 735 ILCS 5/2-1402 (g) provides part that:

> "if any property, chose in action, credit or effect discovered, or any interest therein is claimed by any person, the court shall as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings."

12. The Code of Civil Procedure 735 ILCS 5/12-710 requires that all persons having claims be made parties to the proceedings, and 735 ILCS 5/12-711(c) provides that in such a case, a trial shall be conducted as in other civil cases.

13. In order for the Court to determine who is entitled to whatever amount is found to be due from Lakewood Prairie to Ibarra, this Court will need to decide the validity and amount of all twenty five mechanics lien claims.

14. Where mechanics lien claims are involved, pending actions should be consolidated so that all parties are in a single proceeding so that a complete determination of the rights of the

parties and interests in the moneys due and the real estate can be determined.  See *Malkov Lumber Co. v. Serafine Builders, Inc.* 1 Ill.App.3d 543, 273 N.E.2d 654 ( Ill. App. 1st Dist. 1971.)

Wherefore Lakewood Prairie, LLC prays that this Honorable Court consolidate the General Settlement Action and the Citation Action into the Foreclosure Action.

HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

#2868482
GOULD & RATNER LLP
222 North LaSalle Street
Suite 800
Chicago, IL  60601
312/236-3003

MICHAEL T. NIGRO
NIGRO & WESTFALL, PC
1793 Bloomingdale Road
Glendale Heights IL 60139
(630) 682-9872

15.

/376580.v 1 9/6/2007 10:19 AM                    5

FILED IN OPEN COURT

SEP 1 9 2007

BECKY MORGANEGG
Circuit Clerk Kendall Co.

**STATE OF ILLINOIS                    COUNTY OF KENDALL**
**IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT**

VULCAN CONSTRUCTION MATERIALS LP )
D/B/A VULCAN MATERIALS COMPANY )
        Plaintiff, )
      -vs- )    Case No. 2006 CH 0360
LAKEWOOD PRAIRIE, LLC, IBARRA CONCRETE )

| | |
|---|---|
| Lakewood Prairie v Ibarra Concrete | 2007 CH 389 |
| Vulcan Construction v Ibarra Concrete | 2007 CH 062 |

## ORDER TO CONSOLIDATE CASES

THIS CAUSE coming on to be heard on the motion of Lakewood Prairie, LLC to consolidate, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED: The following cases are hereby consolidated

Vulcan Construction vs. Lakewood LLC   Case No.   2006 CH 0360
Lakewood Prairie v Ibarra Concrete           2007 CH 389
Vulcan Construction v Ibarra Concrete       2007 CH 062
*Said cases shall be consolidated into 2007 CH 389.*
    The status date of September 24, 2007 is stricken and the case is set for status on
_11-21-_ , 2007 at 9:00 a.m. All provisions of Section 2.1402 prohibiting transfer of funds and or property of the debtor Ibarra Concrete shall remain in effect until further order of court. *All future pleadings shall use the 2007 CH 389 caption*

Dated: September _19_, 2007

                    Timothy J. McCann
ENTER:_____
             J U D G E

Michael T. Nigro
Attorney for Lakewood Prairie,
LLC and LaSalle Bank, N.A.
NIGRO & WESTFALL, P.C.
1793 Bloomingdale Road
Glendale Heights, IL 60139
(630) 682-9872, ARDC No. 2054051

**EXHIBIT**

_C_