IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEWOOD PRAIRIE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No 08 C1200 |
| | ) | |
| IBARRA CONCRETE COMPANY et. al | ) | Judge Conlon |
| | ) | Magistrate Judge Cole |
| Defendants | ) | |

## RESPONSE TO MOTIONS TO REMAND CAUSE

### INTRODUCTION

This litigation arises out of a contract between the Plaintiff Lakewood Prairie, LLC ("Lakewood") and Ibarra Concrete Company ("Ibarra"). Lakewood is the developer and original owner of two subdivisions in Kendall County, Illinois. Lakewood made a contract with Ibarra to perform certain concrete work for houses being built in the subdivision. After performing some of the work, Ibarra made an assignment for the benefit of creditors and went out of business. Ibarra ceased operating owing money to (a) its subcontractors (b) Midwest Bank and Trust, its secured lender and (c) the Government for taxes.

Lakewood did not pay Ibarra for some of its work. Lakewood has setoffs for repair work, and for lien claims and litigation expenses under an indemnity in its contract with Ibarra.

Vulcan Construction Materials LP ("Vulcan"), a subcontractor of Ibarra, filed a mechanics lien foreclosure suit in Kendall County Illinois. ("Cause Number 2006 0360).

Vulcan also obtained a judgment against Ibarra in Du Page County and issued a citation against Lakewood to enforce the judgment. This citation proceeding was severed

from the Du Page County proceeding (Case number 2006 L 1108). It was transferred to Kendall County for forum nonconvenience (See Certificate of Howard M. Turner), and given a new case number 2006 L 062.

Lakewood filed a suit under Section 30 of Illinois Mechanics Lien Act (Cause Number 2007 CH 389) for a general settlement naming Vulcan, Grundy County Redi-Mix, Inc. ("Grundy") other mechanics lien claimants, Ibarra, Ibarra's assignee for the benefit of creditors, unknown owners, the owners the individual lots and the Government parties defendant. Midwest Bank and Trust intervened in the Section 30 suit Lakewood filed. Grundy ahs filed a counterclaim in Lakewood's general settlement suit.

The Circuit Court of Kendall County consolidated Vulcan's mechanics lien suit, Vulcan's citation proceeding and Lakewood's general settlement suit into one case entitled "Lakewood Prairie v. Ibarra No 2007 CH 389." With this consolidation all of the claims against Ibarra's receivable from Lakewood became part of one consolidated suit.

After consolidation, the consolidated suit was removed from the Circuit Court of Kendall County to this Court.

## ARGUMENT

### I. WHERE THE REMOVAL IS BASED UPON 28 U.S.C. 2410 AND 28 U.S.C. 1444, NO REMAND CAN OCCUR WITHOUT THE GOVERNMENT'S CONSENT.

The Government has been made a party to this action by the authority of 28 U.S.C. A 2410 (a)[1]:

---

[1] u)nder the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter

(5) of interpleader or in the nature of interpleader with respect to,

Under 28 U.S.C. 1444 any action brought under section 2410 may be removed by the United States to the District Court.

An action brought under Section 2410 and removed under Section 1444 can not be remanded without the Government's consent. *Hamlin v. Hamlin* 237 F. Supp. 299, 300 (D.C. Miss. 1964); *Gordon v. Feldman*, 152 F. Supp. 257, 259 (D.C.N.Y. 1957.) In *Vincent v. P.R. Matthews Co.* 126 F. Supp. 102.105. (N.D.N.Y.1954,) the court said at page 105:

> "28 U.S.C.A. § 2410 waives the immunity of the United States in an action to foreclose a lien upon real or personal property, upon which the United States has or claims to have a lien. This waiver expressly permits the United States to be sued in a state court having jurisdiction of the subject matter. Such immunity, however, is granted under the condition prescribed in Section 1444, which gives the United States the unqualified option to remove such an action to the district court. It follows that the immunity waived is conditioned upon the right of removal, and should that right be withheld or thwarted, it would seem to follow that the immunity is withdrawn. It follows, therefore, that there is no basis upon which this court can remand the case over the objection of the United States."

Therefore, this proceeding cannot be remanded without the consent of the Government.

## II. THE ACTION HAS BEEN PROPERLY REMOVED.

### A.   THE REMOVAL WAS TIMELY

Grundy claims that the Government was served with summons sometime in January, and therefore the notice of removal was not filed within thirty days after service. This is erroneous. Service was had on the Government on February 1st, 2008. See Certificate of Howard M. Turner attached. The removal was filed on February 28th, 2008. The removal was timely.

---

real or personal property on which the United States has or claims a mortgage or other lien.

### B. ALL OF THE PENDING CASES HAVE BEEN REMOVED.

#### 1. After the cases were consolidated only one case remained

Vulcan cites cases that suggest that there are three kinds of consolidation. None of these cases involved mechanics liens. Where the action involves mechanics liens, there is only one kind of consolidation because there is to be only one suit. In *Kleinschnittger v. Dorsey* 152 Ill. App. 598, (Ill. App. 4 Dist. 1910) the court said:

> The two independent cases became consolidated by agreement. After they were consolidated they together simply formed one suit and were so treated by the court. *Only one suit could be maintained under the Mechanic's Lien Act. All parties having a lien or any interest in the premises must be brought together in one suit.* If any party is omitted the suit will be dismissed for want of necessary parties. For this reason separate suits could not have been maintained. Granquist v. Western Tube Co., 240 Ill. 132 (Emphasis supplied)

All persons having an interest in the premises are to be made parties to a Section 30 action. 770 ILCS 60/30. If separate cases are consolidated into one suit under Section 30 of the Illinois Mechanics Lien Act, only one case remains.

The order of the Circuit Court of Kendall County dated September 19, 2007 consolidated 2006 CH 0360, 2007 CH 389 and 2007 CH 62. That order provides in part, "Said cases shall be consolidated into 2007 CH 389...All future pleadings shall use the 2007 CH 389 caption." A second order dated January 3rd, 2008 provides that "case no. 2007-L-62 shall be and is hereby consolidated into case no. 2007 CH 389 and all future pleadings shall reflect case no. 2007 CH 389." See Certificate of Howard M. Turner attached.

After these two orders were entered, only one suit remained; Lakewood Prairie LLC v. Ibarra Concrete Co. et. al. Case number 2007 CH 389. The other cases were consolidated into it and therefore had no independent existence. *Kleinschnittger id.*

4

## 2. Vulcan's Citation Proceeding is within this Court's jurisdiction

Grundy claims that the Court lacks jurisdiction over Vulcan's citation claim and therefore cannot assert full jurisdiction over the funds in dispute. It cites three cases. *Lerille v. Monsanto Corp.* Slip Copy, 2007 WL 2284570 E.D. La. 2007 was decided under Louisiana law. The court held that under Louisiana law, when cases were consolidated, they did not lose their independent character. The removal of one case did not have the effect of removing the other consolidated cases. Here, the consolidated case is brought under Section 30 of the Illinois Mechanics Lien Act. Under Illinois mechanics lien law, when cases are consolidated, they lose their independent existence. *Kleinschnittger v. Dorsey, supra.*

*Fischer v. Hartford Life Ins. Co.* 486 F.Supp.2d 735, 739-740 (N.D.Ill.,2007.) is inapposite. The court held that a citation proceeding under a special section of the Illinois Probate Act (755 ILCS 5/16-1) designed to aid in the administration of estates with special rules was within the "probate exception" to Federal jurisdiction, and therefore the Federal court lacked jurisdiction. Here the "probate exception" to Federal jurisdiction has no application.

In *Eclipse Mfg. Co. v. U.S. Compliance Co.* 2006 WL 42395 N.D.Ill.,2006, the court acknowledged that in some circumstances citation proceedings are removable, but stated that in the case before it, the citation proceeding was ancillary for jurisdictional purposes to the judgment it was enforcing. Therefore the citation was not independently removable. The court also held that the proceeding was not removable in any event for lack of diversity jurisdiction.

*Eclipse Mfg. Co* is inapposite because here Vulcan's citation is no longer ancillary to the proceeding in which the judgment was rendered. The citation was severed from that proceeding when it was transferred from Du Page County to Kendall County and became an independent case with an independent case number.

When it was consolidated into Lakewood's Section 30 suit, the citation proceeding lost its independent case number and its independent existence.. *Kleinschnittger v. Dorsey, supra.* It became ancillary to Lakewood's Section 30 general settlement action into which it was consolidated.

Unlike the citation in *Eclipse Mfg. Co.*, Vulcan's citation proceeding does not require an independent basis for removal jurisdiction. It is part of and ancillary to Lakewood's Section 30 case that has been removed. When a case has been removed to the Federal court the power of the state court is ended not only as to the removed case, but as to any other cases that have been consolidated with the removed case. *Vial v. First Commerce Corp.* 1983 WL 1896 E.D.La. 1983. The jurisdiction which this Court has over the consolidated case is all that is needed for jurisdiction over the ancillary parts of the consolidated case.

When the Notice of Removal was filed, Case Number 07 CH 389 was the only independent suit pending. The Government's Notice of Removal removed "the action styled Lakewood Prairie LLC v. Ibarra Concrete Co. et. al. Case Number 07 CH 389." This consolidated case and all of parts consolidated into it were removed by the Notice of Removal.

6

### C. UNDER 770 ILCS 60/30, THE COURT HAS EXCLUSIVE JURISDICTION

Grundy argues that the consolidation did not give the Court exclusive jurisdiction. However, the consolidated case is a general settlement suit under 770 ILCS 60/30. That statute does give the Court exclusive jurisdiction over all claims to the funds subject to lien.

When a general settlement action is filed under the Illinois Mechanics Lien Act, Section 30 (770 ILCS 60/30) gives the court the means to take exclusive jurisdiction over the *res*. Section 30 provides:

> "the court may, on the motion of any person interested, and shall, upon final judgment stay further proceedings upon any action against the owner on account of such liens."

The full text of Section 30 is set forth in the Appendix to this Memorandum. Therefore, even if all of the consolidated cases were not removed, the court could still assert jurisdiction over the *res*.

Section 30 gives the court authority to take total control of all lien litigation and assert exclusive jurisdiction. Here, that is easy because all parties having an interest in the *res* are parties to this proceeding, and are subject to the Court's orders.. An order restraining Vulcan, who is a party to the Section 30 suit before this Court, from independently pursuing its citation claim will interfere with no other court's jurisdiction.

This is totally different from the situation where another court under an earlier action has taken jurisdiction over the *res*. Here a State statute authorizes this Court to enjoin other proceedings, just as a State court could do if there had been no removal. The removal of the action does not alter the underlying law to be applied. A court will apply Federal procedural law and State substantive law. *Arizona v. Manypenny* 451 U.S. 232,

7

101 S.Ct. 1657, 1664-1665 (U.S.1981*); Sanpete Water Conservancy Dist. v. Carbon Water* 226 F.3d 1170 (C.A.10 ,2000); *City of Aurora v. Erwin,* 706 F.2d 295 (C.A. 10,1983). Lakewood's right to have its liability as to all claimants determined in a single proceeding and avoid the risk of multiple liability for the same debt is a substantive and substantial right under Illinois law. (See Argument Part II *infra*)

*Blackhawk Heating & Plumbing Co., Inc. v. Geeslin* 530 F.2d 154, 158 (C.A. 7th. 1976) is inapposite. That case did not involve the removal of a pending action asserting jurisdiction over the *res* from a State court to a Federal court. It did not involve a statute that gave the court authority to enjoin other proceedings that were pending. It did not involve a State statute which granted to an owner the right to have all lien claims resolved in a single proceeding.

*York Hunter Const., Inc. v. Avalon Properties, Inc.* 104 F.Supp.2d 211 (S.D.N.Y.,2000) is also inapposite. That case involved a previously filed case that had not been removed. There are no pending actions that have not been removed to this Court. Moreover, in *York,* the court held that the removal was proper. In that case, the court abstained from jurisdiction under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). But here, abstention is not possible without the Government's consent. (See discussion at pages 2-3 *supra*).

However, here it is unnecessary for the Court to enjoin other proceedings in other courts. No other court has jurisdiction because no other case involving claims against the funds is pending in any other court. All of the parts of the consolidated case have been removed to this Court. *Vial v. First Commerce Corp., supra.*

101 S.Ct. 1657, 1664-1665 (U.S.1981*); Sanpete Water Conservancy Dist. v. Carbon Water* 226 F.3d 1170 (C.A.10 ,2000); *City of Aurora v. Erwin,* 706 F.2d 295 (C.A. 10,1983). Lakewood's right to have its liability as to all claimants determined in a single proceeding and avoid the risk of multiple liability for the same debt is a substantive and substantial right under Illinois law. (See Argument Part II *infra*)

*Blackhawk Heating & Plumbing Co., Inc. v. Geeslin* 530 F.2d 154, 158 (C.A. 7th. 1976) is inapposite. That case did not involve the removal of a pending action asserting jurisdiction over the *res* from a State court to a Federal court. It did not involve a statute that gave the court authority to enjoin other proceedings that were pending. It did not involve a State statute which granted to an owner the right to have all lien claims resolved in a single proceeding.

*York Hunter Const., Inc. v. Avalon Properties, Inc.* 104 F.Supp.2d 211 (S.D.N.Y.,2000) is also inapposite. That case involved a previously filed case that had not been removed. There are no pending actions that have not been removed to this Court. Moreover, in *York,* the court held that the removal was proper. In that case, the court abstained from jurisdiction under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). But here, abstention is not possible without the Government's consent. (See discussion at pages 2-3 *supra*).

However, here it is unnecessary for the Court to enjoin other proceedings in other courts. No other court has jurisdiction because no other case involving claims against the funds is pending in any other court. All of the parts of the consolidated case have been removed to this Court. *Vial v. First Commerce Corp., supra.*

II.  **LAKEWOOD'S RIGHT TO HAVE ALL OF THE CLAIMS IN THIS CASE RESOLVED IN A SINGLE PROCEEDING IS A SUBSTANTIVE RIGHT UNDER STATE LAW.**

Vulcan has argued that the mechanics lien claims against the real estate should be severed and sent back to the Circuit Court of Kendall County. This would deprive Lakewood of its statutory right to have a single determination made of its liability so that it is not exposed to multiple liability to different claimants for the same amount.

770 ILCS 60/30 applies when

> "there are several liens under sections 21 and 22[2] of this Act upon the same premises, and the owner or any person having such a lien shall fear that there is not a sufficient amount coming to the contractor to pay all such lien."

Other lien claimants such as judgment creditors can be made parties so that complete justice can be done. *Nelson v. Urban*, 236 Ill. App. 447 (Ill. App. 1st Dist. 1925). Therefore, the Government and Midwest Bank and Trust are proper parties to this action, and the citation proceeding is properly consolidated into the Section 30 case that has been removed.

All of the claims arise out of Ibarra's contract with Lakewood. A single group of operative facts gives rise to both the subcontractors' claims for lien against the real estate and the claims by the mechanics lien claimants, Midwest Bank and Trust and the Government against the funds due or to become due to Ibarra. Therefore, a judgment under either Count I or Count II of Lakewood's complaint would be res judicata as to all claims against Lakewood by all of all parties to this proceeding. *Joseph T. Ryerson & Son, Inc., v. Manulife Real Estate Company*, 238 Ill.App.3d 550, 556-557 606 N.E.2d 463, (Ill App. 1st Dist. 1992).

---

[2] 770 ILCS 60/21 creates subcontractors' mechanics liens and 770 ILCS 60/22 creates subsubcontractors' mechanics liens.

The claims of the mechanics lien claimants, Midwest Bank and Trust and the Government total $2,372,235.06 which far exceeds any amount that may be due from Lakewood for work performed by Ibarra. Under 770 ILCS 60/30 and 735 ILCS 5/2-409, Lakewood has a right to have its liability adjudicated in one proceeding so that one judgment is rendered that binds Ibarra and all lien claimants.

The right given to an owner under Section 30 of the Illinois Mechanics Lien Act to have a single court determine all issues involving competing lien claims is a substantive right that goes to the heart of the Legislature's intent. As was said in *Granquist v. Western Tube Co.* 240 Ill. 132, 138-139, 88 N.E. 468 (1909)

> "we are forced to the conclusion that the Legislature never contemplated there should be a separate suit by each contractor or subcontractor for the purpose of having a lien established in his favor, but that the statute contemplates but one suit, and that all persons who are known to have any interest, either legal or equitable, in the land, or any claim for a lien against it, should be joined, ... If appellee's position is sustained, it is easy to see how the owner may be harassed with numerous suits for liens, thereby unnecessarily increasing the costs and expenses to the owner and imposing a large amount of unnecessary litigation upon the courts... If two claimants for liens can thus carry on separate suits, any number who happen to be subcontractors might do the same thing. The statute in relation to liens, under which these petitions are filed, gives no sanction to such practice.

### III. THE GOVERNMENT STILL HAS A LIEN ON THE FUNDS DUE OR TO BECOME DUE TO IBARRA

Midwest Bank and Trust argues that when the Assignee for the Benefit of Creditors sold Ibarra's receivables to the Bank, that the Government lost its lien. This is plainly not true. The Government's lien was filed on March 21st, 2006. The sale, according to Midwest's affidavit, did not occur until after that.

A subordination to a security interest is not a release of a lien. It only has the effect of making the claim of the security interest superior to that of the Government. A

sale of accounts receivable is subject to the Illinois Uniform Commercial Code 810 ILCS 5/9-109(a)(3). The "sale" of the accounts does not alter the fact that all that Midwest has is a security interest.

Moreover, the assignment for the benefit of creditors and the sale of the receivables occurred after the Government's lien was filed . An assignee for the benefit of creditors is not a bankruptcy trustee. It has no authority to sell receivables free and clear of liens.

Whether the Government has a lien on the amount due from Lakewood to Ibarra is a factual issue and legal issue that will depend in part upon the validity and extent of Grundy's and Vulcan's mechanics liens.[3]

Furthermore, Midwest Bank may be required to marshal its assets and satisfy the amount due from other receivables and property of Ibarra first. The general rule is that if one creditor, by virtue of a lien or interest, can resort to two funds, he must resort first to the fund that another competing creditor cannot touch. *Boone v. Clark,* 129 Ill. 466, 480-81, 21 N.E. 850 (1889); *Greenebaum Sons Bank & Trust Co. v. Kingsbury*, 248 Ill.App. 321 (.1.Dist.,1928). Midwest Bank has liens on other property of Ibarra. Some of this

---

[3] The Government's tax lien involves two issues: (1) attachment and (2) priority. State law determines whether the taxpayer has a sufficient interest in the property for the Government's lien to attach. *Aquilino v. United States* 363 U.S. 509, 513-514, 80 S.Ct. 1277, 4 L.Ed.2d 1365. (1960). If the liens of Grundy and Vulcan are valid in full, the Government's lien may not attach. *Hudson v. Caterpillar Tractor Co.*, 117 Ill.App.3d 720, 723, 453 N.E.2d 880, 73 Ill.Dec. 55 (4th Dist. 1983), There are significant factual and legal issues affecting Grundy's and Vulcan's liens, including unpaid waivers, proof of material being delivered and proof of balance due. These matters may invalidate the mechanics liens. Once it is determined that the Government's lien has attached, priority is determined by Federal law, including IRC 6323 which may subordinate the mechanics lien claims to the Government's tax lien. *Aquilino v. United States* 363 U.S. 509, 513-514, 80 S.Ct. 1277, 4 L.Ed.2d 1365. (1960). Once the Government's tax lien attaches, it may be prior to the mechanics lien claims.

collateral may have produced proceeds that reduced its claim. The amount of Midwest's lien claim has not been determined.

## SUMMARY AND CONCLUSION

All of the cases formerly pending in Kendall County that involve claims against Ibarra's receivable due from Lakewood were consolidated and became one suit and one case. This occurred before this case was removed. Therefore, when the Notice of Removal was filed there was only one case. That case, was properly described in the Government's Notice of Removal and was removed. When it was removed, all of the cases that were consolidated into it were also removed.

The Notice of Removal was filed timely. Remand cannot occur without the Government's consent.

Section 30 of the Illinois Mechanics Lien Act gives the court authority to take control of all lien litigation by enjoining other proceedings. Therefore, this Court has the authority under State statute to exercise complete jurisdiction and control over all claims involved in this matter by enjoining other proceedings. But in fact there are no other cases in which liens against the funds are being asserted. There is no impediment to the Court jurisdiction on this account and there is also nothing to enjoin. ..

Under 770 ILCS 60/30 Lakewood has a substantive right to have all lien claims adjudicated in one proceeding so that one judgment is rendered that binds all. Under Section 30, all persons having an interest in the property must be made parties defendant. Otherwise, the court has no jurisdiction under the statute because it lacks authority to adjust all claims.

Midwest Bank only has a security interest in Ibarra's receivables because sales of accounts receivable are governed by Article 9 of the Uniform Commercial Code. Any sale was subject to the Government's lien because the lien was filed before Ibarra's assignment for the benefit of creditors and before the sale of the receivables by the assignee to Midwest.

Whether or not the Government's lien has attached is a factual question under State law and depends in part upon the validity and amount of the mechanics lien claims. If the Government's lien attaches, the Government's claim may be have priority under Federal law over the mechanics lien claims.

The Government's subordination may make its lien inferior to that of Midwest, but a subordination is not a release of the Government's lien. In addition, Midwest may be required to marshal the assets that secure its claim. The actual amount of Midwest' claim has yet to be determined. It is not clear that even if the Government's lien claim is subordinate, that the amount Midwest can assert against the funds available will exhaust them.

For all these reasons, the Plaintiff Lakewood respectfully requests that the motions to remand filed by Vulcan, Grundy and Midwest Bank and Trust be denied.

HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
HOWARD M. TURNER
PAUL W. CARROLL
GOULD & RATNER LLP
222 North LaSalle Street
Chicago, IL 60601
312/236-3003

# APPENDIX

770 ILCS 60/30 provides:

If there are several liens under sections 21 and 22 of this Act upon the same premises, and the owner or any person having such a lien shall fear that there is not a sufficient amount coming to the contractor to pay all such liens, the owner or any one or more persons having such lien may file his, her or their complaint in the circuit court of the proper county, stating such fact and such other facts as may be sufficient to a full understanding of the rights of the parties. The contractor and all persons having liens upon or who are interested in the premises, so far as the same are known to or can be ascertained by the plaintiff, upon diligent inquiry shall be made parties. Upon the hearing the court shall find the amount due from the owner to the contractor, and the amount due to each of the persons having liens, and in case the amount found to be due to the contractor shall be insufficient to discharge all the liens in full, the amount so found in favor of the contractor shall be divided between the persons entitled to such liens pro rata after the payment of all claims for wages in proportion to the amounts so found to be due them respectively. If the amount so found to be due to the contractor shall be sufficient to pay the liens in full, the same shall be so ordered. The premises may be sold as in other cases under this Act. The parties to such action shall prosecute the same under like requirements as are directed in section 11 of this Act, and all persons who shall be duly notified of such proceedings, and who shall fail to prove their claims, whether the same be in judgment against the owner or not, shall forever lose the benefit of and be precluded from their liens and all claims against the owner. Upon the filing of such complaint the court may, on the motion of any person interested, and shall, upon final judgment stay further proceedings upon any action against the owner on account of such liens, and costs in such cases shall be adjusted as provided for in section 17 of this Act.

## PROOF OF SERVICE

      The undersigned, a non-attorney, certify that I served this notice by mailing a copy to each party to whom it is directed on the attached Service List and by depositing same in the U.S. Mail at 222 North LaSalle Street, Chicago, IL 60601 by 5:00 p.m. on the 17th day of April, 2008 with proper postage prepaid together with the documents referred to therein.

*/s/ Kerrie Cleve*
Kerrie Cleve

[x]    Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth herein are true and correct


## SERVICE LIST

Patrick Mazza & Associates  
290 S. Main Place #101  
Carol Stream, IL 60188-2476  
Counsel for Vulcan Const. Materials

Illinois Brick Company  
7601 W. 79th Street  
Bridgeview, IL 60455

McCann Industries, Inc.  
543 S. Rohlwing Rd  
Addison, IL 60101

Steel Masonry, Inc.  
c/o Robert J. Hennessy  
11800 S. 75th Ave 101  
Palos Heights, IL 60463

Raagnee Beri  
Patrick J. Fitzgerald  
United States Department of Justice  
P.O. Box 55, Ben Franklin Station  
Washington, DC 20044  
Counsel for United States of America

R & J Construction Supplies  
30 W. 180 Butterfield Road  
Warrenville, IL 60555

Howard B. Samuels  
Rally Capital LLC  
350 N. LaSalle Street  
Suite 1100  
Chicago, IL 60601

Mr. John V. Hanson  
Hanson and Hanson  
1802 North Division Street  
Suite 304  
Morris, IL 60450-0825  
Counsel for Grundy County Redi-Mix, Inc.

Donald Wilson  
Murray, Jensen & Wilson  
101 N. Wacker Drive, Suite 101  
Chicago, IL 60606  
Counsel for Midwest Bank & Trust

John S. Mrowiec  
Conway & Mrowiec  
20 South Clark Street  
Suite 1000  
Chicago, IL 60603  
Counsel for Grundy County Redi-Mix

376584.1 08003.383