IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC, ) | |
| ) | Case No. 1:08-cv-1200 |
| Plaintiff, ) | |
| v. ) | Hon. Suzanne B. Conlon |
| ) | |
| IBARRA CONCRETE CO., et al., ) | Magistrate Judge: Jeffrey Cole |
| ) | |
| Defendant. ) | |

DEFENDANT UNITED STATES' RESPONSE TO MOTIONS FOR REMAND

The defendant, the United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, hereby submits this memorandum in opposition to three pending motions for remand: (1) defendant Vulcan Construction Materials' motion for remand (docket # 15); (2) defendant Midwest Bank and Trust Company's motion for remand (docket # 20); and (3) defendant Grundy Redi-Mix's motion for remand (docket # 23).

I.  **Background**

On January 11, 2008, plaintiff Lakewood Prairie, LLC ("Lakewood") filed a second amended complaint while this action was pending in Kendall County Circuit Court at case number 07 CH 389. Plaintiff alleged claims for general settlement and interpleader, and named, among others, Vulcan Construction Materials (hereinafter "Vulcan"), Midwest Bank and Trust Company's (hereinafter "Midwest"), Grundy Red-Mix's (hereinafter "Grundy"), and the United States as defendants. (Docket # 1, Exhibit 2 thereto (Complaint)). On February 28, 2008, citing 28 U.S.C. §§ 1442(a)(1) and 1444, the United States removed the action styled *Lakewood Prairie, LLC v. Ibarra Concrete Co. et al.*, Case No. 07 CH 389 (this action), to this Court. (*See*

1

docket # 1, *Notice of Removal*.)  Defendants Vulcan, Midwest, and Grundy thereafter filed motions for remand.  (Docket # 15; Docket # 20; Docket # 23.)  On April 8, 2008, during a hearing on the motions, the Court ordered Grundy to supplement its motion, particularly with respect to its claim that the Court lacked jurisdiction, and that the United States' removal was defective.  The Court granted the other defendants the opportunity to supplement their motions as well, and ordered all defendants to file any supplements no later than April 15, 2008.  The Court granted the government until April 29, 2008 to respond to the motions and supplemental briefs.  (Docket # 25.)  Defendants Vulcan, Midwest, and Grundy have each filed supplemental briefs, (*see* docket # 26, 27, and 29), and the United States now responds to the arguments raised in the motions to remand and supplemental briefs as follows.

## II.    ANALYSIS

### A.    *The United States' Removal was not Procedurally Defective*

Grundy contends that the United States' Notice of Removal was procedurally defective because it "does not include allegations or materials sufficient to determine the timeliness of removal."  (Docket # 23-2 at 6.)  Grundy specifically points to the summons which was received by the United States Attorney's Office, and asserts that the "Received" stamp is illegible except for the month "January" and year "2008," and that as such, the removal is timely only if the United States Attorney's Office received a copy of the summons no earlier than January 28, 2008.  This is because the case was removed on February 28, 2008 (30 days later).  Grundy concludes that the United States' "failure to exhibit timeliness in IRS's Notice is fatal."  (Docket # 23-2, at 7.)

Grundy's is incorrect in asserting that the removal was procedurally defective. As a preliminary matter, the United States Attorney's Office for the Northern District of Illinois did not in fact receive a copy of summons and the amended complaint until February 1, 2008. This is consistent both with the United States' internal records, and the Return of Service filed with the Kendall County Circuit Court. (*See Return of Service*, attached hereto as Exhibit 1; *February 2, 2008 Letter from U.S. Attorney's Office to Patrick Mullarkey*, attached hereto as Exhibit 5.) Further, the "received" stamp on the summons received by the United States Attorney's Office reads in error "JAN 32," which would otherwise be February 1, given that January has only 31 days; therefore, all of the evidence in the record supports the conclusion that the United States Attorney's Office did not receive a copy of the summons and complaint until February 1, 2008. (*See* Docket # 1, Exhibit 1 thereto (Summons)). Moreover, pursuant to RULE 4(i), to serve the United States or one of its agencies, in addition to delivering the summons and complaint to the United States Attorney, a party must "send a copy of [the summons and of the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." FED. R. CIV. P. 4(i)(1)(B). At the time of removal, the Attorney General had not been served a copy of the summons and complaint in the present action by plaintiff.[1] Accordingly, the removal clock had not even begun to tick on February 28, 2008 (the date this case was removed). The February 28, 2008, Notice of Removal was not, therefore, untimely. Finally, Grundy incorrectly implies that the notice of removal is defective because it does not explicitly state a date of service. The procedure for removal is prescribed by 28 U.S.C. § 1446,

---

[1] Indeed, to date, the Attorney General has not been served with a copy of summons and the complaint in the present action.

which does not require an explicit statement of the date of service. *See* 28 U.S.C. § 1446. That information can be found on the return of service.

      **B.**     ***The United States is a Proper Party to this Action***.

Midwest Bank moves to remand the present action on the ground that removal was premised on the United States being a party, and that the United States is not a proper party. (Docket # 20.) Midwest argues that the IRS executed subordination agreements which placed Midwest's security interest in Ibarra's assets ahead of the claims of the IRS, and as such, any monies owed by Lakewood to Ibarra are not subject to IRS liens. (Docket # 20, at 2.) Midwest's argument is without merit. First, the United States was joined as a party, rightly or wrongly, and its joinder as a party is the basis for the removal of the action. Second, discovery is needed on the issue of whether the funds due from Lakewood are in fact subject to any subordination agreements. Third, even if the IRS's claims are subordinate to Midwest's claims, it remains unclear without discovery exactly how much Midwest is entitled to collect, and whether, thereafter, the United States is entitled to collect any remainder, or whether there are any circular priority issues, as alleged in the amended complaint. As such, even if Midwest has priority over the IRS, the United States still has an interest in a determination of its priority with respect to other claimants. In short, a subordination of the United States' interest in the funds to that of another lien holder is not a discharge or release of any claim to the funds themselves, and is not determinative of whether the United States is a proper defendant to this action. The present action is an action of interpleader with respect to property on which the United States claims a federal tax lien, and as such, the United States has been properly named a party pursuant to 28 U.S.C. § 2410, and the action properly removed. *See* 28 U.S.C. §§ 2410 and

1444.  Midwest's motion to remand on the ground that the United States is not a proper party should therefore be denied.

        C.       ***The Court has Jurisdiction Over this Matter.***

Grundy argues that the Court lacks subject-matter jurisdiction "because the funds held by Lakewood or the Lakewood Subdivision Realty at issue or both are under the prior and exclusive jurisdiction of Kendall Country Circuit Court."  (Grundy's Supplement, Docket # 29 at 5.)  Specifically, Grundy argues that both Kendall County Circuit Court cause numbers 2006-CH-360 and 2007-L-62 involved claims to funds due from Lakewood to Ibarra, and because, according to Grundy, those claims were not removed, the Kendall County Circuit Court retains jurisdictions over the funds -  the *"res"* - in the present action.  Grundy argues that this Court cannot concurrently exercise jurisdiction over the *res*.  (Docket # 29, at 7.)  Grundy's motion is premised on the incorrect argument that all claims to the funds due from Lakewood were not removed to this Court.

Grundy relies heavily on the United State's answer to Paragraph 12 of the amended complaint in the removed action styled *Lakewood Prairie, LLC v. Ibarra Concrete Co. et al.*, Case No. 07 CH 389 (this action).  The allegation and the United States' corresponding answer for Paragraph 12 of the complaint are as follows:

> *12.     In addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86.  Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number No 2007 L 062 (the "Citation Action") now pending in this Court.*
>
> **ANSWER:**    Denies that *Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company*, cause number No 2007 L 062 is "now pending in this Court," and avers that the United States removed the present cause from the

> Kendall County Circuit Court and therefore the present cause is no longer pending in the same court as *Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company*, which upon information and belief remains pending in the Kendall County Circuit Court. The United States currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

The United States was never named a party to, nor served in Kendall County Circuit Court Cause No 2007 L 062, an action styled as *Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company*. Therefore, the United States could not claim in its answer to have removed "*Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company*."[2] Moreover, the United States' answer is not determinative of the effect of any order consolidating the state-court cases. There are three recognized forms of consolidation: "(1) Where several cases are pending involving substantially the same subject matter a method of avoiding the trial of each case separately is to stay the proceedings in all but one, the decision in the others to be settled by that reached in the one trial; (2) where several cases involve an inquiry into the same event in its general aspects, the cases may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been made the subject of a single proceeding, the cases, by consolidation, become merged into one in which the rights of the parties are determined." *Black Hawk Motor Transit Co. v. Illinois Commerce Commission*, 48 N.E. 2d 341, 346 (Ill. 1943). The Kendall County Circuit Court ordered a consolidation of the third type, as the record makes clear that the rights of all parties to the funds due from Lakewood are to be determined in the consolidated action at 07 CH 389.

---

[2]Insofar as the Court finds that the United States' answer confuses the issue, the United States would request leave to amend its answer.

Lakewood requested to consolidate on the "so that all parties are in a single proceeding so that a complete determination of the rights of the parties and interests in the moneys due and the real estate can be determined." (*See Lakewood's Motion to Consolidate*, attached hereto as Exhibit 2.) Citing Lakewood's motion, the court ordered that cause numbers 2006-CH-360 and 2007-L-62 "shall be consolidated into 2007 CH 389," and "[a]ll future pleadings shall use the 2007 CH 389 caption." The court referred only to Lakewood's motion, and neither listed alternative grounds for consolidation, nor set forth other purposes of consolidation. *See State Court Order of September 19, 2007*, attached hereto as Exhibit 3; *State Court Order of January 4, 2008*, attached hereto as Exhibit 4. Given the effect of the consolidation order, at the time of removal of 2007 CH 389 from the Kendall County Circuit Court, claims of both 2006 CH 360 and 2007 L 62 were consolidated into 2007 CH 389 (the removed case to which the United States was joined). In other words, all claims to the *res* - funds owed by Lakewood - were pending in 2007 CH 389, and were to be determined in that matter. The United States' removal of 2007 CH 389 removed all claims pending in 2007 CH 389, including all claims to the funds owed by Lakewood, and there are no issues of comity since the jurisdiction of the state court was removed.[3] *See* 28 U.S.C. § 1446(d). Grundy's suggestion that the *res* somehow remains under the jurisdiction of the Kendall County Circuit Court is unsupported. Grundy's motion for remand on this ground should accordingly be denied.

### D. *Vulcan's Motion for Remand is Premature.*

Vulcan asserts that this case may be remanded after the Court determines (1) whether the

---

[3] The result would be the same even if another type of consolidation order were entered.

United States has valid lien claims to either the general settlement fund or to the properties of individual homeowners, and (2) whether the United States has priority over all other lien claimants in the general settlement action. Vulcan's request is premature because the United States' rights have yet to be determined - indeed, that is the reason the United States has been named to this action. Since this is an interpleader, any distributions towards the claims of the United States would have to be ordered prior to any remand, and that order woul d have to be made final under FED. R. CIV. P. 54(b). Vulcan's motion for remand pending the determination of the United States' rights, should be denied as premature or taken under advisement.

### III.   CONCLUSION

WHEREFORE, the United States requests that this Court enter an order denying the three pending motions for remand (docket #s 15, 20, and 23).

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> */s/ Raagnee Beri*
> RAAGNEE BERI
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O Box 55, Ben Franklin Station
> Washington, D.C.  20044
> Telephone: (202) 305-7917
> Fax: (202) 514-5283
> E-mail: Raagnee.Beri@usdoj.gov

CERTIFICATE OF SERVICE

      I CERTIFY that service of the foregoing DEFENDANT UNITED STATES' RESPONSE TO MOTIONS FOR REMAND, which has been filed through the Electronic Case Filing (ECF) system, has this 29th day of April, 2008 been served by electronic means on those parties registered for ECF and upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

| | | |
|---|---|---|
| Howard M. Turner<br>Paul W. Carroll<br>Gould & Ratner, LLP<br>222 North LaSalle Street<br>Chicago, IL 60601<br>Counsel for Lakewood Prairie, LLC | Ibarra Concrete Company<br>c/o Alberto Ibarra<br>3403 Green Pastures Road<br>Carpentersville, IL 60110 | Patrick Mazza & Associates<br>290 S. Main Place #101<br>Carol Stream, IL 60188-2476<br>Counsel for Vulcan Const. Materials |
| Howard B. Samuels<br>c/o Rally Capital LLC<br>350 N. LaSalle Street, Ste. 1100<br>Chicago, IL 60601 | John V. Hanson<br>Hanson and Hanson<br>1802 North Division St., Ste. 304<br>Morris, IL 60450-0825<br>Counsel for Grundy Red-Mix, Inc. | R & J Construction Supplies<br>30 W. 180 Butterfield Road<br>Warrenville, IL 60555 |
| Donald Wilson<br>Murray, Jensen & Wilson<br>101 N. Wacker Drive, Suite 101<br>Chicago, IL 60606<br>Counsel for Midwest Bank & Trust | Illinois Brick Company<br>7601 W. 79th Street<br>Bridgeview, IL 60455 | Steel Masonry, Inc.<br>c/o Robert J. Hennessy<br>11800 S. 75th Ave 101<br>Palos Heights, IL 60463 |
| McCann Industries, Inc.<br>543 S. Rohlwing Rd.<br>Addison, IL 60101 | | |

                                                          PATRICK J. FITZGERALD
                                                          United States Attorney

                                                          */s/ Raagnee Beri*
                                                          RAAGNEE BERI
                                                          Trial Attorney, Tax Division
                                                          United States Department of Justice
                                                          Post Office Box 55, Ben Franklin Station
                                                          Washington, DC 20044
                                                          Phone: (202) 305-7917
                                                          Fax: (202) 514-5283
                                                          E-mail: Raagnee.Beri@usdoj.gov