IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC ) | |
| ) | |
| Plaintiff, ) | NO 2007 CH 0389 |
| ) | |
| v. ) | |
| ) | |
| IBARRA CONCRETE COMPANY ) | |
| VULCAN CONSTRUCTION MATERIALS LP ) | |
| d/b/a VULCAN MATERIALS COMPANY ) | |
| et. al. | |

FILED
SEP 19 2007
BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

## AMENDED MOTION TO CONSOLIDATE

Now comes the Defendant Lakewood Prairie, LLC by its attorneys Howard M. Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall and move to with the following causes now pending in this Court:

(a) Vulcan Construction Materials LP etc. v. Lakewood Prairie LLC et. al. cause number 2006 CH 0360 (the "Foreclosure Action")

Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number 2007 L 0062 (the "Citation Action"); and

(b) Lakewood Prairie LLC v. Ibarra Concrete Company et. al. cause number 2007 CH 0389 ( "General Settlement Action")

and as reason therefor states as follows:

1. The Foreclosure Action and the General Settlement Action involve the same real estate and the same claims.

2. The Foreclosure Action was filed by Vulcan Construction Materials LP ("Vulcan") pursuant to Section 11 and 28 of the Illinois Mechanics Lien Act to enforce its liens against the real estate and against funds due or to become due from Lakewood Prairie LLC ("Lakewood



Prairie") to Ibarra Concrete Company ("Ibarra").

3. The General Settlement Action was filed by Lakewood Prairie pursuant Section 30 of the Illinois Mechanics Lien Act to adjudicate all claims against the real estate arising out of any work performed on it by Ibarra for the following reasons:.

    a. The amount of the lien claims asserted against the real estate by subcontractors of Ibarra exceeds the funds due from it to Ibarra.

    b. In addition, a trustee for creditors of Ibarra has filed a claim for lien and may contest the validity of the mechanics lien claims asserted by Ibarra's subcontractors.

    c. Lien claimants including Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company, and Steel Masonry, Inc. have not been made parties defendant to the Foreclosure Action, but are necessary parties to both the Foreclosure Action and the General Settlement Action.

4. The Citation Action was transferred from the Circuit Court of Du Page County to the Circuit Court of Kendall County for reasons of forum non convenience and for consolidation with the Foreclosure Action. A copy of transfer is attached as Exhibit A.

5. Vulcan, Ibarra, and Lakewood Prairie, LLC are all parties to both to the Foreclosure Action, the General Settlement Action, and to the Citation Action or its underlying judgment.

6. In the Foreclosure Action, Vulcan is suing Lakewood Prairie, as owner of the real estate and Ibarra as general contractor to enforce a mechanics lien claim. The amount of that lien claim is included in the amount of Vulcan's judgment in the Citation Action.

7. Vulcan's mechanics lien claim is for $83,073.51 and its judgment in the Citation

Action is for $187,205.86, which includes its mechanics lien claim.

8. In addition to Vulcan's lien, there are twenty four other lien claims filed against the real estate and the money that is due or to become due from Lakewood Prairie to Ibarra. The recorded liens are as follows:

 a. One claim for lien by R&J Construction Supplies for $5,996.00

 b. Twenty two separate claims for lien by Grundy Redi Mix for a total of $241,643.00.

 c. One claim for lien by Vulcan Materials Corporation for $83,073.51.

 d. One claim by the Ibarra Concrete Company Creditors Trust for $301,749.00

9. The question of who is entitled to whatever amount the Court determines is due from Lake Prairie to Ibarra is further complicated by the following factors:

 a. Vulcan's judgment lien arising out of the service of the citation is inferior and subordinate to the mechanics lien claims if they are properly perfected. See *Nelson v. Urban*, 236 Ill. App. 447 (1st Dist 1925).

 "The contract on which the mechanic's lien was based antedated the service of the garnishment writ. If the lien in fact existed, it was therefore superior to the lien acquired by the garnishor."

 b. The garnishment lien may also be inferior to the lien of the Creditors' Trust if it is a proper assignment for the benefit of creditors.. See *Bach v. Chas. Weiner & Sons, Inc*, Ill.App.2d 284, 127 N.E.2d 279 (Ill. App. 1 Dist., 1955); *Kimball, for Use of Kimball v. Mulhern* 15 Ill. 205 (1853); *Dehner v. Helmbacher Forge & Rolling Mills* 7 Ill. App. 47, 1880 WL 10337 (Ill.App. 4 Dist. 1880).

 c. Under the Mechanics Lien Act, (770 ILCS 60/15) Vulcan will share pro-rata with other lien claimants to the extent that it and they have valid liens. Any sum remaining will then be subject either the lien of the Creditors Trust,

Vulcan's judgment, and any other liens that may exist.

d. The lien claimants have in some cases filed liens on different lots, and according to both the Creditors' Trust's lien claim and Lakewood Prairie's records, different amounts may be owed on lots that are not subject to any claim for lien other than the Creditors Trust's claim.

e. Some lien claimants have given waivers of liens, and it is not clear whether the liens filed have been waived in whole or in part.

f. Ibarra has given sworn statements indicating that it has paid for all of its materials, and that its only material supplier is Grundy Redi Mix.

10. Under 770 ILCS 60/11, all of the lien claimants are necessary parties to both the Foreclosure Action and the General Settlement Action.

11. The Code of Civil Procedure Section 735 ILCS 5/2-1402 (g) provides part that:

> "if any property, chose in action, credit or effect discovered, or any interest therein is claimed by any person, the court shall as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings."

12. The Code of Civil Procedure 735 ILCS 5/12-710 requires that all persons having claims be made parties to the proceedings, and 735 ILCS 5/12-711(c) provides that in such a case, a trial shall be conducted as in other civil cases.

13. In order for the Court to determine who is entitled to whatever amount is found to be due from Lakewood Prairie to Ibarra, this Court will need to decide the validity and amount of all twenty five mechanics lien claims.

14. Where mechanics lien claims are involved, pending actions should be consolidated so that all parties are in a single proceeding so that a complete determination of the rights of the

parties and interests in the moneys due and the real estate can be determined. See *Malkov Lumber Co. v. Serafine Builders, Inc.* 1 Ill.App.3d 543, 273 N.E.2d 654 ( Ill. App. 1st Dist. 1971.)

Wherefore Lakewood Prairie, LLC prays that this Honorable Court consolidate the General Settlement Action and the Citation Action into the Foreclosure Action.

_____
HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
GOULD & RATNER LLP
222 North LaSalle Street
Suite 800
Chicago, IL  60601
312/236-3003

MICHAEL T. NIGRO
NIGRO & WESTFALL, PC
1793 Bloomingdale Road
Glendale Heights IL 60139
(630) 682-9872

15.