IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

CAUSE NO. 2007-CH-0389

LAKEWOOD PRAIRIE, LLC,

                    Plaintiff,

vs.

IBARRA CONCRETE COMPANY, VULCAN
MATERIALS LP d/b/a/ VULCAN MATERIALS
COMPANY, HOWARD B. SAMUELS, as
Assignee for the Benefit of the Ibarra Concrete
Trust, GRUNDY REDI-MIX, INC., R. J.
CONSTRUCTION SUPPLIES, ILLINOIS
BRICK COMPANY, STEEL MASONRY, INC.,
UNKNOWN OWNERS and UNKNOWN
NECESSARY PARTIES,

                    Defendants.

## DEFENDANT GRUNDY REDI-MIX, INC.'S MEMORANDUM ON ITS MOTIONS TO DISMISS

### FACTS

This case arises under the *Illinois Mechanics Lien Act 770 ILCS 60/1 et seq. (2006)* (the "Statute"). In January of 2006, Plaintiff was the owner, developer and subdivider of the real estate described in the Complaint filed in this cause, known as Lakewood Prairie Units 1, 1A and 2 (herein the "Subdivisions"). It hired Defendant Ibarra Concrete Company ("Ibarra") to perform concrete work in the construction of residences on the various lots in the subdivisions. Ibarra, in turn purchased concrete building materials from Defendant Grundy Redi-Mix, Inc. ("Grundy"), which delivered the product to the construction sites. Grundy served notices pursuant to *Section 24* of the Statute and recorded mechanics lien claims against 92 lots in the

1

EXHIBIT 30

Subdivisions. Grundy's lien claims total $415,847.40. Other Defendants in this cause also have filed lien claims.

On August 16, 2007, Plaintiff filed its Complaint for General Settlement Pursuant to Section 30 of the Statute. Grundy has responded to the Complaint with a Motion To Dismiss under *Section 2-615* of the *Illinois Code of Civil Procedure, 735 ILCS 5/2-615 (2006)* (the "Code of Civil Procedure"), grounded on the fact that Plaintiff lacks standing to maintain this action because it fails to allege that it is an owner of the real estate which is the subject matter of the law suit. Plaintiff has replied to this Defendant's Motion to Dismiss, alleging, in substance, that it need not be a present owner of the real estate to maintain this action. It argues that under *Section 30* of the Statute, it only need to allege that it was an owner *at the time that* it entered into the contract with Ibarra.

In addition, Defendant Grundy has also filed a second Motion to Dismiss pursuant to *Section 2-619* of the Code of Civil Procedure grounded on Plaintiff's failure to join necessary parties to litigation under *Section 30* of the Statute. This Memorandum will discuss the requirements to bring an action under of *Section 30* of the Statute in light of both Motions to Dismiss.

## ISSUES

WHETHER PLAINTIFF MUST HAVE A PRESENT INTEREST IN THE REAL ESTATE AT ISSUE HEREIN IN ORDER TO MAINTAIN THIS ACTION?

WHETHER PLAINTIFF HAS COMPLIED WITH ALL NECESSARY STATUTORY PRE-REQUISITES TO MAINTAIN AN ACTION UNDER THE STATUTE?

## ARGUMENT

*Section 30* of the Statute, a complete copy of which is attached as Exhibit A, addresses the situation in which there is a concern that all subcontractors' liens filed will not be satisfied by payment from the amounts due the contractor who hired them. It permits a qualified party (owner, lienor, etc.) having an interest in the real estate, to file a complaint in the Circuit Court of the county in which the real estate is located, join all persons claiming liens or having an interest in the real estate and seek a judicial determination of the amounts due the various lien claimants. All parties claiming liens must present their claims for adjudication by the Court "…under like requirements as are directed in section 11 of this Act…." The Court is authorized to declare the amount due each claimant and, if necessary, apportion the amounts due from the contractor among the lien claimants. Such is the apparent intent of the Plaintiff in the present action.

However, *Section 30* has further provisions which impact a suit such as that before the Court. It provides:

> 1) "The contractor and all persons having liens upon or who are interested in the premises, so far as the same known to or can be ascertained by the plaintiff, upon diligent inquiry, *shall be made parties*." (*emphasis added*)

> 2) "…in case the amount found to be due to the contractor shall be insufficient to discharge all the liens in full, the amount so found in favor of the contractor shall be divided between the persons entitled to such liens pro rata after the payment of all claims for wages in proportion to the amounts so found to be due them respectively. If the amount so found to be due to the contractor shall be sufficient to pay the liens in full, the same shall be so ordered. *The premises may be sold as in other cases under this Act.*" (*emphasis added*)

> 3) "Upon the filing of such complaint the court may, on the motion of any person interested, and shall, upon final judgment stay further proceedings upon any action *against the owner* on account of such liens, …" (*emphasis added*)

3

It is apparent that the statutory scheme envisioned by the legislature in this statute was to provide a complete resolution of all claims against the real estate which could arise under the Statute. It is equally apparent that the accomplishment of this purpose requires the owner to be a party to the action. This is borne out in the logic of the Court in *Edward Electric Company v. Automation, Inc.*, 164 Ill.App.3d 547, 518 N.E.2d 172, (1st Dist., 1987), a case cited by the Plaintiff in its Response to the first Motion to Dismiss. There, the issue was whether a subcontractor should serve a *Section 24* notice upon the contracting party who was the owner at the time he was hired, or upon an intervening owner who purchased after the work was begun but before the 3 month notice period had expired. The *Edward* Court commented:

> "The purpose of a mechanic's lien is to give contractors a legal hold on the owner's property as security for a debt. [citation] Obviously, it is the existing owner at the time of the lien claim is filed and at the time notice must be given who would be directly affected by an encumbrance on the property and who would need an opportunity to protect his or her property interest. We cannot agree with the implication of Edward's argument that a prior owner has a greater interest in the subject property than the current owner.
>     * * * *
> "In our opinion, the legislative addition of 'of record' must be read to mean the owner of the property existing, not at the time of contracting, but rather at the time the contractor is required to serve notice. *This conclusion is based upon the analysis set forth above, that the current property owner must be able to protect his or her property interests.*" *(emphasis added)* (164 Ill.App.3d 547,551-52, 518 N.E.2d 172,175)

The same logic and reasoning follows in the situation before this Court. The Statute requires a plaintiff to make parties, all persons known or ascertainable, having an interest in the premises. It further provides that the court may order the real estate sold to provide payment for the liens at issue. Who could possibly have a greater interest in protecting against the sale of the property than the current owner?

Defendant filed its original Motion to Dismiss predicated on the theory that the word "owner," as used in *Section 30* means the current owner of the real estate. This theory fits

4

within the logic of the *Edwards* Court, as argued above. It is implicit in the language of the statute cast in the present tense, e.g. "the owner," "persons *having* such a lien," and "persons *having* liens upon or who *are* interested in the premises."

Plaintiff, on the other hand, has discovered case law cited in Defendant's first Motion to Dismiss which holds that the words "the owner" have the same meaning in *Section 30* that they do in *Section 1*. *Hacken v. Isenberg*, 288 Ill. 589, 124 N.E. 306 (1919). The *Hacken* Court held:

> "By the provisions of section 1 of the Mechanics Lien Act the contractor's lien extends to an estate in fee, for life, for years or for any other estate, or any right of redemption or other interest which such owner may have in the lot or tract on which the improvement is made. By section 21 of the act the sub-contractor's lien extends to the same character of an estate, right or interest. An owner, within the meaning of said section 1, is one who has had improved any tract or lot of land in which he has such an estate, right or interest defined and set forth in section 1. [citation] The words "the owner" in section 30 have the same meaning as they do in section 1, and have reference to anyone having such an estate, right or interest as aforesaid, whether his estate, right or interest be one in fee, for lie, for years or for any other interest." (288 Ill. 594)

The issue in *Hacken* was whether an lessee who improved real estate could institute suit under Section 30 and whether a lien would attach to his interest. The *Hacken* Court answered both inquiries in the affirmative.

Section 1(a) of the Statute, a copy of which is attached as Exhibit B, merely creates a lien for certain "contractors" who are working to improve real property and describes the ownership interests to which that lien may attach. Plaintiff however, in paragraph (5) of its Response, literally rewrites that section to make it appear that the section defines the word "owner," stating:

> "Section 1 describes the owner as the person who:
>
> > "may have (an interest) in the lot or tract of land <u>at the time of making such contract</u> or may subsequently acquire and this lien attaches as of the

5

> date of the contract. (Emphasis supplied) 770 ILCS 60/1(a)" (emphasis original to Plaintiff's Response, ¶5)

Compare the above to the actual words of the Statute:

> "This lien extends to an estate in fee, for life, for years, or any other estate or right of redemption or other interest that the owner may have in the lot or tract of land at the time of making such contract or may subsequently acquire and this lien attaches as of the date of the contract" 770 ILCS 60/1(a) (2006)

The *Hacken* Court interpreted Section 1(a) to define an "owner" as one who (1) causes improvements to be made to real estate and (2) owns an estate or interest defined in Section 1(a) of the Statute.

Even the language manipulated by the Plaintiff does not suggest that an "owner" is limited to a person having an interest at the time of making a contractor with a "contractor." The use of the words "or may subsequently acquire," clearly extends the statutory lien to an interest acquired after the contract was made. This accounts for the situation in which an inchoate lien is created by a contract with an owner at the time contracting, which lien is later perfected by filing a claim for lien within the 4 month period after the improvement is completed, which filing occurs after the realty is sold to an intervening purchaser. That intervening purchaser is also an "owner" under the terms of Section 1.

## CONCLUSION

The clear import of the Statute which governs the action before the court is that the plaintiff must have a present interest in at least some of the real estate at issue and the present owners of the real estate are necessary parties to the action. Although Plaintiff may have an interest in a minimal number of the original lots which are the subject of Defendant's liens, as pointed out in Defendant's Second Motion to Dismiss, Plaintiff failed to join the owners of the

vast majority of the lots at issue. The Complaint should be dismissed. In the alternative, Plaintiff should be ordered to join the omitted necessary parties to this action.

WHEREFORE, Defendant Grundy Redi-Mix respectfully requests the Court enter an Order dismissing the Complaint herein, or in the alternative ordering Plaintiff to join the necessary parties omitted from this action.

GRUNDY COUNTY REDI-MIX, INC.,
Counter Plaintiff,

By _____
One of Its Attorneys

John V. Hanson
Attorney No. 01124226
Hanson and Hanson
Attorneys at Law, P.C.
1802 N. Division Street
P.O. Box 825
Morris, IL 60450
(815) 942-6700

Paul E. Root
Attorney No. 2376121
Attorney at Law, of Counsel
P.O. Box 688
Morris, IL 60450
(815) 942-4932

### 60/30. Multiple liens; insufficient funds; hearing; judgment

§ 30. Multiple liens; insufficient funds; hearing; judgment. If there are several liens under sections 21 and 22 of this Act upon the same premises, and the owner or any person having such a lien shall fear that there is not a sufficient amount coming to the contractor to pay all such liens, the owner or any one or more persons having such lien may file his, her or their complaint in the circuit court of the proper county, stating such fact and such other facts as may be sufficient to a full understanding of the rights of the parties. The contractor and all persons having liens upon or who are interested in the premises, so far as the same are known to or can be ascertained by the plaintiff, upon diligent inquiry shall be made parties. Upon the hearing the court shall find the amount due from the owner to the contractor, and the amount due to each of the persons having liens, and in case the amount found to be due to the contractor shall be insufficient to discharge all the liens in full, the amount so found in favor of the contractor shall be divided between the persons entitled to such liens pro rata after the payment of all claims for wages in proportion to the amounts so found to be due them respectively. If the amount so found to be due to the contractor shall be sufficient to pay the liens in full, the same shall be so ordered. The premises may be sold as in other cases under this Act. The parties to such action shall prosecute the same under like requirements as are directed in section 11 of this Act, and all persons who shall be duly notified of such proceedings, and who shall fail to prove their claims, whether the same be in judgment against the owner or not, shall forever lose the benefit of and be precluded from their liens and all claims against the owner. Upon the filing of such complaint the court may, on the motion of any person interested, and shall, upon final judgment stay further proceedings upon any action against the owner on account of such liens, and costs in such cases shall be adjusted as provided for in section 17 of this Act.

Laws 1903, p. 230, § 30, eff. July 1, 1903. Amended by Laws 1935, p. 945, § 1, eff. July 1, 1935; P.A. 81-251, § 1, eff. Aug. 28, 1979; P.A. 94-627, § 5, eff. Jan. 1, 2006.

Formerly Ill.Rev.Stat.1991, ch. 82, ¶ 30.



| Section | |
|---|---|
| 60/27. | Owner's duty after notice; preferences. |
| 60/28. | Suits by laborers, materialmen or sub-contractors. |
| 60/29. | Repealed. |
| 60/30. | Multiple liens; insufficient funds; hearing; judgment. |
| 60/31. | Failure to complete contract; owner's liability to sub-contractor. |
| 60/32. | Payments to contractor by owner. |
| 60/33. | Repealed. |
| 60/34. | General provisions. |
| 60/35. | Satisfaction or release; recording; neglect; penalty. |
| 60/36. | Wrongful sale or removal of materials. |
| 60/37. | Liens against water craft or mobile home. |
| 60/38. | Filing claims; recorder; duties; fees. |
| 60/39. | Construction of act. |

**60/0.01. Short title**

§ 0.01. Short title. This Act may be cited as the Mechanics Lien Act.

Laws 1903, p. 230, § 0.01, added by P.A. 86–1324, § 566, eff. Sept. 6, 1990.

Formerly Ill.Rev.Stat.1991, ch. 82, ¶ 0.01.

**Title of Act:**

An Act relating to contractors' and materialmen's liens, known as mechanics' liens. Laws 1903, p. 230, approved May 18, 1903, eff. July 1, 1903. Title amended by Laws 1943, Vol. 1, p. 867, § 2, approved May 26, 1943, eff. July 1, 1943; approved May 11, 1965, eff. July 1, 1965; P.A. 79–521, § 2, eff. Oct. 1, 1975; P.A. 79–1126, § 2, eff. Dec. 18, 1975; P.A. 79–1454, § 37, approved and eff. Aug. 31, 1976.

**60/1. Contractor defined; amount of lien; waiver of lien; attachment of lien; agreement to waive; when not enforceable**

§ 1. Contractor defined; amount of lien; waiver of lien; attachment of lien; agreement to waive; when not enforceable.

(a) Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land or for the purpose of improving the tract of land, or to manage a structure under construction thereon, is known under this Act as a contractor and has a lien upon the whole of such lot or tract of land and upon adjoining or adjacent lots or tracts of land of such owner constituting the same premises and occupied or used in connection with such lot or tract of land as a place of residence or business; and in case the contract relates to 2 or more buildings, on 2 or more lots or tracts of land, upon all such lots and tracts of land and improvements thereon for the amount due to him or her for the material, fixtures, apparatus, machinery, services or labor, and interest at the rate of 10% per annum from the date the same is due. This lien extends to an estate in fee, for life, for years, or any other estate or any right of redemption or other interest that the owner may have in the lot or tract of land at the time of making such contract or may subsequently acquire and this lien attaches as of the date of the contract.

(b) As used in subsection (a) of this Section, "improve" means to furnish labor, services, material, fixtures, apparatus or machinery, forms or form work in the process of construction where cement, concrete or like material is used for the purpose of or in the building, altering, repairing or ornamenting any house or other building, walk or sidewalk, whether the walk or sidewalk is on the land or bordering thereon, driveway, fence or improvement or appurtenances to the lot or tract of land or connected therewith, and upon, over or under a sidewalk, street or alley adjoining; or fill, sod or excavate such lot or tract of land, or do landscape work thereon or therefor; or raise or lower any house thereon or remove any house thereto, or remove any house or other structure therefrom, or perform any services or incur any expense as an architect, structural engineer, professional engineer, land surveyor or property manager in, for or on a lot or tract of land for any such purpose; or drill any water well thereon; or furnish or perform labor or services as superintendent, time keeper, mechanic, laborer or otherwise, in the building, altering, repairing or ornamenting of the same; or furnish material, fixtures, apparatus, machinery, labor or services, forms or form work used in the process of construction where concrete, cement or like material is used, or drill any water well on the order of his agent, architect, structural engineer or superintendent having charge of the improvements, building, altering, repairing or ornamenting the same.

(c) The taking of additional security by the contractor or sub-contractor is not a waiver of any right of lien which he may have by virtue of this Act, unless made a waiver by express agreement of the parties and the waiver is not prohibited by this Act.

(d) An agreement to waive any right to enforce or claim any lien under this Act where the agreement is in anticipation of and in consideration for the awarding of a contract or subcontract, either express or implied, to perform work or supply materials for an improvement upon real property is against public policy and unenforceable. This Section does not prohibit release of lien under subsection (b) of Section 35 of this Act or prohibit subordination of the lien, except as provided in Section 21.

Laws 1903, p. 230, § 1, eff. July 1, 1903. Amended by Laws 1913, p. 400, § 1, eff. July 1, 1913; Laws 1919, p. 640, § 1, eff. July 1, 1919; Laws 1937, p. 904, § 1, eff. July 1, 1937; Laws 1951, p. 1358, § 1, eff. July 11, 1951; P.A. 76–749, § 1, eff. Aug. 15, 1969; P.A. 77–439, § 1, eff. Jan. 1, 1972; P.A. 81–1185, § 1, eff. July 1, 1980; P.A. 84–702, § 1, eff. Sept. 20, 1985; P.A. 86–807, § 1, eff. Jan. 1, 1990; P.A. 87–361, § 1, eff. Jan. 1, 1992; P.A. 94–627, § 5, eff. Jan. 1, 2006.

Formerly Ill.Rev.Stat.1991, ch. 82, ¶ 1.

**60/1.1. § 1.1. Repealed by P.A. 94–627, § 10, eff. Jan. 1, 2006**

**60/2. Labor, services, material, fixtures, apparatus or machinery, forms or form work furnished by mistake**

§ 2. Labor, services, material, fixtures, apparatus or machinery, forms or form work furnished by mistake. Any person furnishing labor, services, material, fixtures, apparatus or machinery, forms or form work for the erection of a building, or structure, or improvement, by mistake upon land owned by another than the party contracting as owner, shall have a lien for such labor, services, material, fixtures, apparatus or machinery, forms or form work upon such building, or structure or improvement, and the court, in the enforcement of such lien, shall order and direct such building, structure or improvement to be separately sold under its


EXHIBIT B

STATE OF ILLINOIS

COUNTY OF KENDALL

IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY-YORKVILLE, ILLINOIS

U.S. BANK NATIONAL ASSOCIATION, TRUSTEE )
FOR JPMORGAN INVESTMENT BANK (JPMMAC) )
SECURITIZATION NAME - JPMMAC 2005-FLD1 )
)
        PLAINTIFF ) NO. ~~07 CH 62~~
) 07CH389
VS ) JUDGE
) Presiding
YASONDA M. PEARSON A/K/A YASONDA )
PEARSON; RICHARD L. PEARSON; MORTGAGE )
ELECTRONIC REGISTRATION SYSTEMS, INC., )
AS NOMINEE FOR FIELDSTONE MORTGAGE )
COMPANY; RAINTREE VILLAGE HOMEOWNERS )
ASSOCIATION ; UNKNOWN OWNERS AND NON )
RECORD CLAIMANTS ; )
)
        DEFENDANTS )

FILED
NOV 13 2007
BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

## NOTICE OF MOTION

TO: YASONDA M. PEARSON A/K/A YASONDA PEARSON; 1982 WESTON
AVENUE; YORKVILLE, IL 60560
RICHARD L. PEARSON; 1982 WESTON AVENUE; YORKVILLE, IL 60560
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR FIELDSTONE MORTGAGE COMPANY; 1595 SPRINGHILL RD STE
310; VIENNA, VA 22182
RAINTREE VILLAGE HOMEOWNERS ASSOCIATION C/O BRIAN MELTZER;
1515 E WOODFIELD RD 2ND FL; SCHAUMBURG, IL 60173

  On November 19, 2007, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Presiding in TBA, In the courthouse for Kendall County, Yorkville, Illinois at 9:00 A.M., or any judge sitting in his/her stead, in the courtroom usually occupied by him/her in the Court House for the Circuit Court of KENDALL County, Illinois, and shall then and there move the Court for the entry of an Order Approving the Report of Sale and Distribution and Order for Possession and Eviction.

Name: PIERCE & ASSOCIATES  Attorneys for: Plaintiff
Address: 1 North Dearborn    Telephone: (312) 346-9088
City:  Chicago, Illinois 60602  Facsimile: (312) 346-1557

  I, _Matt Spencer_, non-attorney, certify I served this notice by mailing a copy to the above-entitled addressees at the above-entitled addresses and depositing same in the U.S. Mail at 1 North Dearborn, Chicago, Illinois, 60602, at 5:00 p.m. on _Nov 12_, 20_07_, with proper postage prepaid.

(X) Under penalties as provided by law
  pursuant to 735 ILCS 5/1-109, I
  certify that the statements set  _Matthew A. Spencer_
  forth herein are true and correct.  SIGNATURE

STATE OF ILLINOIS

COUNTY OF KENDALL

IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY-YORKVILLE, ILLINOIS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR JPMORGAN INVESTMENT BANK (JPMMAC) SECURITIZATION NAME - JPMMAC 2005-FLD1 )<br><br>PLAINTIFF )<br>)<br>VS )<br>)<br>YASONDA M. PEARSON A/K/A YASONDA PEARSON; RICHARD L. PEARSON; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIELDSTONE MORTGAGE COMPANY; RAINTREE VILLAGE HOMEOWNERS ASSOCIATION ; UNKNOWN OWNERS AND NON RECORD CLAIMANTS ;<br>)<br>DEFENDANTS ) | 07CH389<br><br>NO. ~~07 CH 62~~<br><br>JUDGE<br>Presiding<br><br>FILED<br>NOV 13 2007<br>BECKY MORGANEGG<br>CIRCUIT CLERK KENDALL CO. |

**MOTION FOR ORDER APPROVING REPORT
OF SALE AND DISTRIBUTION AND FOR POSSESSION**

NOW COMES Plaintiff, U.S. BANK NATIONAL ASSOCIATION, TRUSTEE FOR JPMORGAN INVESTMENT BANK (JPMMAC) SECURITIZATION NAME - JPMMAC 2005-FLD1by and through its attorneys, PIERCE & ASSOCIATES, and moves this court for an Order Approving the Selling Officer's Report of Sale and Distribution and for possession, and in support thereof states as follows:

1. This is an action to foreclose a note and mortgage held by the Plaintiff.

2. This Court entered a judgment of Foreclosure and Sale on April 23, 2007.

3. Pursuant thereto, a Judicial Sale was scheduled to be held on October 22, 2007.

4. The Successful Bidder at the Judicial Sale is entitled to future possession of the property.

5. That 735 ILCS 5/15-1508 requires that a Report of Sale and Distribution be submitted to the Court for review and approval.

6. A copy of the Selling Officer's Report of Sale and Distribution is presented with this motion for the Court's review.

WHEREFORE, the Plaintiff requests that this Court enter an Order Approving the Selling Officer's Report of Sale and Distribution and for Possession.

PIERCE & ASSOCIATES, P.C.
Attorneys For Plaintiff
1 North Dearborn, Suite #1300      BY: _____
Chicago, IL 60602                        PIERCE & ASSOCIATES
Tel. (312) 346-9088                      Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | NO. 07 CH 389 |
| ) | |
| IBARRA CONCRETE COMPANY, VULCAN ) | |
| CONSTRUCTION MATERIALS COMPANY ) | |
| LP, d/b/a VULCAN MATERIALS COMPANY, ) | |
| HOWARD B. SAMUELS AS ASSIGNEE FOR ) | |
| THE BENEFIT OF THE IBARRA CONCRETE ) | |
| COMPANY TRUST, GRUNDY REDI-MIX, INC. ) | |
| R&J CONSTRUCTION SUPPLIES, ILLINOIS ) | |
| BRICK COMPANY STEEL MASONARY, INC., ) | |
| UNKNOWN OWNERS AND UNKNOWN ) | |
| NECESSARY PARTIES, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING

TO: Mr. John V. Hanson           Patrick Mazza & Associates
    Hanson and Hanson             290 South Main Place
    1802 North Division Street, Suite 304   Suite 101
    PO Box 825                    Carol Stream, IL 60188-2476
    Morris, IL 60450-0825

Please take notice that on the 30th day of October, 2007, we mailed the attached, Response to Grundy Redi Mix's Motion to Dismiss to be filed on behalf of Plaintiff, to the Circuit Court of Kendall County, 807 John Street, Yorkville, Illinois, 60560 for filing.

HOWARD M. TURNER

# 2868482
GOULD & RATNER LLP            MICHAEL T. NIGRO
222 North LaSalle Street      NIGRO & WESTFALL, PC
Suite 800                     1793 Bloomingdale Road
Chicago, IL 60601             Glendale Heights IL 60139
312/236-3003                  (630) 682-9872

381608.1 08003.383

## PROOF OF SERVICE

The undersigned, a non-attorney, certify that I served the above and foregoing Response of Grundy Redi Mix's Motion to Dismiss as described there in attached by mailing a copy to each of the following parties:

Mr. John V. Hanson
Hanson and Hanson
1802 North Division Street, Suite 304
PO Box 825
Morris, IL  60450-0825

Patrick Mazza & Associates
290 South Main Place
Suite 101
Carol Stream, IL  60188-2476

by placing same in an envelope addressed to each such party and depositing same in the U.S. Mail at 222 North LaSalle Street, Chicago, IL  60601 by 5:00 p.m. on the 30th day of October, 2007 with proper postage prepaid.

_____
Kerrie Cleve

[x]  Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth herein are true and correct.

IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY<br><br>                Plaintiff,<br><br>v.<br><br>LAKEWOOD PRAIRIE, LLC, et. al<br><br>                Defendants<br><br>LAKEWOOD PRAIRIE, LLC<br><br>                Plaintiff,<br><br>v.<br><br>IBARRA CONCRETE COMPANY et. al. | NO. 2006 CH 0360<br>IN CONSOLIDATION<br>WITH NO 2007 CH 0389 |

**RESPONSE TO GRUNDY REDI MIX'S
MOTION TO DISMISS**

Now comes the Defendant Lakewood Prairie, LLC by its attorneys Howard M. Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall, and in response to the Motion to Dismiss the General Settlement Complaint filed by Grundy Redi Mix, Inc. states as follows:

    1.    Grundy claims that the General Settlement Complaint is defective because it fails to expressly allege that Lakewood Prairie is the present owner of the property, but instead alleges that it was the owner in January of 2006 when it employed Ibarra Concrete to perform concrete work.

    2.    Grundy claims that Section 30 requires that Lakewood Prairie allege that it is the present owner of the property instead of the owner who made the contract with Ibarra for

improvement of the real estate.

3. Contrary to Grundy's claim, 770 ILCS 60/30 uses the words "owner" not "present owner."

4. In *Hacken v. Isenberg* 288 Ill. 589, 594, 124 N.E. 306 (1919), the Illinois Supreme Court held that the words 'the owner' in Section 30 of the Mechanics Lien Act as they have in Section 1. See also *Cooper v. Palais Royal Theatre Co.* 242 Ill.App. 184,(1st Dist. 1926). See also *Mechanics Liens In Illinois* Section 1.44 page 1-64 IICLE 2007. (See attached)

5. Section 1 of the Act refers to the owner who made the contract with the contractor. *Mechanics Liens In Illinois* Section 1.43 page 1-62. IICLE 2007 (See attached). Section 1 describes the owner as the person who:

> may have (an interest) in the lot or tract of land <u>at the time of making such contract</u> or may subsequently acquire and this lien attaches as of the date of the contract. (Emphasis supplied). 770 ILCS 60/1(a)

6. Section 1 refers to the "owner" who was such "at the time of making" of the contract for with the contractor. It has the same meaning under Section 30. *Hacken v. Isenberg, Id.; Cooper v. Palais Royal Theatre Co. Id.*

7. The term "owner" under Sections 1 and 30 is different in meaning from the words "owner of record" in Section 24. The words "owner of record" refer to the title holder of record at the time a subcontractor's notice of claim for lien is served. See *Edward Elec. Co. v. Automation, Inc.* 164 Ill.App.3d 547, 551-552 (Ill. App. 1 Dist.,1987). The word "owner" refers to the person who made the contract with the contractor or knowingly permitted the contract to be made. *Hacken v. Isenberg, Id.; Cooper v. Palais Royal Theatre Co. Id.*

8. Lakewood Prairie alleges that it is the owner who made the contract with Ibarra. That is all that is required.

Wherefore, Lakewood Prairie prays that Grundy's Motion to Strike be denied.

*[signature]*

HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
GOULD & RATNER LLP
222 North LaSalle Street
Suite 800
Chicago, IL 60601
312/236-3003

MICHAEL T. NIGRO
NIGRO & WESTFALL, PC
1793 Bloomingdale Road
Glendale Heights IL 60139
(630) 682-9872