FILED
NOV 21 2007
BECKY ...
CIRCUIT CLERK KENDALL CO.

## IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
## KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| VULCAN CONSTRUCTION MATERIALS LP d/b/a VULCAN MATERIALS COMPANY<br><br>Plaintiff,<br><br>v.<br><br><br>LAKEWOOD PRAIRIE, LLC, IBARRA CONCRETE COMPANY, LA SALLE BANK, N.A., UNKNOWN OWNERS AND UNKNOWN LIEN-HOLDERS<br><br>Defendants | NO. 2006 CH 0360<br>In consolidation with<br>NO 07 CH 389<br>NO 2007 L 062 |

### MOTION TO FILE AMENDED COMPLAINT

Now comes the Defendant Lakewood Prairie, LLC by its attorneys Howard M. Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall and moves to file its Amended Complaint adding Count II in the nature of an interpleader suit and as reason therefor states as follows:

1. This cause has not yet been set for trial.

2. All parties have not filed answers to the Complaint.

3. No prejudice will occur to any party if this Amended Complaint is filed.

Wherefore Lakewood Prairie LLC prays that the Court give it leave to file its Amended Complaint and that all parties be ordered to answer or otherwise plead to the Amended Complaint within 21 days, except that the Complaint filed by Vulcan Construction Materials LP may stand as its answer to the Amended Complaint, if Vulcan chooses not to file an answer.



EXHIBIT
34

#382405

_____
HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
HOWARD M. TURNER
PAUL W. CARROLL
GOULD & RATNER LLP
222 North LaSalle Street
Chicago, IL 60601

MICHAEL T. NIGRO
NIGRO & WESTFALL, PC
Suite 800, 1793 Bloomingdale Road
Glendale Heights IL 60139
(630)682-9872

IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY<br><br>    Plaintiff,<br>v.<br><br>LAKEWOOD PRAIRIE, LLC, et. al.<br><br>LAKEWOOD PRAIRIE, LLC<br><br>    Plaintiff,<br>v.<br><br>IBARRA CONCRETE COMPANY et al<br><br>DEFENDANTS<br>VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY<br><br>    Plaintiff,<br>v.<br><br>IBARRA CONCRETE COMPANY<br><br>,    Defendant<br><br>LAKEWOOD PRAIRIE, LLC<br><br>    Third Party Respondent | NO. 2006 CH 0360<br>In consolidation with<br>NO 07 CH 389<br>NO 2007 L 062 |

**AMENDED COMPLAINT FOR
GENERAL SETTLEMENT AND INTERPLEADER
PURSUANT TO 770 ILCS 60/30 AND 735 ILCS 5/2-409**

Now comes the Plaintiff Lakewood Prairie, LLC by its attorneys Howard M. Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall and complaining of the Defendants Ibarra Concrete Company, Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick

lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; that it is not known and cannot be ascertained whether or not any of the person or persons named in the above and foregoing claim be living or dead and therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; but that the names of any such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners".

**WHEREFORE**, Plaintiff prays:

a)  As authorized by 770 ILCS 60/30, the Court stay all pending proceedings to enforce mechanics liens against said real estate and the Citation Action.

b)  That this cause be consolidated into the Foreclosure Suit, and that the Citation Action also be consolidated into the Foreclosure Suit.

c)  That all mechanics lien claimants and others claiming an interest in the funds due or to become due from Plaintiff to Ibarra on account of work performed upon the real estate described in this Complaint be required to assert and prove their claims in this proceeding:

    i. as to mechanics liens in accordance with 770 ILCS 60/11

    ii. as to the Citation in accordance with 735 ILCS 5/2-1402.

d)  That the Court find the amount, if any, due

5

    a) The total amount that Plaintiff's books show that it owes Ibarra $289,479.34 for work on lots against which R & J, Grundy, Vulcan or the Trust have filed liens.

    b) The total amount of liens filed by R & J, Grundy, Vulcan and Ibarra is $798,432.64.

    c) Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R & J, Grundy and the Trust.

    d) The assignment for the benefit of creditors to the Trust may be superior to one or more of the recorded mechanics liens and the judgment lien arising by virtue of the service of the citation.

12. There may be other persons interested in this action, including persons who are owners of legal or equitable interests in the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert liens against the real estate under The Illinois Mechanics Lien Act, and any other person against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper *lis pendens* of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.

13. There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some

4

        Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.

    b) Grundy has filed liens totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.

    c) Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against 57 lots totaling $83,073.51.

    d) R & J Construction Supplies (hereinafter called "R & J") have filed liens against 15 lots totaling $ 3,333.16.

8. Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Lakewood Prairie, LLC et. al. No. 2006 CH 0360 (the "Foreclosure Suit").

9. In addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86. Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number No 2007 L 062 (the "Citation Action") now pending in this Court.

10. Plaintiff is informed and believes and therefore states the fact to be that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics liens filed by Vulcan, Grundy and R & J are inferior to the common law rights of the Trust.

11. There are insufficient amounts due or to become due from the Plaintiff to Ibarra to pay all liens and claims under such mechanics liens recorded because:

3

Company, Steel Masonry, Inc., Unknown Owners, and Unknown Necessary Parties, and complaining of said Defendants states as follows:

## COUNT I GENERAL SETTLEMENT

1. In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the "Subdivisions")

2. Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

3. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

4. Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc. (hereinafter called "Grundy") as to various individual lots in the Subdivisions. Such sworn statements only listed Grundy as a supplier of material and stated under oath that Grundy was Ibarra's only supplier.

5. Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.

6. In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.

7. Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisions filed as follows:

    a) Howard B. Samuels as assignee for the benefit of the Ibarra

2

      i. from Plaintiff to Ibarra as to each individual lot against which a lien has been asserted.

      ii. to each person asserting a claim for lien under the Mechanics Lien Act; and

      iii. to Vulcan on its judgment lien arising out of the service of the citation upon the Plaintiff.

e) That an order be entered in accordance with 770 ILCS 60/30, 735 ILCS 5/2-1402 and other applicable law determining the validity and priority *vis a vis* all other liens and interests in the real estate:

      i. of each lien filed by each mechanics lien claimant;

      ii. of Vulcan's judgment lien arising by virtue of the service of the citation against the Plaintiff; and

      iii. of the Trust's claim as an assignee for the benefit of Ibarra's creditors.

f) That the Court find the amount, if any, due from Plaintiff to Ibarra as to each individual lot against which no lien has been asserted and determine the person entitled to payment of such amount.

g) That the Court grant such other and further relief as to the Court shall seem meet.

### COUNT II. INTERPLEADER

1. This action is commenced pursuant to 735 ILCS 5/2-409.

2. In January of 2006, Plaintiff was the owner of real estate located in Kendall and Grundy Counties (hereinafter collectively referred to as the "Real Estate")

3. Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such real estate.

4. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before

it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

5. Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.

6. Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc. all claim a right to such funds either as subcontractors asserting mechanics liens, assignees or as a judgment creditor:

   a. Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for $301,749.00.

   b. Grundy has asserted claims totaling $410,276.97 even though it has issued partial waivers of lien totaling $208,037.47.

   c. Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanics lien claims totaling $83,073.51.

   d. R & J Construction Supplies (hereinafter called "R & J") asserts claims totaling $ 3,333.16.

   e. Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.

7. These claims total $902,564.99 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.

7

8. These claims all arise out of work performed by Ibarra for Plaintiff, and therefore arise out of the same or a related subject matter

9. Such claims expose the Plaintiff to double and multiple liability.

10. 735 ILCS 5/2-409 provides in part:

> § 2-409. Interpleader. Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.

Wherefore Plaintiff prays,

1. That all of the Defendants be required to assert in these proceedings all of their claims against Plaintiff arising out of or based upon claims by such Defendants against Ibarra.

2. That the Court adjudicate such claims.

3. That an order be entered determining the amount to which each such party is entitled to receive out funds due or to become due from the Plaintiff to Ibarra, and the priority of each Defendant's claim to such funds.

4. That the Court grant such other and further relief as may seem meet.

*/s/ Howard M. Turner*
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
HOWARD M. TURNER
PAUL W. CARROLL
GOULD & RATNER LLP
222 North LaSalle Street
Chicago, IL 60601
312/236-3003

MICHAEL T. NIGRO
NIGRO & WESTFALL, PC
Suite 800, 1793 Bloomingdale Road
Glendale Heights IL 60139
(630) 682-9872

## AFFIDAVIT PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE

Rhonda Huston, being duly sworn on oath, deposes and states that she is Treasurer, of Lakewood Prairie, LLC, that he is authorized to execute this Verification on its behalf, that she has read the foregoing Amended Complaint and the statements contained therein are true and correct to the best of his knowledge, information and belief, and those statements made on information and belief she believes to be true.

        Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

        _____
        RHONDA HUSTON

Executed this 6th day of November, 2007.

9

# EXHIBIT A

Lots 3 through 18, both inclusive, 30 through 48, both inclusive, 50 through 70, both inclusive, 86 through 172, both inclusive, and 293 through 457, both inclusive, in Lakewood Prairie Unit 1, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016560, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018275, and recorded May 9, 2006 as document number 200600013671, in Kendall County, Illinois.

Lots 1, 2, 19 through 29, both inclusive, 49, and 71 through 85, both inclusive, in Lakewood Prairie Unit 1A, being a re-subdivision of part of Lakewood Prairie Unit 1, recorded June 14, 2005 as document Number 200500016560, being a subdivision of part of the Northwest Quarter and part of the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat of said Lakewood Prairie Unit 1A, recorded March 14, 2006 as document number 200600007542, in Kendall County, Illinois.

Lots 173 through 292, both inclusive, in Lakewood Prairie Unit 2, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016561, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018276, and recorded May 16, 2006 as document number 200600014542, in Kendall County, Illinois,

10