## IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
## KENDALL COUNTY, ILLINOIS

FILED

NOV 2 1 2007

**BECKY MORGANEGG**
CIRCUIT CLERK KENDALL CO.

| | |
|---|---|
| VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY | ) )<br>) |
| Plaintiff, | ) ) |
| v. | ) |
| LAKEWOOD PRAIRIE, LLC, et. al. | ) )<br>) |
| LAKEWOOD PRAIRIE, LLC | ) |
| Plaintiff, | ) )<br>) |
| v. | ) ) |
| IBARRA CONCRETE COMPANY et al | ) )<br>) |
| DEFENDANTS<br>VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY | ) )<br>) )<br>) |
| Plaintiff, | ) ) |
| v. | ) ) |
| IBARRA CONCRETE COMPANY | ) )<br>) |
| ,        Defendant | ) )<br>) |
| LAKEWOOD PRAIRIE, LLC | ) )<br>) |
| Third Party Respondent | |

NO. 2006 CH 0360
In consolidation with
NO 07 CH 389
NO 2007 L 062

## AMENDED COMPLAINT FOR
## GENERAL SETTLEMENT AND INTERPLEADER
## PURSUANT TO 770 ILCS 60/30 AND 735 ILCS 5/2-409

Now comes the Plaintiff Lakewood Prairie, LLC by its attorneys Howard M.

Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall and

complaining of the Defendants Ibarra Concrete Company, Vulcan Construction Materials LP

D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra

Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois B

EXHIBIT
36
PENGAD 800-631-6989

Company, Steel Masonry, Inc., Unknown Owners, and Unknown Necessary Parties, and complaining of said Defendants states as follows:

## COUNT I  GENERAL SETTLEMENT

1.      In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the "Subdivisions")

2.      Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

3.      Thereafter Ibarra commenced work.  However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

4.      Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc. (hereinafter called "Grundy") as to various individual lots in the Subdivisions.  Such sworn statements only listed Grundy as a supplier of material and stated under oath that Grundy was Ibarra's only supplier.

5.      Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.

6.      In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.

7.      Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisions filed as follows:

    a)   Howard B. Samuels as assignee for the benefit of the Ibarra

Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.

b) Grundy has filed liens totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.

c) Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against 57 lots totaling $83,073.51.

d) R & J Construction Supplies (hereinafter called "R & J") have filed liens against 15 lots totaling $ 3,333.16.

8.     Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Lakewood Prairie, LLC et. al. No. 2006 CH 0360 (the "Foreclosure Suit").

9.     In addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86. Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number No 2007 L 062 (the "Citation Action") now pending in this Court.

10.     Plaintiff is informed and believes and therefore states the fact to be that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics liens filed by Vulcan, Grundy and R & J are inferior to the common law rights of the Trust.

11.     There are insufficient amounts due or to become due from the Plaintiff to Ibarra to pay all liens and claims under such mechanics liens recorded because:

a) The total amount that Plaintiff's books show that it owes Ibarra $289,479.34 for work on lots against which R & J, Grundy, Vulcan or the Trust have filed liens.

b) The total amount of liens filed by R & J, Grundy, Vulcan and Ibarra is $798,432.64.

c) Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R & J, Grundy and the Trust.

d) The assignment for the benefit of creditors to the Trust may be superior to one or more of the recorded mechanics liens and the judgment lien arising by virtue of the service of the citation.

12.    There may be other persons interested in this action, including persons who are owners of legal or equitable interests in the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert liens against the real estate under The Illinois Mechanics Lien Act, and any other person against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper *lis pendens* of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.

13.    There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some

lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; that it is not known and cannot be ascertained whether or not any of the person or persons named in the above and foregoing claim be living or dead and therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; but that the names of any such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners".

  **WHEREFORE**, Plaintiff prays:

 a)  As authorized by 770 ILCS 60/30, the Court stay all pending proceedings to enforce mechanics liens against said real estate and the Citation Action.

 b)  That this cause be consolidated into the Foreclosure Suit, and that the Citation Action also be consolidated into the Foreclosure Suit.

 c)  That all mechanics lien claimants and others claiming an interest in the funds due or to become due from Plaintiff to Ibarra on account of work performed upon the real estate described in this Complaint be required to assert and prove their claims in this proceeding:

   i. as to mechanics liens in accordance with 770 ILCS 60/11

   ii.as to the Citation in accordance with 735 ILCS 5/2-1402.

 d)  That the Court find the amount, if any, due

  i. from Plaintiff to Ibarra as to each individual lot against which a lien has been

  asserted.

  ii.to each person asserting a claim for lien under the Mechanics Lien Act; and

  iii.to Vulcan on its judgment lien arising out of the service of the citation upon the

  Plaintiff.

e)  That an order be entered in accordance with 770 ILCS 60/30, 735 ILCS 5/2-1402

and other applicable law determining the validity and priority *vis a vis* all other liens and

interests in the real estate:

  i. of each lien filed by each mechanics lien claimant;

  ii.of Vulcan's judgment lien arising by virtue of the service of the citation against

  the Plaintiff; and

  iii. of the Trust's claim as an assignee for the benefit of Ibarra's creditors.

f)  That the Court find the amount, if any, due  from Plaintiff to Ibarra as to each

individual lot against which no lien has been asserted and determine the person entitled to

payment of such amount.

g)  That the Court grant such other and further relief as to the Court shall seem meet.

## COUNT II. INTERPLEADER

1.  This action is commenced pursuant to 735 ILCS 5/2-409.

2.  In January of 2006, Plaintiff was the owner of real estate located in Kendall and

Grundy Counties (hereinafter collectively referred to as the "Real Estate")

3.  Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform

concrete work for the construction of improvements on various individual lots in such real estate.

4.  Thereafter Ibarra commenced work.  However, Ibarra abandoned its work before

it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

5.     Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.

6.     Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc. all claim a right to such funds either as subcontractors asserting mechanics liens, assignees or as a judgment creditor:

    a.   Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for  $301,749.00.

    b.   Grundy has asserted claims  totaling $410,276.97 even though it has issued partial waivers of lien totaling $208,037.47.

    c.   Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanics lien claims totaling $83,073.51.

    d.   R & J Construction Supplies (hereinafter called "R & J") asserts claims totaling $ 3,333.16.

    e.   Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.

7.     These claims total $902,564.99 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.

8.    These claims all arise out of work performed by Ibarra for Plaintiff, and therefore arise out of the same or a related subject matter

9.    Such claims expose the Plaintiff to double and multiple liability.

10.    735 ILCS 5/2-409 provides in part:

§ 2-409. Interpleader.  Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.

Wherefore Plaintiff prays,

1.    That all of the Defendants be required to assert in these proceedings all of their claims against Plaintiff arising out of or based upon claims by such Defendants against Ibarra.

2.    That the Court adjudicate such claims.

3.    That an order be entered determining the amount to which each such party is entitled to receive out funds due or to become due from the Plaintiff to Ibarra, and the priority of each Defendant's claim to such funds.

4.    That the Court grant such other and further relief as may seem meet.

HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
HOWARD M. TURNER
PAUL W. CARROLL
GOULD & RATNER LLP
222 North LaSalle Street
Chicago, IL  60601
312/236-3003

MICHAEL T. NIGRO
NIGRO & WESTFALL, PC
Suite 800, 1793 Bloomingdale Road
Glendale Heights IL 60139
(630) 682-9872

8

**AFFIDAVIT PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE**

Rhonda Huston, being duly sworn on oath, deposes and states that she is Treasurer, of

Lakewood Prairie, LLC, that he is authorized to execute this Verification on its behalf, that she

has read the foregoing Amended Complaint and the statements contained therein are true and

correct to the best of his knowledge, information and belief, and those statements made on

information and belief she believes to be true.

> Under penalties as provided by law pursuant to
> Section 1-109 of the Code of Civil Procedure, the
> undersigned certifies that the statements set forth in
> this instrument are true and correct, except as to
> matters therein stated to be on information and
> belief and as to such matters the undersigned
> certifies as aforesaid that he verily believes the
> same to be true.
>
>
> RHONDA HUSTON

Executed this _6th_ day of November, 2007.

# EXHIBIT A

Lots 3 through 18, both inclusive, 30 through 48, both inclusive, 50 through 70, both inclusive,86 through 172, both inclusive, and 293 through 457, both inclusive, in Lakewood Prairie Unit 1, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016560, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018275, and recorded May 9, 2006 as document number 200600013671, in Kendall County, Illinois.

Lots 1, 2, 19 through 29, both inclusive, 49, and 71 through 85, both inclusive, in Lakewood Prairie Unit 1A, being a re-subdivision of part of Lakewood Prairie Unit 1, recorded June 14, 2005 as document Number 200500016560, being a subdivision of part of the Northwest Quarter and part of the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat of said Lakewood Prairie Unit 1A, recorded March 14, 2006 as document number 200600007542, in Kendall County, Illinois.

Lots 173 through 292, both inclusive, in Lakewood Prairie Unit 2, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016561, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018276, and recorded May 16, 2006 as document number 200600014542, in Kendall County, Illinois,

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT, KENDALL COUNTY, ILLINOIS

GEN. NO.: **07 CH 389**

I, George J. Pierce_____, being first duly sworn on oath, deposes and says that he is licensed or registered as a private detective under the Private Detective Security Act of 1983.

I.      That he served the within (Summons and Copy of the Complaint), (Citation), (Rule), (Subpoena) and/or
(_____)
on the within-named defendant by leaving a copy of each with the individual defendant personally, as follows:

| DEFENDANT | DESCRIPTION | DATE/TIME |
|---|---|---|
| (Name) | Male/**Female** | |
| (Address) | Ht. **5'10"** | |
| (City, State) | Wt. **125** | |
| | Race **White** | |
| | Age **28** | |

II.      Individual defendant(s) abode: (Summons), (Citation), (Rule) and/or (_____)
By leaving a copy at the usual place of abode of each individual defendant with a person of his family of the age of 13 years or Upward, informing that person of its contents and also by sending a copy in a seal envelope with postage fully prepaid, addressed To each individual defendant at his usual place of abode, as follows:

| DEFENDANT | PERSON LEFT WITH | DESCRIPTION | DATE/TIME |
|---|---|---|---|
| (Name) | | Male/Female | |
| (Address) | | Ht. _____ | |
| (City, State) | | Wt. _____ | |
| | | Race _____ | |
| | | Age _____ | (Mailed) |

III.     Corporate Defendants: By leaving a copy ( _ALIAS SUMMONS & COMPLAINT_ ) with the registered agent, Officer or agent Defendant Corporation, as follows:

| DEFENDANT CORPORATION | REG. AGT., OFF. OR AGENT | DATE/TIME |
|---|---|---|
| (Corp. Name) **HOWARD B. SAMUELS, AS ASSIGNEE FOR THE BENEFIT OF THE IBARRA CONCRETE COMPANY TRUST/ RECEIVING AGENT** | | **10/15/07** |
| (Address) **350 South LaSalle Street, Suite 1100** | **Vanessa Morveal, Office Manager** | **4:45 PM** |
| (City, State) **Chicago, IL. 60610** | | (Mailed) |

III.     That he was unable to serve the above-named defendant because _____
_____

SUBSCRIBED AND SWORN to before me this day

_11/27_____, 2007.

_Ann K. B_____
Notary Public

My commission expires: _____

"OFFICIAL SEAL"
Ann K. Bridge
Notary Public, State of Illinois
My Commission Expires 06/01/08

_____
LICENSED OR REGISTERED PRIVATE DETECTIVE
Illinois License # 115-001381

Fee $ **$75.00**

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT, KENDALL COUNTY, ILLINOIS

GEN. NO.: 2007-CH0389

I, George Pierce, being first duly sworn on oath, deposes and says that he is licensed or registered as a private detective under the Private Detective Security Act of 1983.

I.     That he served the within (☐Summons and Copy of the Complaint), (☐Citation), (☐Rule), (☐Subpoena) and/or
(_____)
on the within-named defendant by leaving a copy of each with the individual defendant personally, as follows:

| DEFENDANT | DESCRIPTION | DATE/TIME |
|---|---|---|
| (Name) | ☒Male ☐Female | |
| (Address) | Ht. | |
| (City, State) | Wt. 210 | |
| | Race White | |
| | Age 52 | |

*FILED*
*NOV 2 1 2007*
*BECKY McKENZIEG*
*CIRCUIT CLERK KENDALL CO.*

II.    Individual defendant(s) abode: (☐Summons), (☐Citation), (☐Rule) and/or (_____)
By leaving a copy at the usual place of abode of each individual defendant with a person of his family of the age of 13 years or Upward, informing that person of its contents and also by sending a copy in a seal envelope with postage fully prepaid, addressed To each individual defendant at his usual place of abode, as follows:

| DEFENDANT | PERSON LEFT WITH | DESCRIPTION | DATE/TIME |
|---|---|---|---|
| (Name) | | ☐Male ☐Female | |
| (Address) | | Ht. | |
| (City, State) | | Wt | |
| | | Race | |
| | | Age | |
| | | | (Mailed) |

III.   Corporate Defendants: By leaving a copy (SUMMONS AND COMPLAINT)
with the registered agent, Officer or agent Defendant Corporation, as follows:

| DEFENDANT CORPORATION | REG. AGT., OFF. OR AGENT | DATE/TIME |
|---|---|---|
| (Corp. Name) Grundy Red-Mix, Inc. | Jerry Nugent, Dispatcher | 09/07/07 |
| (Address)   385 Roosevelt Street | | 1:45 PM |
| (City, State) Morris, IL. 60450 | | |
| | | (Mailed) |

SUBSCRIBED AND SWORN to before me:
THIS 10th DAY of ~~September~~ OCTOBER, 2007

_____
Notary Public

My commission expires: 6/21/200_

GEORGE PIERCE
LICENSED PRIVATE DETECTIVE   Illinois License #115-001381

OFFICIAL SEAL
CATHY ANN MARRON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/21/09

Fees: $ 95.00

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT, KENDALL COUNTY, ILLINOIS

GEN. NO.: __2007-CH0389__

I, __George Pierce,__ being first duly sworn on oath, deposes and says that he is licensed or registered as a private detective under the Private Detective Security Act of 1983.

I.  That he served the within (☐Summons and Copy of the Complaint), (☐Citation), (☐Rule), (☐Subpoena) and/or
(_____)
on the within-named defendant by leaving a copy of each with the individual defendant personally, as follows:

| DEFENDANT | DESCRIPTION | DATE/TIME |
|---|---|---|
| (Name) | ☐Male ☒Female | |
| (Address) | Ht. **5'7"** | |
| (City, State) | Wt. **120** | |
| | Race **White** | |
| | Age **43** | |

NOV 27 2007
BECKY MOLGAMEGG
CIRCUIT CLERK KENDALL CO.

II.  Individual defendant(s) abode: (☐Summons), (☐Citation), (☐Rule) and/or (_____)
By leaving a copy at the usual place of abode of each individual defendant with a person of his family of the age of 13 years or Upward, informing that person of its contents and also by sending a copy in a seal envelope with postage fully prepaid, addressed To each individual defendant at his usual place of abode, as follows:

| DEFENDANT | PERSON LEFT WITH | DESCRIPTION | DATE/TIME |
|---|---|---|---|
| (Name) | | ☐Male ☐Female | |
| (Address) | | Ht. | |
| (City, State) | | Wt | |
| | | Race | |
| | | Age | |
| | | | (Mailed) |

III.  Corporate Defendants: By leaving a copy (__SUMMONS AND COMPLAINT__)
with the registered agent, Officer or agent Defendant Corporation, as follows:

| DEFENDANT CORPORATION | REG. AGT., OFF. OR AGENT | DATE/TIME |
|---|---|---|
| (Corp. Name) **R&J Construction Supplies** | **Lorri Buss, Office Manager** | **09/14/07** |
| (Address) **30W180 Butterfield Road** | | **11:15 AM** |
| (City, State) **Warrenville, IL. 60555** | | (Mailed) |

SUBSCRIBED AND SWORN to before me:

THIS _10TH_ DAY of _October_ September, 2007

_____
Notary Public

My commission expires: 6/21/2009

GEORGE PIERCE
LICENSED PRIVATE DETECTIVE   Illinois License #115-001381

OFFICIAL SEAL
CATHY ANN MARRON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/21/09

Fees: $ 75.00

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT, COUNTY OF KENDALL, ILLINOIS

GEN. NO.: **2007-CH-0389**

I, **Donald J. Bolton,** being first duly sworn on oath, depose and say that he is registered as a private detective under the Private Detective Security Act of 1983.

I.      That he served the within (☐Summons and Copy of the Complaint), (☐Citation), (☐Rule), (☐Subpoena) and/or

on the within-named defendant by leaving a copy of each with the individual defendant personally, as follows:

| DEFENDANT | DESCRIPTION | DATE/TIME |
|---|---|---|
| (Name) | ☐Male ☐Female | |
| (Address) | Ht | |
| (City, State) | Wt | |
| | Race | NOV 21 2007 |
| | Age | BECKY MORGAN EGG CIRCUIT CLERK KENDALL CO. |

II.      Individual defendant(s) abode: (☐Summons), (☐Citation), (☐Rule) and/or (_____)
By leaving a copy at the usual place of abode of each individual defendant with a person of his family of the age of 13 years or Upward, informing that person of its contents and also by sending a copy in a seal envelope with postage fully prepaid, addressed To each individual defendant at his usual place of abode, as follows:

| DEFENDANT     PERSON LEFT WITH | DESCRIPTION | DATE/TIME |
|---|---|---|
| (Name) | ☒Male ☐Female | |
| (Address) | Ht. 5'7" | |
| (City, State) | Wt. 165 lbs. | |
| | Race White | |
| | Age 45 | (Mailed) |

III.      Corporate Defendants: By leaving a copy (☒Summons 2007-CH-0389 and Copy of the Complaint) with the registered agent, Officer or agent Defendant Corporation, as follows:

| DEFENDANT CORPORATION | REG. AGT., OFF. OR AGENT | DATE/TIME |
|---|---|---|
| (Corp. Name) **Steel Masonry Inc.** | **Robert Hennessy (Attorney)** | **9/10/07 12:42pm** |
| (Address) **7601 S. 75th Ave. 101** | | |
| (City, State) **Palos Heights, Il 60463** | | (Mailed) |

SUBSCRIBED AND SWORN to before me:

THIS 10th DAY of September, 2007

_____
Notary Public

My commission expires: 3/31/09

_____
**Donald J. Bolton**
**Illinois License# 117-001122**

"OFFICIAL SEAL"
JENELL REEVES-BRINK
NOTARY PUBLIC STATE OF ILLINOIS
Commission Expires 03/31/...

Fees: $ 85.00

# IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT KENDALL COUNTY, ILLINOIS

| | | |
|---|---|---|
| VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY | )<br>)<br>) | **FILED** |
| Plaintiff, | )<br>) | **NOV 2 1 2007** |
| v. | )<br>) | BECKY ~~~~~~~GG<br>CIRCUIT CLERK KENDALL CO. |
| LAKEWOOD PRAIRIE, LLC, et. al. | )<br>) | NO.  2006 CH 0360<br>In consolidation with<br>NO  07 CH 389<br>NO  2007 L 062 |
| LAKEWOOD PRAIRIE, LLC | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| IBARRA CONCRETE COMPANY et al | )<br>) | |
| DEFENDANTS<br>VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| IBARRA CONCRETE COMPANY | )<br>) | |
| Defendant | )<br>) | |
| LAKEWOOD PRAIRIE, LLC | )<br>) | |
| Third Party  Respondent | | |

## AMENDED COMPLAINT FOR
## GENERAL SETTLEMENT AND INTERPLEADER
## PURSUANT TO 770 ILCS 60/30 AND 735 ILCS 5/2-409

Now comes the Plaintiff Lakewood Prairie, LLC by its attorneys Howard M.

Turner, Paul W. Carroll, Gould & Ratner, Michael Nigro and Nigro and Westfall and

complaining of the Defendants Ibarra Concrete Company, Vulcan Construction Materials LP

D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra

Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick

Company, Steel Masonry, Inc., Unknown Owners, and Unknown Necessary Parties, and complaining of said Defendants states as follows:

## COUNT I  GENERAL SETTLEMENT

1.    In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the "Subdivisions")

2.    Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

3.    Thereafter Ibarra commenced work.  However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

4.    Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc. (hereinafter called "Grundy") as to various individual lots in the Subdivisions.  Such sworn statements only listed Grundy as a supplier of material and stated under oath that Grundy was Ibarra's only supplier.

5.    Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.

6.    In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.

7.    Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisions filed as follows:

       a)    Howard B. Samuels as assignee for the benefit of the Ibarra

Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.

b) Grundy has filed liens totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.

c) Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against 57 lots totaling $83,073.51.

d) R & J Construction Supplies (hereinafter called "R & J") have filed liens against 15 lots totaling $ 3,333.16.

8.    Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Lakewood Prairie, LLC et. al. No. 2006 CH 0360 (the "Foreclosure Suit").

9.    In addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86. Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Ibarra Concrete Company cause number No 2007 L 062 (the "Citation Action") now pending in this Court.

10.    Plaintiff is informed and believes and therefore states the fact to be that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics liens filed by Vulcan, Grundy and R & J are inferior to the common law rights of the Trust.

11.    There are insufficient amounts due or to become due from the Plaintiff to Ibarra to pay all liens and claims under such mechanics liens recorded because:

3

a) The total amount that Plaintiff's books show that it owes Ibarra $289,479.34 for work on lots against which R & J, Grundy, Vulcan or the Trust have filed liens.

b) The total amount of liens filed by R & J, Grundy, Vulcan and Ibarra is $798,432.64.

c) Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R & J, Grundy and the Trust.

d) The assignment for the benefit of creditors to the Trust may be superior to one or more of the recorded mechanics liens and the judgment lien arising by virtue of the service of the citation.

12.    There may be other persons interested in this action, including persons who are owners of legal or equitable interests in the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert liens against the real estate under The Illinois Mechanics Lien Act, and any other person against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper *lis pendens* of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.

13.    There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some

4

lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; that it is not known and cannot be ascertained whether or not any of the person or persons named in the above and foregoing claim be living or dead and therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; but that the names of any such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners".

 **WHEREFORE**, Plaintiff prays:

 a)    As authorized by 770 ILCS 60/30, the Court stay all pending proceedings to enforce mechanics liens against said real estate and the Citation Action.

 b)    That this cause be consolidated into the Foreclosure Suit, and that the Citation Action also be consolidated into the Foreclosure Suit.

 c)    That all mechanics lien claimants and others claiming an interest in the funds due or to become due from Plaintiff to Ibarra on account of work performed upon the real estate described in this Complaint be required to assert and prove their claims in this proceeding:

   i. as to mechanics liens in accordance with 770 ILCS 60/11

   ii. as to the Citation in accordance with 735 ILCS 5/2-1402.

 d)    That the Court find the amount, if any, due

5

    i.  from Plaintiff to Ibarra as to each individual lot against which a lien has been asserted.

    ii. to each person asserting a claim for lien under the Mechanics Lien Act; and

    iii. to Vulcan on its judgment lien arising out of the service of the citation upon the Plaintiff.

e)      That an order be entered in accordance with 770 ILCS 60/30, 735 ILCS 5/2-1402 and other applicable law determining the validity and priority *vis a vis* all other liens and interests in the real estate:

    i. of each lien filed by each mechanics lien claimant;

    ii. of Vulcan's judgment lien arising by virtue of the service of the citation against the Plaintiff; and

    iii. of the Trust's claim as an assignee for the benefit of Ibarra's creditors.

f)      That the Court find the amount, if any, due from Plaintiff to Ibarra as to each individual lot against which no lien has been asserted and determine the person entitled to payment of such amount.

g)      That the Court grant such other and further relief as to the Court shall seem meet.

## COUNT II. INTERPLEADER

1.     This action is commenced pursuant to 735 ILCS 5/2-409.

2.     In January of 2006, Plaintiff was the owner of real estate located in Kendall and Grundy Counties (hereinafter collectively referred to as the "Real Estate")

3.     Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such real estate.

4.     Thereafter Ibarra commenced work.  However, Ibarra abandoned its work before

6

it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

5.    Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.

6.    Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc. all claim a right to such funds either as subcontractors asserting mechanics liens, assignees or as a judgment creditor:

    a.    Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for  $301,749.00.

    b.    Grundy has asserted claims  totaling $410,276.97 even though it has issued partial waivers of lien totaling $208,037.47.

    c.    Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanics lien claims totaling $83,073.51.

    d.    R & J Construction Supplies (hereinafter called "R & J") asserts claims totaling $ 3,333.16.

    e.    Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.

7.    These claims total $902,564.99 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.

8.    These claims all arise out of work performed by Ibarra for Plaintiff, and therefore arise out of the same or a related subject matter

9.    Such claims expose the Plaintiff to double and multiple liability.

10.    735 ILCS 5/2-409 provides in part:

§ 2-409. Interpleader.  Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.

Wherefore Plaintiff prays,

1.    That all of the Defendants be required to assert in these proceedings all of their claims against Plaintiff arising out of or based upon claims by such Defendants against Ibarra.

2.    That the Court adjudicate such claims.

3.    That an order be entered determining the amount to which each such party is entitled to receive out funds due or to become due from the Plaintiff to Ibarra, and the priority of each Defendant's claim to such funds.

4.    That the Court grant such other and further relief as may seem meet.

HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
HOWARD M. TURNER
PAUL W. CARROLL
GOULD & RATNER LLP
222 North LaSalle Street
Chicago, IL  60601
312/236-3003

MICHAEL T. NIGRO
NIGRO & WESTFALL, PC
Suite 800, 1793 Bloomingdale Road
Glendale Heights IL 60139
(630) 682-9872

**AFFIDAVIT PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE**

Rhonda Huston, being duly sworn on oath, deposes and states that she is Treasurer, of

Lakewood Prairie, LLC, that he is authorized to execute this Verification on its behalf, that she

has read the foregoing Amended Complaint and the statements contained therein are true and

correct to the best of his knowledge, information and belief, and those statements made on

information and belief she believes to be true.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

RHONDA HUSTON

Executed this _6th_ day of November, 2007.

9

**EXHIBIT A**

Lots 3 through 18, both inclusive, 30 through 48, both inclusive, 50 through 70, both inclusive,86 through 172, both inclusive, and 293 through 457, both inclusive, in Lakewood Prairie Unit 1, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016560, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018275, and recorded May 9, 2006 as document number 200600013671, in Kendall County, Illinois.

Lots 1, 2, 19 through 29, both inclusive, 49, and 71 through 85, both inclusive, in Lakewood Prairie Unit 1A, being a re-subdivision of part of Lakewood Prairie Unit 1, recorded June 14, 2005 as document Number 200500016560, being a subdivision of part of the Northwest Quarter and part of the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat of said Lakewood Prairie Unit 1A, recorded March 14, 2006 as document number 200600007542, in Kendall County, Illinois.

Lots 173 through 292, both inclusive, in Lakewood Prairie Unit 2, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 North, Range 8 east of the third principal meridian, according to the plat thereof recorded June 14, 2005 as document number 200500016561, and amended by Certificates of Correction recorded June 29, 2005 as document number 200500018276, and recorded May 16, 2006 as document number 200600014542, in Kendall County, Illinois,

10

# IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
# KENDALL COUNTY, ILLINOIS

## GEN. NO.  2006 CH 360

VULCAN CONSTRUCTION MATERIALS LP
d/b/a VULCAN MATERIALS COMPANY          LAKEWOOD PRAIRIE, LLC, et. al.

           Plaintiff                           Defendant  FILED

## NOTICE OF MOTION

NOV 2 1 2007

BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

TO: SEE ATTACHED SERVICE LIST

          (NAME)                                    (ADDRESS)

       (CITY)                  (STATE)          (ZIP CODE)

      YOU ARE HEREBY NOTIFIED that on November 21,      , 2007 at the hour
of 9:00     , A.M., or as soon thereafter as counsel may be heard, I shall appear before the
Honorable Judge McCann              in Court Room 1, or any other judge sitting in
his/her stead in the courtroom usually occupied by him/her in the Kendall County Courthouse,
807 West John Street, Yorkville, Illinois, and then and there
present the Motion of Lakewood Prairie LLC to file its Amended Complaint for General
Settlement and Interpleader and Amended Complaint copy of which is attached
_____ at which time and place you may
appear if you so see fit.

                              (SIGNATURE)

                            Howard Turner

### AFFIDAVIT OF SERVICE

     The undersigned, being duly sworn on oath, certifies that on   November 8      , 2007 she served this
notice together with the foregoing Motion, by mailing in an envelope plainly addressed to the above attorneys or party
listed above, by depositing it in a U.S. Post Office Box in Chicago            , Illinois, with postage fully prepaid

                              (SIGNATURE)

   SUBSCRIBED AND SWORN to before                    Kerrie Cleve
me this November day of 8, 2007.

_____
       Notary Public

Name: Howard M. Turner/Gould & Ratner
Atty Registration # 2868482
Atty for Defendant
Address 222 N LaSalle Street
City Chicago, IL  60601
Tel. 312-236-3003
Fax 312-236-3241

American LegalNet, Inc.
www.USCourtForms.com

#21

## SERVICE LIST FOR CONSOLIDATED ACTION

PATRICK MAZZA & ASSOCIATES
290 S. MAIN PLACE #101
Carol Stream IL. 60188-2476

IBARRA CONCRETE COMPANY
c/o Alberto Ibarra, 3403 Green Pastures Road
Carpentersville IL.

VULCAN CONSTRUCTION MATERIALS LP
d/b/a VULCAN MATERIALS COMPANY
(Mail Copy of Complaint to Patrick Mazza)

HOWARD B. SAMUELS AS ASSIGNEE FOR THE
BENEFIT OF THE IBARRA CONCRETE COMPANY TRUST,
c/o Rally Capital LLC 350 N. LaSalle St, Suite 1100, Chicago IL 60601

Mr. John V. Hanson
Hanson and Hanson
Attorney for Grundy Red-Mix, Inc,
a/k/a Grundy County Redi-Mix, Inc.
1802 North Division Street Suite 304
Morris IL. 60450-0825

R & J CONSTRUCTION SUPPLIES
30 W. 180 Butterfield Road, Warrenville IL. 60555

ILLINOIS BRICK COMPANY
7601 W. 79th Street Bridgeview, IL. 60455

STEEL MASONRY, INC.,
C/o ROBERT J HENNESSY
11800 S 75TH AVE 101,
PALOS HEIGHTS IL60463