IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC | ) |
|         Plaintiff, | ) |
| v. | ) 2007-CH-0389 |
| | ) |
| IBARRA CONCRETE COMPANY, | ) |
| VULCAN CONSTRUCTION MATERIALS LP | ) |
| d/b/a VULCAN MATERIALS COMPANY, | ) |
| HOWARD B. SAMUELS AS ASSIGNEE FOR THE | ) |
| BENEFIT OF THE IBARRA CONCRETE | ) |
| COMPANY TRUST, GRUNDY RED-MIX, INC. | ) |
| R & J CONSTRUCTION SUPPLIES, | ) |
| ILLINOIS BRICK COMPANY | ) |
| STEEL MASONRY, INC., UNKNOWN OWNERS | ) |
| and UNKNOWN NECESSARY PARTIES | ) |

FILED
DEC 31 2007
BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

**VULCAN'S ANSWER TO AMENDED COMPLAINT FOR GENERAL SETTLEMENT
AND INTERPLEADER
PURSUANT TO SECTION 30 OF THE ILLINOIS
MECHANICS LIEN ACT (770 ILCS 60/30) AND
735 ILCS 5/2-409**

Now comes VULCAN CONSTRUCTION MATERIALS LP d/b/a VULCAN MATERIALS COMPANY, by its attorneys, Patrick Mazza & Associates, and in answer to the Amended Complaint for General Settlement and Interpleader of LAKEWOOD PRAIRIE, LLC, states as follows:

**COUNT I - GENERAL SETTLEMENT**

1. In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the "Subdivisions").

**Answer: Admitted.**

2. Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

**Answer: Admitted.**


EXHIBIT
50

3. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

**Answer: Vulcan admits only that Ibarra terminated its work before completion. Vulcan is without information sufficient to admit or deny the remaining facts alleged and, therefore, denies same and demands strict proof thereof.**

4. Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc. (Hereinafater called "Grundy") as to various individual lots in the Subdivisions. Such sworn statements only listed Grundy as a supplier of material and stated under oath that Grundy was Ibarra's only supplier.

**Answer: Vulcan is without information sufficient to admit or deny the facts alleged and, therefore, denies same and demands strict proof thereof.**

5. Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.

**Answer: Vulcan is without information sufficient to admit or deny the facts alleged and, therefore, denies same and demands strict proof thereof.**

6. In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.

**Answer: Vulcan is without information sufficient to admit or**

2

deny the facts alleged and, therefore, denies same and demands strict proof thereof.

7.  Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisiions filed as follows:

    a)    Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.

    b)    Grundy has filed liens totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.

    c.    Vulcan Construction Materials LP d/b/a Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against lots totaling $83,073.51.

    d.    R & J Construction Supplies (hereinafter called "R & J") have (sic) filed liens against 15 lots totaling $3,333.16

**Answer: Vulcan admits that it has filed a lien against lots totaling $83,073.51. Vulcan is without information sufficient to admit or deny the remaining facts alleged and, therefore, denies same and demands strict proof thereof.**

8.  Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP d/b/a Vulcan Materials Company v. Lakewood Prairie, LLC et al., No. 2006 CH 0360 (the "Foreclosure Suit.")

    **Answer: Admitted.**

9.  In addition, Vulcan has obtained a judgment against Ibarra

in the amount of $187,205.86. Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction LP d/b/a Vulcan Materials Company vs Ibarra Contrete Company, cause No. 2007 L 062 (the "Citation Action") now pending in this Court.

**Answer: Vulcan admits that it filed Citation proceedings in DuPage County to enforce its judgment against Ibarra. In further response, Vulcan states that it has caused a third party citation to discover assets to be issued against Plaintiff in this Court based on its judgment against Ibarra.**

10. Plaintiff is informed and believes and therefore states the fact to be that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics liens filed by Vulcan, Grundy and R & J are inferior to the common law rights of the Trust.

**Answer: Vulcan admits that only that Howard B. Samuels claims that an assignment for the benefit of creditors was made by Ibarra and claims to be the assignee for the benefit of said Trust. Vulcan is without information sufficient to admit or deny this allegation and, therefore, denies same and demands strict proof thereof. The remaining allegations of paragraph 10 set forth legal conclusions and require no answer thereto. In further answer, Vulcan denies that its judgment lien and its mechanics lien are inferior to the common law rights of the Trust.**

11. There are insufficient amounts due or to become due from the

Plaintiff to Ibarra to pay all liens and claims under such mechanics liens recorded because:

    a) The total amount that Plaintiff's books show that it owes Ibarra $289,479.34 for work on lots against which R & J, Grundy, Vulcan or the Trust have filed liens.

    b) The total amount of liens filed by R & J, Grundy, Vulcan and Ibarra is $798,432.64.

    c) Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R & J, Grundy and the Trust.

    d) The assignment for the benefit of creditors to the Trust may be superior to one or more of the recorded mechanics liens and the judgment lien arising by virtue of the services of the citation.

**Answer: Vulcan admits that its judgment lien in the Citation Action is for $187,205.86. Vulcan further admits that it has filed a mechanics lien foreclosure suit in the amount of $83,973.51 in this court against Plaintiff. Vulcan is without information sufficient to admit or deny the remaining facts alleged as to amounts due Ibarra and amounts of liens filed by others and, therefore, denies same and demands strict proof thereof. The remaining allegations of paragraph 11 set forth legal conclusions and require no answer thereto. In further answer, Vulcan denies that its judgment lien and its mechanics lien are inferior to the rights of the Trust.**

12. There may be other persons interested in this action, including persons who are owners of legal or equitable interests in

5

the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert liens against the real estate under The Illinois Mechanics Lien Act, and any other persons against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper *lis pendens* of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.

**Answer: Vulcan is without information sufficient to admit or deny the facts alleged and, therefore, denies same and demands strict proof thereof. The remaining allegations of paragraph 12 set forth legal conclusions and require no answer thereto. In further answer, Vulcan denies that its judgment lien and its mechanics lien are inferior to the rights of those of any persons described in paragraph 12.**

13. There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; that it is not known and cannot be ascertained, whether or not any of the person or persons named in the above and foregoing claim be living or dead and

therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part of parts thereof, but that the names of any such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners."

**Answer:** **Vulcan is without information sufficient to admit or deny the facts alleged and, therefore, denies same and demands strict proof thereof. The remaining allegations of paragraph 13 set forth legal conclusions and require no answer thereto. In further answer, Vulcan denies that its judgment lien and its mechanics lien are inferior to the rights of those of any persons described in paragraph 13.**

**WHEREFORE,** Vulcan prays for the following relief consistent with the relief sought by Plaintiff:

   a) the Court stay all pending proceedings to enforce mechanics liens against said real estate;

   b) that this cause be consolidated into the Foreclosure Suit filed by Vulcan, and that Vulcan's third party Citation Action filed in this court against Plaintiff also be consolidated into the Foreclosure Suit.

Vulcan further prays for the following relief:

c) that an evidentiary hearing be held on the claims of the Plaintiff set forth in paragraph 3 and 11 of the Complaint, namely, that Plaintiff was required to complete work of Ibarra and correct defective work of Ibarra, thereby resulting in the sum of $289,479.34 calculated to be due to Ibarra by the Plaintiff;

d) that an accounting be taken of the sums due to Ibarra on its contract with the Plaintiff;

e) that this Court determine as a matter of law that Vulcan's Judgment Lien pursuant to Section 2-1402 is superior to the liens of the other mechanics lien claimants, the Trust, and others claiming an interest, and enter a turnover order in the sum of $187,205.86, plus interest, attorneys fees and costs, and dismiss Vulcan from these proceedings;

f) that, in the event this Court determines that Vulcan's Judgment Lien is inferior to the liens of the mechanics lien claimants, the Trust, and others claiming an interest, that all mechanics lien claimants, including Vulcan, and others claiming an interest in the funds due or to become due from Plaintiff to Ibarra be afforded the opportunity to assert and prove their claims in this proceeding; and that this Court enter an order finding the amount due each said party from the Plaintiff, setting forth the priority of each lien allowed.

**COUNT II - INTERPLEADER**

1. This action is commenced pursuant to 735 ILCS 5/2-409.

**Answer: Vulcan admits the existence of said statute. Paragraph 1 sets forth a legal conclusion which requires no further response.**

2. In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the "Subdivisions").

**Answer: Admitted.**

3. Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

**Answer: Admitted.**

4. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

**Answer: Vulcan admits only that Ibarra terminated its work before completion. Vulcan is without information sufficient to admit or deny the remaining facts alleged and, therefore, denies same and demands strict proof thereof.**

5. Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.

**Answer:   Admitted.**

6. Vulcan Construction Materials LI d/b/a Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra

9

Concrete Company Trust, Grundy Redi-Mix, Inc., R & J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc. All claim a right to such funds either as subcontractors asserting mechanics liens, assignees or as a judgment creditor:

a) Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for $301,749.00.

b) Grundy has asserted claims totaling $410,276.97 even though it has issued partial waivers of lien totaling $208,037.47.

c. Vulcan Construction Materials LP d/b/a Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanics lien claims totaling $83,073.51.

d. R & J Construction Supplies (hereinafter called "R & J") asserts claims totaling $3,333.16.

e. Vulcan has obtained a judgment against Ibarra in the amount of the judgment is (sic) $187,205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.

**Answer: Vulcan admits that it has filed a lien and asserted a claim totaling $83,073.51. Vulcan further admits that it has obtained a judgment against Ibarra in the amount of $187,205.86, and has initiated citation proceedings to enforce that judgment in the Consolidated Cause. Vulcan is without information sufficient to admit or deny the remaining facts alleged and, therefore, denies same and demands strict proof thereof.**

7. These claims total $902,564.99 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.

**Answer: Vulcan is without information sufficient to admit or deny the facts alleged in paragraph 7 and, therefore, denies same and demands strict proof thereof.**

8. These claims all arise out of work performed by Ibarra for Plaintiff, and therefore arise out of the same or a related subject matter.

**Answer: Vulcan admits that its claims arise out of work performed by Ibarra for Plaintiff. Vulcan is without information sufficient to admit or deny the facts alleged in paragraph 8 as to other parties and, therefore, denies same and demands strict proof thereof.**

9. Such claims expose the Plaintiff to double and multiple liability.

**Answer: The allegations of paragraph 9 set forth a conclusion of law to which a response is not required.**

10. 735 ILCS 5/2-409 provides in part:

Section 2-409. Interpleader. Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.

**Answer: Vulcan admits the existence of the statute cited.**

**WHEREFORE**, Vulcan prays for the following relief consistent with the relief sought by Plaintiff:

a)  that an evidentiary hearing be held on the claims of the Plaintiff set forth in paragraph 4, namely, that Plaintiff was required to complete work of Ibarra and correct defective work of Ibarra.

b)  that an accounting be taken of the sums due to Ibarra on its contract with the Plaintiff.

c)  that this Court determine as a matter of law that Vulcan's Judgment Lien pursuant to Section 2-1402 is superior to the liens of the other mechanics lien claimants, the alleged Trust, and others claiming an interest, and enter a turnover order in the sum of $187,205.86, plus interest, attorneys fees and costs, and dismiss Vulcan from these proceedings;

d)  that, in the event this Court determines that Vulcan's Judgment Lien is inferior to the liens of the mechanics lien claimants, the alleged Trust, and others claiming an interest, that all mechanics lien claimants, including Vulcan, and others claiming an interest in the funds due or to become due from Plaintiff to Ibarra be afforded the opportunity to assert and prove their claims in this proceeding; and that this Court enter an order finding the

amount due each said party from the Plaintiff, setting forth the priority of each lien allowed.

Respectfully Submitted,

_____
One of the Attorneys for Vulcan

PATRICK MAZZA & ASSOCIATES
Attorneys for Plaintiff
290 South Main Place, Suite 101
Carol Stream IL 60188-2476
630-933-9200

CERTIFICATE OF FILING

Debra A. Thomas, an attorney, under penalties of perjury, certifies that she filed the original of the foregoing Answer to Amended Complaint for General Settlement and Interpleader of Lakewood Prairie, LLC, by mailing same, first class postage prepaid to the Clerk of the Court, 16th Judicial Circuit - Kendall County, 807 John Street, Yorkville IL 60560, from Carol Stream, IL, this 27th day of December, 2007.

CERTIFICATE OF SERVICE

Debra A. Thomas, an attorney, under penalties of perjury, certifies that she served a true and correct copy of the foregoing Answer and Certificate of Filing by mailing same, first class postage, pre-paid, to counsel of record set forth on the attached service list this 27th day of December 2007:

PATRICK MAZZA & ASSOCIATES
Attorneys for Plaintiff
290 South Main Place, Suite 101
Carol Stream IL 60188-2476
630-933-9200

**SERVICE LIST**

**Counsel for Lakewood:**

Howard M. Turner
Gould & Ratner
222 North LaSalle Street
Chicago, IL 60601
Tel: (312) 236-3003
Fax: (312) 236-3241

Michael T. Nigro
Nigro & Westfall, PC
1793 Bloomingdale Road
Glendale Heights, IL 60139
Tel: (630) 682-9872
Fax: (630) 682-1650

**Counsel for Grundy Redi Mix:**

John V. Hanson
Hanson and Hanson Attorneys at Law, P.C.
1802 N. Division Street, Suite 304
Morris, IL 60450
Tel: (815) 942-6700
Fax: (815) 942-6540

Paul E. Root
P.O. Box 688
Morris, IL 60450

**Counsel for Midwest Bank**

Donald N. Wilson
Murray, Jensen & Wilson, Ltd.
101 North Wacker Drive, Suite 101
Chicago, IL 60606
Tel: 312/263-5432