IN THE CIRCUIT COURT FOR THE 16TH JUDICIAL CIRCUIT
KENDALL COUNTY, ILLINOIS

| | | |
|---|---|---|
| LAKEWOOD PRAIRIE, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | 2007-CH-0389 |
| | ) | |
| IBARRA CONCRETE COMPANY, | ) | |
| VULCAN CONSTRUCTION MATERIALS LP | ) | |
| d/b/a VULCAN MATERIALS COMPANY, | ) | |
| HOWARD B. SAMUELS AS ASSIGNEE FOR THE | ) | |
| BENEFIT OF THE IBARRA CONCRETE | ) | |
| COMPANY TRUST, GRUNDY RED-MIX, INC. | ) | |
| R & J CONSTRUCTION SUPPLIES, | ) | |
| ILLINOIS BRICK COMPANY | ) | |
| STEEL MASONRY, INC., UNKNOWN OWNERS | ) | |
| and UNKNOWN NECESSARY PARTIES | ) | |

FILED

DEC 31 2007

BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

**ANSWER TO COUNTER COMPLAINT FOR FORECLOSURE OF MECHANICS LIEN
OF GRUNDY COUNTY REDI-MIX, INC.
AND
GRUNDY REDI-MIX, INC.**

Now comes VULCAN CONSTRUCTION MATERIALS LP d/b/a VULCAN MATERIALS

COMPANY, **("Vulcan")** by its attorneys, Patrick Mazza & Associates, and

in answer to Counter Complaint for Foreclosure of Mechanics Lien of

Grundy County Redi-Mix, Inc. And Grundy Redi-Mix, Inc. (**"Grundy"**),

states as follows:

    1.    Vulcan lacks sufficient knowledge to admit or deny the

matters alleged in paragraph 1, and therefore denies the same,

demanding strict proof thereof.

    2.    Vulcan admits that in January of 2006, Lakewood Prairie LLC

("Lakewood")was an Illinois limited liability company and was the

owner of the real estate legally described on Exhibit A to its

Complaint for General Settlement, and commonly known as Lakewood

Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the

"Subdivisions").

EXHIBIT
51
PENGAD 800-631-6989

3.      Vulcan lacks sufficient knowledge to admit or deny the current corporate status of IBARRA CONCRETE COMPANY as alleged in paragraph 3, and therefore denies the same, demanding strict proof thereof.

4.      Admitted.

5.      Vulcan admits that Counter Defendant HOWARD B. SAMUELS purports to be the assignee for the benefit of an alleged creditors trust established for the benefit of Ibarra's creditors, and claims a lien upon the Property.

6.      Admitted.

7.      Vulcan admits that Lakewood employed Ibarra Concrete ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in the Subdivisions.

8.      Vulcan lacks sufficient knowledge to admit or deny the matters alleged in paragraph 8, and therefore denies the same, demanding strict proof thereof.

9.      Vulcan lacks sufficient knowledge to admit or deny the matters alleged in paragraph 9, and therefore denies the same, demanding strict proof thereof.

10.      Vulcan lacks sufficient knowledge to admit or deny the matters alleged in paragraph 10, and therefore denies the same, demanding strict proof thereof.

11.      Vulcan lacks sufficient knowledge to admit or deny the matters alleged in paragraph 11, and therefore denies the same, demanding strict proof thereof.

12.      Vulcan lacks sufficient knowledge to admit or deny the

matters alleged in paragraph 12, and therefore denies the same, demanding strict proof thereof.

13.     Vulcan lacks sufficient knowledge to admit or deny the matters alleged in paragraph 13, and therefore denies the same, demanding strict proof thereof.

14.     The allegations of paragraph 14 set forth legal conclusions and require no answer thereto.  In further answer, Vulcan denies that its judgment lien and its mechanics lien, asserted in this action,  are inferior to any rights asserted by Grundy.

15.     The allegations of paragraph 15 set forth legal conclusions and require no answer thereto.  In further answer, Vulcan denies that its judgment lien and its mechanics lien, asserted in this action,  are inferior to any rights asserted by or which may be asserted by Grundy and other parties joined in this action.

16.     The allegations of paragraph 16 set forth legal conclusions and require no answer thereto.  In further answer, Vulcan admits to have an interest in the Property by virtue of its mechanics lien, but denies that its judgment lien and its mechanics lien, asserted in this action,  are inferior to any rights asserted by or which may be asserted by Grundy and other parties joined in this action.

17.     Vulcan is without information sufficient to admit or deny the facts alleged and, therefore, denies same and demands strict proof thereof.  The remaining allegations of paragraph 17 set forth legal conclusions and require no answer thereto.  In further answer, Vulcan denies that its judgment lien and its mechanics lien are

3

inferior to the rights of those of any persons or entities described in paragraph 17, including Grundy, to the extent such rights may exist.

18.         Vulcan is without information sufficient to admit or deny the facts alleged and, therefore, denies same and demands strict proof thereof.  The remaining allegations of paragraph 18 set forth legal conclusions and require no answer thereto.  In further answer, Vulcan denies that its judgment lien and its mechanics lien are inferior to the rights of those of any persons or entities described in paragraph 18, including Grundy, to the extent such rights may exist.

WHEREFORE, Vulcan prays for the following relief:

a)    that an accounting be taken of the sums due to Ibarra on its contract with Lakewood;

b)    that this Court determine as a matter of law that Vulcan's Judgment Lien pursuant to Section 2-1402 is superior to the liens of the other mechanics lien claimants, the Trust, and others claiming an interest, and enter a turnover order in the sum of $187,205.86, plus interest, attorneys fees and costs, and dismiss Vulcan from these proceedings;

c)    that, in the event this Court determines that Vulcan's Judgment Lien is inferior to the liens of the mechanics lien claimants, the Trust, and others claiming an interest, that all mechanics lien claimants, including Vulcan, and others claiming an interest in the funds due or to become due from Plaintiff to Ibarra be afforded the opportunity to assert

and prove their claims in this proceeding; and that this Court enter an order finding the amount due each said party from Lakewood, setting forth the priority of each lien allowed.

Respectfully Submitted,

One of the Attorneys for Vulcan

PATRICK MAZZA & ASSOCIATES
Attorneys for Plaintiff
290 South Main Place, Suite 101
Carol Stream IL 60188-2476
630-933-9200

## CERTIFICATE OF FILING

Debra A. Thomas, an attorney, under penalties of perjury, certifies that she filed the original of the foregoing Answer to Counter Complaint of Grundy County Red-Mix, et al. for Foreclosure of Mechanics Lien by mailing same, first class postage prepaid to the Clerk of the Court, 16th Judicial Circuit - Kendall County, 807 John Street, Yorkville IL 60560, from Carol Stream, IL, this 27th day of December, 2007.

## CERTIFICATE OF SERVICE

Debra A. Thomas, an attorney, under penalties of perjury, certifies that she served a true and correct copy of the foregoing Answer and Certificate of Filing by mailing same, first class postage, pre-paid, to counsel of record set forth on the attached service list this 27th day of December 2007:

PATRICK MAZZA & ASSOCIATES
Attorneys for Plaintiff
290 South Main Place, Suite 101
Carol Stream IL 60188-2476
630-933-9200

**SERVICE LIST**

**Counsel for Lakewood:**

Howard M. Turner
Gould & Ratner
222 North LaSalle Street
Chicago, IL 60601
Tel: (312) 236-3003
Fax: (312) 236-3241

Michael T. Nigro
Nigro & Westfall, PC
1793 Bloomingdale Road
Glendale Heights, IL 60139
Tel: (630) 682-9872
Fax: (630) 682-1650

**Counsel for Grundy Redi Mix:**

John V. Hanson
Hanson and Hanson Attorneys at Law, P.C.
1802 N. Division Street, Suite 304
Morris, IL 60450
Tel: (815) 942-6700
Fax: (815) 942-6540

Paul E. Root
P.O. Box 688
Morris, IL 60450

**Counsel for Midwest Bank**

Donald N. Wilson
Murray, Jensen & Wilson, Ltd.
101 North Wacker Drive, Suite 101
Chicago, IL 60606
Tel: 312/263-5432