UNITED STATES OF AMERICA
IN THE CIRCUIT COURT OF SIXTEENTH JUDICIAL CIRCUIT
STATE OF ILLINOIS, COUNTY OF KENDALL

FILED
FEB 0 7 2008
BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

| | |
|---|---|
| Lakewood Prairie, LLC )<br>)<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>Ibarra Concrete Company, )<br>Vulcan Construction Materials LP, d/b/a Vulcan )<br>Materials Company, Howard B. Samuels as Assignee )<br>For the Benefit of the Ibarra Concrete Company Trust, )<br>Grundy Red-Mix, Inc., R&J Construction Supplies, )<br>Illinois Brick Company, Steel Masonry, Inc., Unknown )<br>Owners, Unknown Necessary Parties, et al, )<br>)<br>      Defendants. ) | Case No.: 2006 CH 0360<br>Consolidated with<br>2007 CH 0389<br>2007 CH 062 |
| Midwest Bank and Trust Company, as assignee )<br>of Ibarra Concrete Company, )<br>      Counter-Plaintiff, )<br>vs. )<br>)<br>Lakewood Prairie, LLC, et. al, )<br>)<br>      Counter-Defendants. ) | |

## MIDWEST BANK AND TRUST COMPANY'S

## ANSWER AND COUNTERCLAIM

## TO AMENDED COMPLAINT FOR GENERAL SETTLEMENT

Midwest Bank and Trust Company, as assignee and successor in interest of Ibarra Concrete Company, ("Midwest"), by and through its attorneys Murray, Jensen & Wilson, Ltd., for its answer to Lakewood Prairie, LLC's amended complaint, states as follows:



1

## COUNT I  General Settlement

1.  On information and belief, Midwest admits the allegations contained in this paragraph.

2.  On information and belief, Midwest admits the allegations contained in this paragraph.

3.  On information and belief, Midwest admits that Ibarra commenced work as alleged, but does not have sufficient information to form a belief as to the remaining allegations contained in this paragraph and therefore denies those allegations.

4.  Midwest does not have sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies those allegations.

5.  Midwest does not have sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies those allegations.

6.  Midwest does not have sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies those allegations.

7.  On information and belief, Midwest admits the allegations contained in this paragraph.

8.  On information and belief, Midwest admits the allegations contained in this paragraph.

9.  On information and belief, Midwest admits the allegations contained in this paragraph.

10. Midwest admits the allegations contained in this paragraph.

11. Midwest does not have sufficient information to form a belief as to the allegations contained subparts a through c of this paragraph, and, further answering subpart d, on

information and belief, Midwest admits that the assignment through which it takes its interest may be superior to the liens.

12. On information and belief, Midwest admits the allegations contained in this paragraph.

13. On information and belief, Midwest admits the allegations contained in this paragraph.

WHEREFORE, Midwest Bank and Trust Company respectfully prays for the entry of an order adjudicating the amounts and priorities of the claims and liens, and for such other and further relief as this Court deems appropriate and just.

## COUNT II  INTERPLEADER

1. On information and belief, Midwest admits the allegations contained in this paragraph.

2. On information and belief, Midwest admits the allegations contained in this paragraph.

3. On information and belief, Midwest admits the allegations contained in this paragraph.

4. On information and belief, Midwest admits that Ibarra commenced work as alleged, but does not have sufficient information to form a belief as to the remaining allegations contained in this paragraph and therefore denies those allegations.

5. Midwest states that the statute speaks for itself and, to the extent the allegations contained in this paragraph are contrary to the statute, Midwest denies such allegations.

6. On information and belief, Midwest admits the allegations contained in this paragraph.

7. Midwest does not have sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies those allegations.

8. On information and belief, Midwest admits the allegations contained in this paragraph.

9. Midwest does not have sufficient information to form a belief as to the allegations contained in this paragraph and therefore denies those allegations.

10. Midwest states that the statute speaks for itself and, to the extent the allegations contained in this paragraph are contrary to the statute, Midwest denies such allegations.

WHEREFORE, Midwest Bank and Trust Company respectfully prays for the entry of an order adjudicating the amounts and priorities of the claims and liens, and for such other and further relief as this Court deems appropriate and just.

## COUNTERCLAIM

## COUNT I – MECHANICS' LIEN

Midwest Bank and Trust Company, as assignee and successor in interest of Ibarra Concrete Company, ("Midwest"), by and through its attorneys Murray, Jensen & Wilson, Ltd., for its counterclaim against Lakewood Prairie, LLC's, Vulcan Construction Materials LP, Grundy Red-Mix, Inc., R&J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc., Unknown Owners, Unknown Necessary Parties, states as follows:

1. Counter-plaintiff, Midwest Bank and Trust Company, for all claims set forth herein, is the assignee of Ibarra Concrete Company, which was, at all times relevant, engaged in the business of supplying labor and material for concrete, and related miscellaneous construction materials and services.

4

2. On or about June 23, 2005, Lakewood Homes, Inc. was a contractor engaged in general contracting in Kendall County, Illinois and was acting with the authority of the owners of the property described hereinafter.

3. On or about June 23, 2005, Lakewood Prairie, LLC was the record owner ("Owner") of a certain parcels of real estate commonly referred to as Lakewood Prairie and more specifically described in Exhibits 1 and 2, attached hereto (the "Subject Property").

4. On or about June 23, 2005, defendant Lakewood Homes, Inc. ("LHI") entered into an agreement ("Agreement") with Ibarra Concrete Company ("Ibarra") for the purpose of providing concrete for the construction of new homes. A copy of the contract is attached hereto as Exhibit 3.

5. Pursuant to the Agreement, Ibarra did furnish the labor and materials required by the Agreement and did comply with the terms and provisions of the Agreement. Ibarra completed the work required as set forth in the schedules attached to Exhibits 1 and 2.

6. LHI has failed to pay for the materials and services provided as agreed.

7. All of the materials and labor furnished by Ibarra were delivered to, and accepted for the improvement of the Subject Property by LHI and the Owner. Said labor and materials constitute a permanent and valuable improvement and enhancement of the Subject Property described in Paragraph 3 above. The labor and materials provided by Ibarra, for which Ibarra has not been paid, are reasonably valued at $573,318.00 and have improved and enhanced the value of the Subject Property in that amount, as specified in the exhibits attached to Exhibits 1 and 2.

8. After giving credit for all amounts previously paid, there is therefore, remaining due and owing to Ibarra under the terms of the Agreement the sum of $573,318.00, together with interest at the statutory rate of ten percent (10%) per annum, in accordance with 770 ILCS 60/17.

9. By reason of the nonpayment of the above sum, Ibarra is entitled to, and does claim, a mechanic's lien upon the Subject Property for the balance due and unpaid.

10. On December 4, 2006, and December 7, 2006 notices and claims for lien were recorded in the Office of the Recorder of Deeds of Kendall County, Illinois, recorded as Document No. 200600038919 and Document No. 200600039545 respectively. True and accurate copies of Ibarra's claims for lien are attached hereto as Exhibits No. 1 and 2.

11. Each of the other defendants, has or claims to have some interest in the above described premises, as lien creditors, judgment creditors, encumbrancers, trustees or purchasers, or otherwise, the exact nature of which is unknown to Counter-plaintiff, but on information and belief, such interests, if any, are subject, subordinate and inferior, or are in parity to the rights of Counter-plaintiff.

12. Midwest Bank and Trust is the collateral assignee of Ibarra and is the owner of the claim pursuant to a Uniform Commercial Code sale conducted on October 31, 2006.

13. 770 ILCS 60/17 allows the Counter-plaintiff to be awarded attorneys fees if Counter-plaintiff has not been paid without just cause or right. The failure to pay Counter-plaintiff is without just cause or right.

**WHEREFORE**, Counter-plaintiff respectfully prays as follows:

(a) An accounting be taken, under the direction of the Court, as to the amounts due to the Counter-plaintiff;

(b) Counter-plaintiff be adjudged to be entitled to a mechanic's lien upon the above described premises for the amount, including interest, as above alleged and as is found to be due to Counter-Plaintiff;

(c) That the appropriate Defendants be ordered to pay whatever sums shall be found due and owing to the Counter-plaintiff upon the taking of the account, together with interest, attorneys' fees and costs;

(d) In default of such payment, that the premises be sold, as the Court may direct, to satisfy the amount due Counter-plaintiff;

(e) In the event of a sale and a failure to redeem from the sale, Defendants and all persons claiming by, through or under them, be forever barred and foreclosed from all rights or equity of redemption;

(f) That a receiver be appointed to collect the rents, issues and profits of the property;

(g) That Counter-plaintiff have such other and further relief as the Court shall deem just and equitable.

## COUNT II – BREACH OF CONTRACT

1. Counter-plaintiff restates and resubmits its allegations set forth in paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of this Count II.

9. Pursuant to the contract, Ibarra furnished the materials and labor requested and invoiced Defendant LHI for the same. Copies of the invoices are attached hereto as Exhibit 4.

10. LHI failed to pay Counter-plaintiff for the labor and materials provided pursuant to the contract.

11. Defendant's failure to pay Counter-plaintiff for work performed valued in the amount of $573,318.00 constitutes a breach of contract.

12. By way of LHI's breach of contract, Counter-plaintiff has incurred damages in the amount of $573,318.00, plus interest, costs and attorneys fees.

WHEREFORE, Counter-plaintiff respectfully requests that this Court enter judgment in its favor and against Lakewood Homes, Inc. in the amount of $573,318.00, plus costs, prejudgment interest and attorney's fees, and for such other and further relief as this Court deems appropriate and just.

### COUNT III - QUANTUM MERUIT

1-2. Pleading in the alternative, pursuant to 735 ILCS 5/2-613, Counter-plaintiff realleges and incorporates paragraphs 1-2 of Count I as paragraphs 1-2 of Count III as if fully set forth herein.

3. All the materials furnished by Counter-plaintiff were delivered to and accepted by Owner and LHI.

4. The materials accepted by Owner and LHI are reasonably valued at $573,318.00.

5. The materials for which Owner and LHI have retained and for which Counter-plaintiff has not been paid have benefited these defendants in the amount of $573,318.00.

6. Although demanded to do so, these defendants have failed and refused to pay Counter-plaintiff the balance due and owing.

WHEREFORE, Counter-plaintiff respectfully requests that this Court enter judgment in its favor and against Lakewood Homes, Inc. and Lakewood Prairie, LLC in the amount of $573,318.00, plus costs, prejudgment interest and attorneys fees, and for such other and further relief as this Court deems appropriate and just.

                                    Midwest Bank and Trust Company,
                                    as assignee of Ibarra Concrete Company,

                            By: _____
                                    One of its Attorneys

Donald N. Wilson
Murray, Jensen & Wilson, Ltd.
101 North Wacker Drive, Suite 101
Chicago, Illinois  60606
(312) 263-5432
ARDC #6206000