IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC, | ) |
| Plaintiff, | ) ) ) ) Civil Action No.: 08 C 1200 |
| v. | ) ) |
| | ) Suzanne B. Conlon, Judge |
| IBARRA CONCRETE COMPANY, ET AL. | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Lakewood Prairie, LLC ("Lakewood") brings a general settlement and interpleader action under the Illinois Mechanics Lien Act, 770 ILCS 60/30, to adjudicate all claims arising out of work performed by contractor Ibarra Concrete Company ("Ibarra"). The case was originally filed in the Kendall County Circuit Court, and was removed by the United States under 28 U.S.C. §§ 1442(a)(1) and 1444. Defendants Vulcan Construction Materials ("Vulcan Construction"), Midwest Bank and Trust Company ("Midwest Bank"), and Grundy County Redi-Mix, Inc. ("Grundy Redi-Mix") move to remand the case to state court. For the reasons set forth below, the motions to remand are denied.

## BACKGROUND

Lakewood is a real estate developer/owner. Lakewood retained Ibarra as a contractor for the development of two subdivisions in Kendall County. After completing some of the work, Ibarra discontinued its business. Lakewood holds funds due to Ibarra. These funds are subject to mechanics liens claimed by Ibarra's unpaid subcontractors. Vulcan Construction and Grundy Redi-Mix are unpaid subcontractors. Midwest Bank is Ibarra's secured creditor that claims a

security interest in the funds. The United States (through the IRS) claims a tax lien on the funds due to Ibarra's unpaid FICA taxes.

## PROCEDURAL BACKGROUND

In 2006, Vulcan Construction filed a mechanics lien foreclosure suit against Lakewood in Kendall County (case no. 06 CH 360). In a separate contract case, Vulcan Construction obtained a judgment against Ibarra in DuPage County. Vulcan Construction issued a citation to discover assets against Lakewood to enforce the judgment in a supplemental proceeding (case no. 06 L 1108). The citation was transferred to the Kendall County Circuit Court on *forum non conveniens* grounds, and was given a new case number (case no. 07 L 62). Lakewood then filed this general settlement and interpleader action (case no. 07 CH 389) to adjudicate all claims against the real estate and the funds arising out of work performed by Ibarra.

Lakewood moved to consolidate the two Vulcan Construction proceedings (case nos. 06 CH 360 and 07 L 62) with the general settlement action (case no. 07 CH 389). The Kendall County Circuit Court consolidated the suits into one case, and instructed that all future pleadings bear the case number of the general settlement action: 07 CH 389. Lakewood then added the United States as a defendant because of a tax lien against Ibarra's receivables.

## DISCUSSION

### I. REMOVAL JURISDICTION

The United States removed the consolidated action under 28 U.S.C. §§ 1442(a)(1) and 1444. Any civil action commenced in a state court against "[t]he United States . . . on account of any right, title or authority claimed under any Act of Congress for . . . the collection of revenue" may be removed. 28 U.S.C. § 1442(a)(1). Section 1442 permits removal primarily based on the

removing parties' status, not on whether claims made in state court are within the original jurisdiction of a federal court. *See Mortgage Elec. Registration Sys., Inc. v. Rothman*, No. 04 C 5340, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005) (Hart, J.) (citations omitted). Section 1442 provides not only a right of removal, but also an independent basis for federal jurisdiction. *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996); *accord IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982) (§ 1442 "itself grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction."); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 35 (2d Cir. 1979) (§ 1442(a)(1) "confers jurisdiction as well as the right of removal"). Because Lakewood filed this case against the United States on account of a federal tax lien, removal to this court was proper, whether or not there exists any other basis for jurisdiction. *See e.g., Korman v. I.R.S.*, No. 06-81294, 2007 WL 1206742, at *3-4 (S.D. Fla. Feb. 20, 2007).

The United States also removed this case pursuant to § 1444, which provides: "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States. . ." 28 U.S.C. § 1444. Section 2410[1] waives sovereign immunity

---

[1] 28 U.S.C. § 2410, entitled "actions affecting property on which United States has lien," provides in pertinent part:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter -

    (1) to quiet title to,

    (2) to foreclose a mortgage or other lien upon,

3

and allows the United States to be named a defendant in an interpleader suit with respect to real or personal property on which the United States has or claims a lien, and § 1444 allows the United States to remove the suit to federal court when it is named a defendant in such a suit. *General Electric Credit Corp. v. Grubbs*, 447 F.2d 286, 287-88 (5th Cir.1971), *reversed on other grounds*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). Section 1444 also confers on the United States a substantive right, independent of other jurisdictional limitations, to remove a case originally filed in state court. *City of Miami Beach v. Smith*, 551 F.2d 1370, 1373-74 n.5 (5th Cir. 1977); *Hood v. United States*, 256 F.2d 522, 525 (9th Cir. 1958); *Novello v. Manor Oak Skilled Nursing Facilities*, No. 04 C 0415E(F), 2004 WL 2039800, at *1 n.3 (W.D.N.Y. Sept. 13, 2004) (collecting cases); *cf. Vincent v. P.R. Matthews Co.*, 126 F. Supp. 102, 105 (D.C.N.Y. 1954) (waiver of immunity is *conditioned* on right to remove). The United States was entitled to remove the interpleader action.

## II. GRUNDY REDI-MIX'S MOTION TO REMAND

### A. *Subject Matter Jurisdiction*

Grundy Redi-Mix, a subcontractor that provided concrete to Ibarra, argues remand is appropriate because the two Vulcan Construction proceedings (case nos. 06 CH 360 and 07 L 62) consolidated into Lakewood's general settlement case (case no. 07 CH 389) remain in state court. According to Grundy Redi-Mix, because the state court previously retained *in rem* jurisdiction

---

        (3) to partition,

        (4) to condemn, or

        (5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

4

over the *res* (the funds or real property) in the Vulcan Construction proceedings, this court lacks concurrent jurisdiction to adjudicate claims to the same *res*. *See Blackhawk Heating & Plumbing Co. v. Geeslin*, 530 F.2d 154, 157 (7th Cir. 1976) (court first assuming jurisdiction over property may maintain that jurisdiction to the exclusion of the other); *York Hunter Constr., Inc. v. Avalon Props., Inc.*, 104 F. Supp. 2d 211, 215 (S.D.N.Y. 2000) (same). Grundy Redi-Mix's argument relies on the assumption that the Vulcan Construction proceedings remain unremoved in state court, even though those proceedings were previously consolidated into the removed general settlement case.

Grundy Redi-Mix asserts the Vulcan Construction proceedings remain in the state court's jurisdiction because the United States conceded this assertion in its answer: "upon information and belief [*Vulcan Construction Construction Materials LP v. Ibarra Concrete Co.*, No. 07 L 62,] remains pending in Kendall County Circuit Court." U.S. Answer ¶ 12. The United States clarifies its answer by arguing that because it was never a party in the Vulcan Construction citation case, it could not "remove" the action. The United States also contends its answer is a red herring. By virtue of the state court's consolidation of all three actions into the single general settlement case, the Vulcan Construction proceedings were no longer pending before the state court.

A state court consolidation of cases may affect jurisdiction and removability of cases. *See In re MTBE Prod. Liab. Litig.*, 399 F. Supp. 2d 340, 353 (S.D.N.Y. 2005). The court considers state substantive law to determine whether the consolidation order destroyed the identity of each suit and merged them into one case. *Id.; see also Lerille v. Monsanto Corp.*, No. 07 C 3621, 2007 U.S. Dist. LEXIS 57403, at *9-10 (E.D. La. Aug. 6, 2007). In Illinois, "actions

5

pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right." 735 ILCS 5/2-1006. There are three recognized forms of consolidation:

> 1) where several actions are pending involving substantially the same subject matter, the court may stay proceedings in all but one and see whether the disposition of the one action may settle the others thereby avoiding multiple trials on the same issue;
>
> (2) where several actions involve an inquiry into the same event in its general aspects, the actions may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and
>
> (3) where several actions are pending which might have been brought as a single action, the cases may be merged into one action, thereby losing their individual identity, to be disposed of as one suit.

*Shannon v. Stookey*, 59 Ill. App. 3d 573, 577, 375 N.E.2d 881 (Ill. App. Ct. 1978) (citing *Black Hawk Motor Transit Co. v. Ill. Commerce Comm'n*, 383 Ill. 57, 67, 48 N.E.2d 341 (Ill. 1943)). Of these three forms of consolidation, there are several reasons supporting the United States' assertion that the three actions were merged into the removed general settlement case and the Vulcan Construction proceedings are no longer pending in state court.

First, the record reflects that the state court consolidated the three cases into one case. The state court ordered that case numbers 06 CH 360 and 07 L 62 "shall be consolidated *into* 2007 CH 389," (emphasis added) and "[a]ll future pleadings shall use the 2007 CH 389 caption." U.S. Resp. Ex. 3. A later consolidation order (correcting a scrivener's error) specified that Vulcan Construction's citation proceeding would be "consolidated *into* case no. 2007 CH 389 and all future pleadings shall reflect case no. 2007-CH-389." U.S. Resp. Ex. 4 (emphasis added). The import of these orders is unsurprising, considering that the Lakewood general settlement

6

complaint expressly incorporated into its allegations the claims underlying the Vulcan Construction proceedings. *See* Sec. Am. Compl. ¶¶ 11-12. Merging the overlapping cases into one suit was without any objection and a matter of judicial efficiency. *See* U.S. Resp. Ex. 4.

Second, the Illinois Mechanics Lien Act, which governs Vulcan Construction's foreclosure suit and the general settlement case, contemplates that a single suit be maintained to determine each party's interest in the property. *See Kleinschnittger v. Dorsey*, 152 Ill. App. 598 (Ill. App. Ct. 1910) ("[a]ll parties having a lien or any interest in the premises must be brought together in one suit"); *Granquist v. Western Tube Co.*, 240 Ill. 132, 88 N.E. 468 (Ill. 1909) (Mechanics Lien Act contemplates one suit for the enforcement of liens); *see generally Malkov Lumber Co. v. Serafine Builders, Inc.*, 1 Ill.App.3d 543, 273 N.E.2d 654 (Ill. App. Ct. 1971). The state court apparently merged the overlapping cases into the general settlement case to adjudicate *all* claims arising out of funds due to Ibarra. Separate issues may exist with respect to each party's right to the funds, but the general settlement case seeks ultimate resolution of all competing claims. Vulcan Construction's claims to the funds merged into Lakewood's general settlement case. The Vulcan Construction proceedings were no longer pending in state court when the general settlement case was removed.

### B.   *Timeliness*

Grundy Redi-Mix argues remand is appropriate because the United States' notice of removal was untimely and therefore procedurally defective. A notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The United States' notice

7

of removal was filed on February 28, 2008. Exhibit 1 to the notice of removal indicates the United States received the summons for Lakewood's second amended complaint sometime in January. Grundy Redi-Mix argues the United States' receipt of the second amended complaint was in excess of 30 days prior to the filing of the notice of removal.

The "received" stamp of Exhibit 1 is dated "JAN 32." The United States argues the stamp should have borne a February 1 date, as there are 31 days in January. A February 1 receipt date is consistent with the United States' return of service filed in state court, which states the second amended complaint was received on Feb. 1, 2008. *See* U.S. Resp. at Ex. 1. Accordingly, the notice of removal was filed within 30 days of the United States' receipt of the second amended complaint.

### C.   *Colorado River Abstention*

Grundy Redi-Mix argues the court should abstain from exercising jurisdiction over the general settlement action because the parallel Vulcan Construction proceedings are ongoing in state court. *See Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 818, 96 S.Ct. 1236 (1976). As discussed above, there are no parallel proceedings in state court to warrant *Colorado River* abstention. *See, e.g., Novello*, 2004 WL 2039800, at *2 (*Colorado River* abstention inapplicable because there was no parallel state court action – the only action was removed).

### III.   VULCAN CONSTRUCTION'S MOTION TO REMAND

Vulcan Construction, an unpaid Ibarra subcontractor, argues remand is appropriate because the court, "in its discretion, may remand . . . after determining: (a) whether the United States has valid lien claims to either the general settlement fund or to the properties of individual

homeowners . . . and (b) whether the . . . United States [has] priority over all other lien claimants joined in the general settlement." Vulcan Construction Mot. at 3. Because the United States' interest in the general settlement fund or other property has yet to be determined, Vulcan Construction's motion is premature.

## IV.    MIDWEST BANK'S MOTION TO REMAND

Midwest Bank, an Ibarra secured creditor, argues remand is appropriate because the United States is not a proper party in this case, making removal improper under 28 U.S.C. §§ 1442 and 1444. *See, e.g., General Elec. Credit Corp.*, 447 F.2d at 289 (removal is not justified if joinder of United States is obviously frivolous). Midwest Bank argues the IRS executed subordination agreements that placed Midwest Bank's security interest in Ibarra's assets ahead of the IRS' interest. According to Midwest Bank, any amount owed by Lakewood to Ibarra is not subject to IRS liens. This argument goes to the merits of the case and has no direct bearing on whether removal is appropriate.

The United States' joinder as a party is the basis for removal of this case. Whether joinder was proper is disputed. It is also disputed whether the funds due to Ibarra are subject to subordination agreements. The assertion that the United States' interest is subordinate to Midwest Bank's is simply indeterminate of whether the United States is a proper defendant. *Compare General Elec. Credit Corp.*, 447 F.2d at 289 (addition of United States as a party was obviously frivolous because there was no indication that plaintiff was exposed to multiple liability on one obligation).

9

## CONCLUSION

Removal was appropriate and the motions to remand are denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

May 27, 2008