IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC )<br>)<br>Plaintiff, )<br>v. )<br>)<br>IBARRA CONCRETE COMPANY et. al )<br>)<br>Defendants ) | Case No 08 C1200<br>Hon. Suzanne B. Conlon Judge<br>Hon. Jeffrey Cole Magistrate Judge |

### LAKEWOOD PRAIRIE LLC'S MOTION FOR LEAVE TO FILE ANSWER TO GRUNDY'S COUNTERCLAIM, ANSWER TO MIDWEST BANK'S COUNTERCLAIM AND AMENDED ANSWER TO VULCAN'S COMPLAINT.

Now comes the Plaintiff Lakewood Prairie, LLC and moves for leave to file its answers to the counterclaims filed by Grundy and Midwest Bank and for leave to file an amended answer to the complaint filed by Grundy and as reason therefor states as follows:

1. Grundy's and Midwest Bank's counterclaims were filed shortly before this cause was removed to the U.S. District Court.

2. There are different rules for pleading in the Federal Court and Illinois Courts. Illinois is a "fact pleading" State, while the Federal Rules of Civil Procedure provide for notice pleading.

3. Lakewood Prairie delayed filing its answers to these counterclaims until it was determined in what court the proceeding would be heard and therefore what rules of civil procedure will apply to its pleadings.

4. Lakewood Prairie seeks to file an amended answer to Vulcan's complaint to assert certain affirmative defenses, based upon provisions of the Illinois Mechanics Lien Act and the existence of the lien claims of the Government, Midwest Bank and Grundy.

5. At the time Lakewood Prairie filed its original answer, its counsel was not aware of the facts underlying these defenses, and Lakewood Prairie's officials, to the extent they were aware of the facts, were unaware that they would constitute a legal defense to Vulcan's claims and therefore did not call these facts to their Counsel's attention.

6. It is necessary for Lakewood Prairie to file an amended answer to Vulcan's complaint in order to assert the affirmative defenses contained in the pleading. The amended answer is the same as the original answer except for the affirmative defenses.

7. The Federal Rules of Civil Procedure Rule 15(a) provides that leave to file amendments should be freely given when justice so requires.

8. This case is still in the early stages of discovery. There has been no undue delay, and no prejudice will be suffered by any party if leave is granted to file these pleadings.

Wherefore Lakewood Prairie prays that the Court grant it leave to file its answers to Grundy's and Midwest's counterclaims and its amended answer to Vulcan's Complaint.

HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
HOWARD M. TURNER
PAUL W. CARROLL
GOULD & RATNER LLP
222 North LaSalle Street
Chicago, IL  60601
312/236-3003