IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKEWOOD PRAIRIE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No 08 C1200 |
| | ) | Hon. Suzanne B. Conlon Judge |
| IBARRA CONCRETE COMPANY et. al | ) | Hon. Jeffrey Cole Magistrate Judge |
| | ) | |
| Defendants | ) | |

## AMENDED ANSWER OF LAKEWOOD PRAIRIE, LLC TO VULCAN CONSTRUCTION MATERIALS LP'S COMPLAINT

Now comes the Defendant Lakewood Prairie, LLC ("Lakewood") by Howard M. Turner, Paul W. Carroll and Gould & Ratner its attorneys and in answer to the Complaint filed by Vulcan Construction Materials LP ("Vulcan") states as follows:

1.  Vulcan Construction Materials, LP a Delaware Limited Partnership d/b/a Vulcan Materials Company is actively engaged in the business of selling stone aggregate and other construction materials, with principal place of business is DuPage County, Illinois.

    **ANSWER:** It admits the allegations of Paragraph 1 of the Complaint.

2.  Defendant Lakewood Prairie, LLC (Owner) is a limited liability company authorized and existing under and by virtue of the law of the State of Illinois, and at all times pertinent hereto was the legal holder of title to the property legally described in Exhibit A (Property).

    **ANSWER:** It admits the allegations of Paragraph 2 of the Complaint.

3.  Defendant Ibarra Concrete Company (Contractor) is a corporation organized and existing under and by virtue of the laws of the State of Illinois.

    **ANSWER:** It admits the allegations of Paragraph 3 of the Complaint.

402202.1 08003.383

4.      Defendant LaSalle Bank, N.A. is banking association authorized to conduct business in Illinois.

**ANSWER:**   It admits the allegations of Paragraph 4 of the Complaint.

5.      On information and belief, Owner or someone authorized by Owner, entered into a contract with Contractor whereby Contractor would supply labor and material for construction of improvements to the Property. Plaintiff does not know any of the terms of the contract, or if such contract was oral or written. if the contract is written, Plaintiff does not have access to a copy.

**ANSWER:**   It admits that it employed Ibarra Concrete Company ("Ibarra") to perform concrete work on some property that it owns or owned in Kendall County, but denies each and every other allegation of Paragraph 5 of the Complaint.

6.      Contractor had previously made an application for credit with Plaintiff to allow it to purchase materials from Plaintiff on an open account basis, pursuant to the terms of the application. A true and correct copy of said application is attached hereto as Exhibit B.

**ANSWER:**   It lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Complaint and therefore neither admits nor denies such allegations.

7.      Contractor thereafter purchased materials for use on the Property beginning the 4th day of May, 2006.

**ANSWER:**   It admits that Ibarra purchased materials, but denies that Ibarra purchased such materials from Vulcan, and denies each and every other allegations of Paragraph 7 of the Complaint.

8.      Plaintiff sold and delivered materials to the Property requested and required by Contractor to the actual and reasonable value of Eighty Six Thousand Four Hundred Fifty One and 91/100ths ($86,451.91) Dollars. Contractor purchased additional materials from Plaintiff for use at the Property to the actual and reasonable value of Fourteen Thousand Three and 61/100ths ($14,003.61) Dollars. The total for materials purchased by Contractor for us at the Property was One Hundred Thousand Four Hundred Fifty Five and 52/100ths ($100,455.52) Dollars. All materials provided were of the type, quality and quantity requested and required by the Contractor. Plaintiff's last day of delivery of materials was August 11, 2006.

**ANSWER:**     It denies the allegations of Paragraph 8 of the Complaint.

9.      After allowance of all contract adjustments, payments, credits and set-offs, there remains due and owing to the Plaintiff for the materials provided to the Property at the instance and request of Contractor the sum of Eighty Three Thousand Seventy Three and 51/100ths ($83,073.51) Dollars.

**ANSWER:**     It denies the allegations of Paragraph 9 of the Complaint.

10.     Plaintiff has made repeated demands upon Contractor for payment of these sums, but Contractor has failed and refused, and continues in its failure and refusal to make payment.

**ANSWER:**     It lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and therefore neither admits nor denies such allegations.

11.     On September 8, 2006 Plaintiff sent a notice to Defendant Owner and Defendant Contractor advising that Plaintiff had supplied stone to the Lakewood Prairie Subdivision in Joliet, Illinois. A copy of that Notice is attached hereto as Exhibit C, and return receipts evidencing delivery of that Notice are attached as Exhibit D.

**ANSWER:** It admits that it received a copy of Exhibit C of the Complaint on or about September 13, 2006, but denies each and every other allegation of Paragraph 11 of the Complaint.

12. At all times there was in effect in the State of Illinois, 770 ILCS 60/1 et seq., The Mechanic's Lien Act (Lien Act).

**ANSWER:** It admits the allegations of Paragraph 12 of the Complaint.

13. Plaintiff on the 6th day of October, 2006 did cause a Notice and Claim for Mechanic's Lien to be served by certified mail, return receipt requested, upon all Defendants.

**ANSWER:** It admits the receipt of a copy of Exhibit E attached to the Complaint on or about October 10, 2006, but denies each and every other allegation of Paragraph 13 of the Complaint.

14. A true and correct copy of said Notice and Claim for Mechanic's Lien is attached hereto as Exhibit E.

**ANSWER:** It lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and therefore neither admits nor denies such allegations.

15. Receipts evidencing service of said notice on all said Defendants as Exhibit F.

**ANSWER:** It lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint and therefore neither admits nor denies such allegations.

16. Plaintiff has caused its Claim for Lien to be recorded with the Kendall County Recorder of Deeds.

**ANSWER:** It admits the allegations of Paragraph 16 of the Complaint.

17.     Pursuant to the Lien Act, Plaintiff hereby asserts its mechanic's lien against the Property and alleges that said interest is superior to the interests of all parties herein names, and also asserts its lien against money and other considerations due and to become due to Contractor pursuant to this contract for construction of improvements on the Property.

**ANSWER:** It denies the allegations of Paragraph 17 of the Complaint.

18.     That LaSalle Bank N.A. may have or claim to have an interest in the Property by virtue of a mortgage recorded with the Kendall County Recorder of Deeds as Document No. 2005023392 and accordingly is made a party defendant hereto.

**ANSWER:** It admits the allegations of Paragraph 18 of the Complaint.

19.     There may be additional parties in interest, whose identities are unknown to Plaintiff, who may have or claim to have some right, title or interest in and to the property as lienholders, tenants, encumbrancors, mortgagees, purchasers or undisclosed owners and such parties are joined hereunder as Unknown Owners and Unknown Lienholders. Such interest, if any there be, is subject, subordinate and inferior to that of the Plaintiff.

**ANSWER:** It admits that there are additional parties in interest that have not been made parties to this action, denies that the identity of such additional parties are unknown to the Vulcan, and admits that Vulcan has failed to join necessary parties to this action. Lakewood otherwise denies each and every allegation of Paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE-SECTION 5
### OF THE ILLINOIS MECHANICS LIEN ACT

1.    770 ILCS 60/5 provides in part:

> (a) It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect, or superintendent shall pay or cause to be paid to the contractor or to his order any moneys or other consideration due or to become due to the contractor, or make

5

or cause to be made to the contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names and addresses of all parties furnishing labor, services, material, fixtures, apparatus or machinery, forms or form work and of the amounts due or to become due to each.

2. Lakewood obtained affidavits from Ibarra complying with such statutory provision as to specific lots showing that all materials were furnished by Grundy, and that no materials were furnished by Vulcan.

3. Lakewood paid Ibarra in reliance on such affidavits.

4. Payment on such affidavits constitutes a complete defense against Vulcan's claims for lien to the extent of the amounts paid in reliance on such affidavits.

### SECOND AFFIRMATIVE DEFENSE-SECTION 21(d) OF THE ILLINOIS MECHANICS LIEN ACT

5. Under 770 ILCS 60/21(d) Lakewood is not required to pay on account of mechanics lien claims more than the amount due to Ibarra on its contract.

### SECOND AFFIRMATIVE DEFENSE

6. Lakewood is entitled to and required to withhold from amounts due to Ibarra all amounts due or to become due other lien claimants, including but not limited to the U.S. Government, other mechanics lien claimants and Midwest Bank & Trust Company.

Wherefore, this Lakewood prays that Vulcan's Complaint be dismissed at Vulcan's costs.

HOWARD M. TURNER
PAUL W. CARROLL
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482
GOULD & RATNER LLP
222 North LaSalle Street
Suite 800
Chicago, IL  60601
312/236-3003

STATE OF ILLINOIS )
                  ) SS
COUNTY OF C 0 0 K )

I, Rhonda Huston, being first duly sworn on oath, depose and state that I am the Chief Financial Officer of Lakewood Prairie, LLC, Plaintiff herein; that I have read the above and foregoing pleading, and that the same is true and correct to the best of my knowledge and belief, and as to those statements as to lack of sufficient knowledge and information to form a belief as to the truth or falsity of the allegations, I and Lakewood Prairie, LLC truly lack such knowledge and information and therefore does not have a belief as to the truth or falsity thereof.

_____
_____

SUBSCRIBED AND SWORN TO BEFORE ME
this      day of June, 2008.

_____
    NOTARY PUBLIC