IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC )<br>)<br>Plaintiff, )<br>v. )<br>)<br>IBARRA CONCRETE COMPANY, et al., )<br>)<br>Defendants. ) | Case No 08 C1200<br>Hon. Suzanne B. Conlon Judge<br>Hon. Jeffrey Cole Magistrate Judge |

### ANSWER OF LAKEWOOD PRAIRIE, LLC TO MIDWEST BANK AND TRUST COMPANY'S COUNTERCLAIM

Now comes the Plaintiff Lakewood Prairie, LLC and as its answer to the Counterclaim of Midwest Bank and Trust Company. states as follows:

### COUNT I

1.  Counter-Plaintiff, Midwest Bank and Trust Company, for all claims set forth herein, is the assignee of Ibarra Concrete Company, which was, at all times relevant, engaged in business of supplying labor and material for concrete, and related miscellaneous construction materials and services.

Answer: Plaintiff admits that Ibarra Concrete Company ("Ibarra") was engaged prior to going out of business in the businesses alleged in paragraph 1 of Count I, but denies each and every other allegation of paragraph 1 of Count I.

2.  On or about June 23, 2005, Lakewood Homes, Inc. was a contractor engaged in general contracting in Kendall County, Illinois and was acting with the authority of the owners of the property described hereinafter.

Answer: Plaintiff admits that Lakewood Homes, Inc acted as the corporate manager of the Plaintiff Lakewood Homes, LLC and as construction manager and agent of Plaintiff with

respect to the subject property, but otherwise denies each and every allegation of paragraph 2 of Count I of the Counterclaim.

3.　　On or about June 23, 2005, Lakewood Prairie, LLC was the record owner ("Owner") of a certain parcels of real estate commonly referred to as Lakewood Prairie and more specifically described in Exhibits 1 and 2, attached hereto (the "Subject Property").

Answer: Admitted

4.　　On or about June 23, 2005, defendant Lakewood Homes, Inc. ("LHI") entered into an agreement ("Agreement") with Ibarra Concrete ("Ibarra") for the purpose of providing concrete for the construction of new homes. A copy of the contract is attached hereto as Exhibit 3.

Answer: Plaintiff admits that Lakewood Homes, Inc acted as the corporate manager of the Plaintiff Lakewood Homes, LLC and as construction manager and agent of Plaintiff with respect to the subject property, and in those capacities Lakewood Homes, Inc. entered into a contract with Ibarra on behalf of Plaintiff, but otherwise denies each and every allegation of paragraph 4 of Count I of the Counterclaim.

5.　　Pursuant to the Agreement, Ibarra did furnish the labor and materials required by the Agreement and did comply with the terms and provisions of the Agreement. Ibarra completed the work required as set forth in the schedules attached to Exhibits 1 and 2.

Answer: Plaintiff admits that Ibarra did furnish some work, material and labor but otherwise denies each and every allegation of Paragraph 5 of Count I of the Counterclaim.

6.　　LHI has failed to pay for the materials and services provided as agreed.

Answer: Plaintiff denies each and every allegation of Paragraph 6 of Count I of the Counterclaim.

7. All of the materials and labor furnished by Ibarra were delivered to, and accepted for the improvement of the Subject Property by LHI and the Owner. Said labor and materials for the improvement of the Subject Property by LHI and the Owner. Said labor and materials constitute a permanent and valuable improvement and enhancement of the Subject Property described in Paragraph 3 above. The labor and materials provided by Ibarra, for which Ibarra has not been paid, are reasonably valued at $573,318.00 and have improved and enhanced the value of the Subject Property in that amount, as specified in the exhibits attached to Exhibits 1 and 2.

Answer: Plaintiff admits that some materials labor and work were furnished by Ibarra became part of the improvement of the Subject Property and enhanced its value, but states that nothing is due to Ibarra because Ibarra has breached its contract in the following respects:

(a) failure to complete the work;

(b) failure to pay subcontractors;

(c) performance of defective work;

(d) permitted mechanics liens and tax liens to be asserted against the real estate and against amounts claimed to be due to Ibarra;

(e) failed to indemnify, defend and hold Plaintiff harmless from any and all claims asserted by others against money due or to become due Ibarra.

Except as admitted above, Plaintiff denies each and every allegation of Paragraph 7 of Count I of the Complaint.

8. After giving credit for all amounts previously paid, there is therefore, remaining due and owing to Ibarra under the terms of the Agreement the sum of $573,318.00, together with interest at the statutory rate of ten percent (10%) per annum, in accordance with 770 ILCS 60/17.

Answer: Plaintiff denies each and every allegation of Paragraph 8 of Count I of the Counterclaim.

9. By reason of the nonpayment of the above sum, Ibarra is entitled to, and does claim, a mechanic's lien upon the Subject Property for the balance due and unpaid.

Answer: Plaintiff denies each and every allegation of Paragraph 9 of Count I of the Counterclaim.

10. On December 4, 2006 and December 7, 2008 notices and claims for lien were recorded in the Office of the Recorder of Deeds of Kendall County, Illinois, recorded as Document No. 200600038919 and Document No. 2006000039545 respectively. True and correct copies of Ibarra's claims for lien are attached hereto as Exhibits Nos. 1 and 2.

Answer: Admitted

11. Each of the defendants, has or claims to have some interest in the above described premises, as lien creditors, judgment creditors, encumbrancers, trustees or purchase, or otherwise, the exact nature of which is unknown to Counter-Plaintiff, but on information and belief, such interests, if any, are subject, subordinate and inferior, or are in parity to the rights of Counter-Plaintiff.

Answer: Plaintiff denies each and every allegation of Paragraph 11 of Count I of the Counterclaim.

12. Midwest Bank and Trust is the collateral assignee of Ibarra and is the owner of the claim pursuant to a Uniform Commercial Code sale conducted on October 31, 2006.

Answer: Answer: Plaintiff denies each and every allegation of Paragraph 12of Count I of the Counterclaim.

13. 770 ILCS 60/17 allows the Counter-Plaintiff to be awarded attorneys fees if Counter-Plaintiff has not bee paid without just cause or right.

Answer: Plaintiff admits that there is a statute that provides in some cases for attorneys fees, but otherwise denies each and every other allegation of paragraph 13 of Count I of the Counterclaim.

## COUNT II

1-8. Counter-Plaintiff restates and resubmits its allegations set forth in paragraphs 1 through 8 of Count I as paragraphs 1 through 8 of this Count II.

Answer: Plaintiff realleges its answers to paragraphs 1 through 8 of Count I as its allegations to paragraphs 1 through 8 of Count II.

9. Pursuant to the contract, Ibarra furnished the material sand labor requested and invoiced Defendant LHI for the same. Copies of the invoices are attached hereto as Exhibit 4.

Answer: Plaintiff admits that some materials and labor were furnished but otherwise denies each and every other allegation of Paragraph 9 of Count II

10. LHI failed to pay Counter-plaintiff for the labor and materials provided pursuant to the contract.

Answer: Plaintiff denies each and every allegation of Paragraph 10 of Count II.

11. Defendant's failure to pay Counter-plaintiff for work performed valued in the amount of $573,318.00 constitutes of breach of contract.

Answer: Plaintiff denies each and every allegation of Paragraph 11 of Count II.

12. By way of LHI's breach of contract, Counter-plaintiff has incurred damages in the amount of $573,318.00, plus interest, costs and attorneys fees.

Answer: Plaintiff denies each and every allegation of Paragraph 12of Count II.

## COUNT III

1-2.    Pleading in the alternative, pursuant to 735 ILCS 5/2-613, Counter-Plaintiff realleges and incorporates paragraphs 1-2 of Count I and paragraphs 1-2 of Count III as if fully set forth herein.

Answer:  Plaintiff realleges its answers to paragraphs 1 and 2 of Count I as its answers to paragraphs 1 and 2 of Count III.

3. All the materials furnished by Counter-plaintiff were delivered to an accepted by Owner and LHI.

Answer:  Plaintiff denies each and every allegation of Paragraph 3 of Count III.

4.    The materials accepted by Owner and LHI are reasonably valued at $573,318.00.

Answer:  Plaintiff denies each and every allegation of Paragraph 4 of Count III.

5.    The materials for which Owner and LHI have retained and for which Counter-Plaintiff has not been paid have benefited these defendants in the amount of $573,318.00.

Answer:  Plaintiff denies each and every allegation of Paragraph 5 of Count III.

6.    Although demanded to do so, these defendants have failed to refused to pay Counter-plaintiff the balance due and owing.

Answer:  Plaintiff denies each and every allegation of Paragraph 6 of Count III.

### AFFIRMATIVE DEFENSES

1. Ibarra breached its contract by not completing its work.
2. Ibarra breached its contract by performing defective work.
3. Ibarra breached its contract by failing to indemnify, protect and defend the Plaintiff against lien claims.

4. Plaintiff is entitled to a set off and deduction for any and all expenses and attorneys fees incurred in defending against lien claims.

5. Ibarra breached its contract by submitting false affidavits pursuant to 770 ILCS 60/5.

6. Ibarra breached its contract by failing to pay its suppliers and subcontractors.

Wherefore, Plaintiff prays that Midwest Bank and Trust Company's counterclaim be dismissed.

s/ Howard M. Turner<br>
HOWARD M. TURNER<br>
PAUL W. CARROLL<br>
ATTORNEYS FOR LAKEWOOD PRAIRIE, LLC

# 2868482  
HOWARD M. TURNER  
PAUL W. CARROLL  
GOULD & RATNER LLP  
222 North LaSalle Street  
Chicago, IL  60601  
312/236-3003

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF C 0 0 K  )

I, Rhonda Huston, being first duly sworn on oath, depose and state that I am the Chief Financial Officer of Lakewood Prairie, LLC, Plaintiff herein; that I have read the above and foregoing pleading, and that the same is true and correct to the best of my knowledge and belief, and as to those statements as to lack of sufficient knowledge and information to form a belief as to the truth or falsity of the allegations, I and Lakewood Prairie, LLC truly lack such knowledge and information and therefore does not have a belief as to the truth or falsity thereof.

_____
Secretary / CFO

SUBSCRIBED AND SWORN TO BEFORE ME
this 12th day of June, 2008.

_____
NOTARY PUBLIC

ROSEMARY CALIENDO
NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS
MY COMMISSION EXPIRES
MAY 30, 2012