IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRARIE, LLC, | ) |
| Plaintiff, | ) No. 08 C 1200 |
| vs. | ) |
| IBARRA CONCRETE COMPANY et. al. | ) Judge Suzanne B. Conlon |
| | ) Magistrate Judge Jeffrey Cole |
| Defendants. | ) |

## ANSWER OF HOMECOMINGS TO GRUNDY REDI MIX INC'S COUNTERCLAIM

NOW COMES Defendant, HOMECOMINGS FINANCIAL NETWORK, INC. now known as HOMECOMINGS FINANCIAL LLC. ("HOMECOMINGS") by and through its attorneys, Kropik, Papuga & Shaw and as its Answer to Grundy Redi Mix Inc.'s Counterclaim states as follows:

1. At all times material hereto, Counter Plaintiff Grundy Redi-Mix was and is an Illinois Corporation doing business in the County of Grundy and surrounding counties in the State of Illinois, as a purveyor of concrete materials, construction stone aggregate and related construction services, with its principal place of business in Morris, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

2. Counter Defendants, Lakewood Prairie LLC (herein referred to as "Lakewood Prairie") is an Illinois limited liability company which is, or was, the legal title holder of the following described real estate:

Lots 11, 15, 17, 18, 30, 31, 32, 33, 34, 35, 41, 43, 45, 46, 47, 48, 50, 52, 53, 54, 60, 61, 62, 65, 66, 67, 69, 70, 86, 87, 88, 89, 90, 91, 94, 95, 96, 97, 98, 128, 140, 142, 152, 156, 157, 162 and 163 in Lakewood Prairie Unit 1, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 north, Range 8 East of the Third Principal Meridian, according to the plat thereof recorded June 14, 2005 as Document Number

1



200500016560, and amended by certificates of correction recorded June 29, 2005 as Number 200500018275 and recorded May 9, 2006 as Document Number 200600013671, in Kendall County, Illinois. and

Lots 21, 22, 24, 25, 59, 71, 72, 74, 75, 76, 77, 79, 80, 81, 82, 83 and 85 in Lakewood Prairie Unit 1 A, being a Re-subdivision of part of Lakewood Prairie Unit 1, recorded June 14, 2005 as Document Number 200500016560, being a subdivision of part of the Northwest Quarter and part of the Southwest Quarter of Section 1, Township35 north, Rage 8 East of the Third Principal Meridian, according to the plat of said Lakewood Prairie Unit 1 A, recorded March 14, 2006 as Document Number 200600007542, in Kendall County, Illinois; and

Lots 179-1, 179-2, 185, 186, 187, 190, 213, 214, 215, 216, 217, 218, 219, 221, 222, 247, 248, 249, 250, 251, 254, 257, 260, 261, 285, 286 and 287 in Lakewood Prairie Unit 2, being a subdivision of part of the Northwest 1/4 and the Southwest Y of Section 1, Township 35 North, Range 8 East of the Third Principal Meridian, according to the plat thereof recorded June 14, 2005 as Document Number 200500016561, and amended by certificates of correction recorded June 29, 2005 as Document Number 200500018276 and recorded May 16, 2006 as Document Number 200600001452, in Kendall County, Illinois (Herein referred to as the"Property").

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

3. Counter Defendant, Ibarra Concrete Company, (herein referred to as "Ibarra") is an Illinois corporation engaged in the business of construction of concrete foundations, flatwork and structures.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

4. Counter Defendant, LaSalle Bank, N.A., (herein "LaSalle") is a federally chartered bank doing business in Illinois.

2

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

5. Counter Defendant, Howard B. Samuels, (herein "Samuels") purports to be the assignee for the benefit of creditors trust established for the benefit of Ibarra's creditors, and claims a lien upon the Property.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

6. Counter Defendant, Vulcan Construction Materials LP, d/b/a Vulcan Materials Company is a Delaware limited partnership engaged in the business of selling stone aggregate and other construction materials, having a principal place of business in DuPage County, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

7. Counter Plaintiff is informed and believes, and therefore alleges on information and belief, that Lakewood Prairie and Ibarra entered into a contract whereby Ibarra would supply labor and material for construction of improvements on the Property. Counter Plaintiff does not know the terms of the contract, nor whether it was written or oral. If written, Counter Plaintiff does not have access to a copy thereof.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

8. After the said contract was entered into, Ibarra purchased from Counter Plaintiff, construction materials and delivery services for delivery to and use on the Property, at various times and dates during the months of May, June, July and August, 2006.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

9. At the request of Ibarra, Counter Plaintiff delivered the purchased materials to the Property on the dates requested by Ibarra, whereat they were offloaded as directed by Ibarra. The total of such materials purchased and delivered to the Property was $415,847.40, apportioned between the lots as more fully set forth on Exhibit A, attached hereto. The date

upon which the last of such materials was delivered to each lot is set forth on Exhibit B, attached hereto.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

10. After allowance of all adjustments, payments, credits and set offs, there remains due and owing to Counter Plaintiff for materials and services delivered to the Property the sum for each lot which is set forth on Exhibit A.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

11. Despite Counter Plaintiffs demands, Ibarra has failed and refused to pay the amount due to Counter Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

12. On August 25, 2006 and August 28, 2007, Counter Plaintiff caused to be sent by U.S. Certified Mail, Return Receipt Requested, a statutory 90-Day Notice to Lakewood, pursuant to *70 ILCS 60/24 (2006)* for each lot upon which a lien is claimed. True copies of said Notice, together with the certified receipt and return card are attached hereto as Exhibit C.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

13. On August 29, 2006, August 30, 2006, and September 1, 2006, Counter Plaintiff caused to be recorded in the Office of the Recorder of Deeds of Kendall County, Illinois, a Sub-Subcontractor's Claim for Lien for each lot upon which a lien is claimed. True copies of said Claims for Lien is attached as Exhibit D. Counter Plaintiff consequently caused a copy of said Claim for Lien to be mailed by U.S. Certified Mail, return receipt requested, to Lakewood. True copies of said certified receipts and return cards are attached as part of Exhibit C.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

4

14. Pursuant to the Illinois Mechanics Lien *Act, 770 ILCS 60/1 et seq. (2006)*, Counter Plaintiff asserts its mechanics lien rights against the Property and alleges that its interest is superior to the interests of all parties herein named, and further asserts its lien rights against the moneys held by Lakewood and designated in its Complaint for General Settlement in this action.

**ANSWER:** HOMECOMINGS denies the allegations of Paragraph 14 of the Counterclaim.

15. LaSalle may have or claim to have an interest in the Property by virtue of a mortgage recorded with the Kendall County Recorder of Dees as Document No. 200500023392 and accordingly is made a party defendant hereto. Such interest, if any there be, is subject, subordinate and inferior to that of the Counter Plaintiff.

**ANSWER:** HOMECOMINGS lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

16. Vulcan and Samuels may have or claim to have an interest in the Property by virtue of mechanics liens recorded with the Kendall County Recorder of Deeds as Document Nos. 2006035836 and 2006039545, and accordingly are made defendants hereto. Such interest or interests, if any there be, is subject, subordinate and inferior to that of Counter Plaintiff.

**ANSWER:** HOMECOMINGS lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

17. R&J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc., Ishmael C. Hernandez, Cenorina Reyes, Randy Jacobson, Tina Jacobson, Pamela Mcreynolds, Willie

Mcreynolds, Jaclyn Mroz, Thomas L. Johannessen, Christina Johannessen, Stewart G. Honeck Iv, Amara Honeck, Michael B. Mckirdie, Kelly Mckirdie, Tiffany Perez, Leonardo Perez, Rigoberto Gomez, Rosa Gomez, Lupe Grango, Alex Grango, Mark A. Kosinski, Joanne Kosinski, Rosa I. Becerra, Miguel A. Becerra, Dora A. Becerra, Joan Gonzalez, Santiago A. Rodriguez, Joseph Uribe, Nancy Uribe, Oscar Carrillo, Maricela Montes De Oca-Tapia, Gabriella Avilla, Victor M. Martinez, Adrianna Martinez, Ricardo Zamora, Ma Zamora, Matthew J. Liska, Nicole L. Liska, Guillermo Jaime, Jr., Barbara Mitchell, Alton Brett Norris April D. Norris, Steven Van Dyke, April Van Dyke, Fabian Bermudez, Jennifer N. Rigual, Patrick J. Mcgrath, Daryl L. Mcgrath, Edward Pietrzyk, Joleen Pietrzyk, Gloria I. Zamora, Jose L. Zamora, Lyanna Tyler, Nathan Caliendo Ii, Meagan Caliendo, John R. Koszola, Angela J. Koszola, David E. Rinehart, Eden M. Rinehart, Jon Souvannasot, Michael J. Thompson, Jeffrey Smith, Faith Smith, Christopher Humberg, Alice C. Ball-Bonner, Douglas E. Knack, Kelly S. Knack, Gary C. Francis Karen O. Francis, Beverly Howard, Tara Culotta, Dean Culotta, Wayne R. Mount, Nora S. Mount, Gerardo Borjon, Jeannette Borjon, Omayra Hwieh, Gina L. Bates, James H. Bates, Sherria Covington, Vernon J. Jackson, Sakenna K. Jackson, Newell A. Broadway, Dion M. Simpson, Betty J. Simpson, Dawn M. Kolaski, Matthew J. Schreiner, Jan-Ice Boyd Livingston, Timiko L. Livingston, Jose Garcia, Lucius Armstrong, Kimberly Armstrong, Jose M. Martinez, Concepcion Martinez, Scott Breckenridge, Mark Symon, Teresa Symon, Lynette J. Rinella, Robert Rinella, David A. Brink, Billy Jo Noll--Brink, Donna Kaul, Esperanza Becerra, Jesse Zbroskewich, Linda Zebroskewich, Lisa M. Ramocki, Stephen J. Whitt, Marilyn Bokuniewicz, Joseph Bokeniewicz, Erick Huerta, Jesus Alfonso, Edina Alfonso, Peter J. Sustaita, Jose Dejusus Loera, Brian Radejewski, Sara Otto, Mike Casillas, Christine F. Cacillas, Elizabeth Luevano, Adela Reys, Alejandro Ocegueda, Maria L. Ocegueda, Ruben K. Campbell, Savana N. Latimore, Herminia V. Califlower, Getemberg Montesinos, Oscar Luciano,

6

Lisa Laturell, Jose A. Tenorio, Lorianne M. Tenorio, Charles Frederick Field Revocable Trust, Michellebusch, Rosa Missak, Brian S. Missak, Christina Trevino, Daniel O. Trevino David J. Wanek, Edwin C. Beatingo, Nicole Beatingo, Dennis Wozniak, Diane L. Wozniak, Stacy Zeis, Sandra Boyce, Anthony W. Riley, Cathryn Riley, Jonathan Resurrection, Michael P. Driscoll, Christina M.Biscaglio, Arnedo Sapnu, Jr., Beth A. Adams, Sandra K. Adams, Tiburico Cuevas, Alvaro Cuevas, Monica M. Reames, Randy W. Reames, Geradine M. Spore, Araceli M. Pardenilla, Imogene Vailoces, Ciro A. Pryor. Marilyn E. Pryor, Michael S. Lanthier, Rebecca J. Lanthier, Shannon M. Kielar, John Kielar, Mortgage Electronic Registration System (Mers), Bank Of America, LHI Mortgage, Inc., Homecomings Financial Network, Inc., JP Morgan Chase Bank, Lasalle Bank, First Federal Savings Bank, Illinois Housing Development Authority, Mortgage Lenders Network, Mccann Industries, Inc., The United States Of America, Midwest Bank And Trust Company-Algonquin may have or claim to have an interest in the Property by virtue of mechanics liens recorded with the Kendall County Recorder of Deeds, by deeds from Lakewood Prairie attached in Exhibit E, by mortgages recorded in the office of the Kendall County Recorder of Deeds at or about the time that the instruments attached as Exhibit E were recorded or by tax liens recorded in other counties, and accordingly are made defendants hereto. Such interests, if any there be, is subject, subordinate and inferior to that of the Counter Plaintiff.

**ANSWER:** HOMECOMINGS lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

18. There may be additional parties in interest, whose identities are unknown to the Counter Plaintiff and cannot be ascertained, and who may have or claim to have some right, title or interest in and to the Property as lienholders, tenants, encumbrancers, mortgagees, purchasers,

or undisclosed owners, and such parties are joined hereunder as UNKNOWN OWNERS and UNKNOWN LIENHOLDERS. Such interest or interest, if any there be, is subject subordinate and inferior to that of Counter Plaintiff.

**ANSWER:** HOMECOMINGS lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE-WAIVER

1. On information and belief, Grundy Redi Mix, Inc. ("Grundy") executed and delivered waivers of lien to Ibarra Concrete Company ("Ibarra") partially waiving its liens which waivers in each case stated an amount that was received in payment by Grundy from Ibarra and that Grundy was waiving its lien in that amount.

2. Grundy Redi Mix has waived its lien to the extent of such waivers.

## SECOND AFFIRMATIVE DEFENSE-ESTOPPEL

3. HOMECOMINGS realleges paragraphs 1 and 2 of the First Affirmative Defense as this Paragraph 3.

4. On information and belief, in reliance upon such waivers, Lakewood Prarie paid money to Ibarra Concrete Company in excess of the amounts of such waivers.

5. Grundy Redi Mix is estopped from claiming any lien to the extent of the aggregate dollar amount of such waivers.

## THIRD AFFIRMATIVE DEFENSE-SECTION 5 OF THE ILLINOIS MECHANICS LIEN ACT

6. 770 ILCS 6015 provides in part:

(a) It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect, or superintendent shall pay or cause to be paid to the contractor or to his order any moneys or other consideration due or to become due to- the contractor, or make or cause to be made to the contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by affidavit, of the names and addresses of all parties furnishing labor, services, material, fixtures, apparatus or machinery, forms or form work and of the amounts due or to become due to each.

7. On information and belief, Lakewood Prarie obtained affidavits from Ibarra complying with such statutory provision showing that no money was due to Grundy as to specific lots.

8. On information and belief, Lakewood Prarie paid Ibarra in reliance on such affidavits.

9. Payment on such affidavits constitutes a complete defense against Grundy's claims for lien to the extent of the amounts paid in reliance on such affidavits.

### FOURTH AFFIRMATIVE DEFENSE-SECTION 21(d) OF THE ILLINOIS MECHANICS LIEN ACT

10. Under 770 ILCS 60/21(d) Lakewood Prarie is not required to pay on account of mechanics lien claims more than the amount due to Ibarra on its contract.

### FIFTH AFFIRMATIVE DEFENSE

11. Lakewood Prarie is entitled to and required to withhold from amounts due to Ibarra all amounts due or to become due other lien claimants, including but not limited to the U.S. Government, other mechanics lien claimants and Midwest Bank & Trust Company.

### SIXTH AFFIRMATIVE DEFENSE

12. On information and belief, Grundy failed to serve notice of mechanics lien claims on Lakewood Prarie and therefore is barred from any remedy against HOMECOMINGS by reason of 770 ILCS 60/24.

## SEVENTH AFFIRMATIVE DEFENSE

13. On information and belief, Grundy has filed claims for liens that grossly exceed the amount due it. Grundy has filed liens against the lots subject to this suit in the gross amount of $454,817.84 even though it issued waivers of lien against such lots so that the total unwaived amount of such liens is only $185,271.52. The amount of the liens filed is more than 2.45 times the maximum amount Grundy could in good faith claim making all of their lien claims constructively fraudulent.

Wherefore, HOMECOMINGS FINANCIAL NETWORK, INC. now known as HOMECOMINGS FINANCIAL LLC. HOMECOMINGS prays that Grundy's Counterclaim be dismissed with costs assessed to Grundy.

HOMECOMINGS FINANCIAL NETWORK, INC.

__/s/ Kenneth K. Shaw, Jr._____
One of Its Attorneys

Kenneth K. Shaw, Jr.
KROPIK, PAPUGA & SHAW
120 South LaSalle Street
Chicago, Illinois 60603
Telephone: 312/236-6405