IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC ) | Case No.: 08 C 1200 |
|     Plaintiff, ) | |
|   v. ) | |
| ) | Formerly Case No: |
| ) | 2007-CH-0389 |
| ) | Consolidated with: |
| IBARRA CONCRETE COMPANY, ) | |
| VULCAN CONSTRUCTION MATERIALS LP ) | No. 2006 CH 360 |
| d/b/a VULCAN MATERIALS COMPANY, ) | No. 2007 L  062 |
| HOWARD B. SAMUELS AS ASSIGNEE FOR THE ) | |
| BENEFIT OF THE IBARRA CONCRETE ) | All Removed from: |
| COMPANY TRUST, GRUNDY RED-MIX, INC. ) | The Circuit Court for the |
| R & J CONSTRUCTION SUPPLIES, ) | Sixteenth Judicial Circuit |
| ILLINOIS BRICK COMPANY ) | Kendall County, Illinois |
| STEEL MASONRY, INC., et al. ) | |
|     Defendants ) | |

**VULCAN'S UNCONTESTED MOTION FOR ENTRY OF ORDER CONTINUING
THIRD PARTY CITATION PROCEEDING AGAINST
LAKEWOOD HOMES**

Now comes VULCAN CONSTRUCTION MATERIALS L.P.d/b/a VULCAN MATERIALS COMPANY ("Vulcan"), by its  attorneys, Patrick Mazza, David McCarthy, and Debra A. Thomas, and moves this Court for entry of an Order continuing and extending Vulcan's Third Party Citation Proceedings directed to the plaintiff, Lakewood Homes, LLC.  In support thereof, Vulcan submits the following:

    1.   Vulcan's Third Party Citation Proceeding directed to the plaintiff, Lakewood, was originally filed in Kendall County, Illinois as case no. 2007 L 062 and consolidated with Lakewood's General Settlement Action.  Consequently, when the General Settlement Action was removed to the Federal District Court, so was

Vulcan's Citation proceeding.

2. Vulcan's Citation proceeding is brought pursuant to Section 2-1402 of the Illinois Code of Civil Procedure for the purpose of imposing a statutory judgment lien upon assets of the debtor, Ibarra Concrete Company, held by Lakewood. The final order of judgment in favor of Vulcan and against Ibarra is in the amount of $187,205.86 plus fees and costs. Following Vulcan's initiation of the Citation proceeding, Lakewood filed its General Settlement Action. Therein Lakewood admits to holding assets of the debtor, Ibarra.

3. A citation proceeding terminates automatically within six months of the respondent's first personal appearance pursuant to the citation, or subsequent process to enforce the citation. (Illinois Supreme Court Rule 277(f))  In this case, due to Lakewood's filing a General Settlement action, the Citation proceedings were generally continued by order of the presiding Kendall County judge, entered on December 20, 2007, with Lakewood not having personally appeared.

4. Vulcan and Lakewood are in agreement that the Citation is in force and the proceedings are continued, and that Vulcan is not required to enforce the Citation to compel the appearance of Lakewood at this time in light of the continuance.

5. Based on this court now having jurisdiction of the Citation proceedings, Vulcan requests entry of an order finding

that the Citation is generally continued in this forum until resolution of the General Settlement Action.  Lakewood has no objection.

6.   The entry of an order continuing the Citation proceedings will clarify the record here, thereby protecting the respective parties from any claims relating to lack of enforcement or lack of compliance.

WHEREFORE, Vulcan respectfully requests the entry of an order generally continuing the Citation proceedings until resolution of the General Settlement Action.

                                    Respectfully submitted,

                                    <u>/s/ Patrick Mazza</u>
                                    One of the Attorneys for
                                    Vulcan Construction Materials

Patrick Mazza
David McCarthy
Debra A. Thomas
PATRICK MAZZA & ASSOCIATES
Attorneys for Plaintiff
290 South Main Place, Suite 101
Carol Stream IL 60188-2476
630-933-9200