IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRARIE, LLC, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 1200 |
| vs. ) | |
| IBARRA CONCRETE COMPANY et. al. ) | Judge Suzanne B. Conlon |
| ) | Magistrate Judge Jeffrey Cole |
| Defendants. ) | |

**ANSWER OF HOMECOMINGS TO SECOND AMENDED COMPLAINT
FOR GENERAL SETTLEMENT AND INTERPLEADER
PURSUANT TO 770 ILCS AND 735 ILCS 5/2-409**

NOW COMES Defendant, HOMECOMINGS FINANCIAL NETWORK, INC. now known as HOMECOMINGS FINANCIAL LLC. ("HOMECOMINGS") by and through its attorneys, Kropik, Papuga & Shaw and as its Answer to Second Amended Complaint for General Settlement and Interpleader pursuant to 770 ILCS and 735 ILCS 5/2-409 states as follows:

**COUNT 1. GENERAL SETTLEMENT**

1. In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, IA and 2 (hereinafter collectively referred to as the "Subdivisions")

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

2. Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

3. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

4. Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc. (hereinafter called "Grundy") as to various individual lots in the Subdivisions. Such sworn statements only listed Grundy as a supplier of material and state under oath that Grundy was Ibarra's only supplier.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

5. Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

6. In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

7. Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisions filed as follows:

       a)    Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.

       b)    Grundy has filed liens totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.

       c)    Vulcan Construction Materials LP DB/A Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against 57 lots totaling $83,073.51.

       **d)**    R & J' Construction Supplies (hereinafter called "R & J") have filed liens against 15 lots totaling $ 3,333.16.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

    8.    The United States of America claims a lien on the amounts due from the Plaintiff to Ibarras Concrete Company (Ibarrra) FEIN 20-1081949 whose address is 2205 Point Blvd Suite 170 Elgin, M. 60125 for Withholding Taxes and FICA. taxes owed to it in the amount of $1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof. The Internal Revenue Office that filed the tax lien is Small BusinesslSelf Employed Division, 230 South Dearborn Street, Chicago M. 60604, insolvency Group 1. Tax liens were filed with the Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva IL 60134 on 11/02/05, 3/21/06 and 5/12/06.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

9. Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

10. McCann industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

11. Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP D/B/A Vulcan Materials Company vs Lakewood Prairie, LLC et. al. No, 2006 CH 0360 (the "Foreclosure Suit").

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

12. In addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86. Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP DB/A Vulcan Materials Company vs Ibarra Concrete Company cause number No 2007 L 062 (the "Citation Action") now pending in this Court.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

13. Plaintiff is informed and believes and therefore states the fact to be that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics liens filed by Vulcan, Grundy and R & J are inferior to the common law rights of the Trust.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

14. There are insufficient amounts due or to become due from the Plaintiff to Ibarra to pay all liens and claims under such mechanics liens recorded because:

    a) The total amount that Plaintiffs books show that it owes Ibarra $289,479.34 for work on lots against which R & J, Grundy, Vulcan or the Trust have filed liens.

    b) The total amount of liens fled by R & J, Grundy, Vulcan and Ibarra is $798,432.64.

    c) Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R & J, Grundy and the Trust.

    d) The claim of the Assignee for the benefit of creditors of Ibarra may be superior to one or more of the recorded mechanics liens and the judgment lien arising by virtue of the service of the citation.

    e) The claims of The United States of America, Midwest Bank and Trust Company-Algonquin, McCann Industries, Inc may be superior to the claims for lien and Vulcan's judgment.

    f) In addition, Plaintiff has been informed that the United States of

America has subordinated its claim to that of Midwest Bank and Trust Company-Algonquin. If true, the may be a circuity of liens where the mechanics lien claims are superior to the Bank's claim, the United States claim is superior to the lien claimant's claims and the Bank's claim is superior to the claim of the United States.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

15. The persons named as "Other Known Interested Parties" are either owners or mortgagees having interests in various parcels of real estate involved in this litigation. No relief is sought against any of such parties, and it is acknowledged that their various interests in the real estate have priority over the interests of the other parties to this litigation. Such parties are included solely as necessary parties under 770 ILCS 60/30.

**ANSWER:** Defendant admits that it is a mortgagee having interests in various parcels involved in this litigation. Defendant admits that its interests in the real estate have priority over the interests of the other parties to this litigation. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph.

16. There may be other, persons interested in this action, including persons who are owners of legal or equitable interests in the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert liens against the real estate under The Illinois Mechanics Lien Act, and any other person against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper *lis pendens* of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of

foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

17. There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; that it is not known and cannot be ascertained whether or not any of the person or persons named in the above and foregoing claim be living or dead and therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; but that the names of any such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners".

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

Wherefore, HOMECOMINGS FINANCIAL NETWORK, INC. now known as HOMECOMINGS FINANCIAL LLC. HOMECOMINGS prays that count I of Plaintiff's complaint be dismissed at Plaintiff's cost.

## COUNT II. INTERPLEADER

1. This action is commenced pursuant to 735 ILCS 5/2-409.

**ANSWER:** Defendant neither admits nor denies the legal conclusion alleged.

2. In January of 2006, Plaintiff was the owner of real estate located in Kendall and Grundy Counties (hereinafter collectively referred to as the "Real Estate").

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

3. Thereafter, Plaintiff employed Ibarra. Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such real estate.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

4. Thereafter Ibarra commenced work. However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that bad to be completed by Plaintiff.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

5. Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.

**ANSWER:** Defendant neither admits nor denies the legal conclusion alleged.

6. Vulcan Construction Materials LP D/B/A Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Grundy Red-Mix, Inc, R & J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc., Midwest Bank and Trust

Company-Algonquin, McCann Industries, Inc., and the United States of America all claim a right to such funds either as subcontractors asserting mechanics liens, assignees; judgment creditor, secured parties asserting security interests or for taxes due pursuant to liens filed:

a. Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for $301,749.00.

b. Grundy has asserted claims totaling $410,276.97 even though it has issued partial waivers of lien totaling $208,037.47.

c. Vulcan Construction Materials LP D/B/A Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanics lien claims totaling $83,073.51.

d. R & J Construction Supplies (hereinafter called "R & J") asserts claims totaling $ 3,333.16.

e. Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187, 205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.

f. Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.

g. McCann Industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.

h. The United States of America claims a lien on the amounts due from the Plaintiff to Ibarras Concrete Company (Ibarrra) FEIN 20-1081949 whose address is 2205 Point Blvd Suite 170 Elgin, M. 60125 for Withholding Taxes and FICA taxes owed to it in the amount of $1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof. The Internal Revenue Office that filed the tax lien is Small Business/Self Employed Division, 230 South Dearborn Street, Chicago M. 60604, Insolvency Group 1. Tax liens were filed with the

Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva IL 60134 on 11/02/05, 3/21/06 and 5/12/06.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

7. These claims exceed $2,372,235.06 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

8. These claims arise out of the same or a related subject matter because they all assert claims against sums due or to become due from the Plaint f to Ibarra, and such claims expose the Plaintiff to double and multiple liability.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

9. 735 ILCS 5/2-409 provides in part:

> § 2-409. Interpleader. Persons having claims against the plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability. It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.

**ANSWER:** Defendant admits the existence of 735 ILCS 5/2-409.

10. Suit against the United States is authorized by Title 28 U.S.C.A. Section 2410(a), which permits the United States to be sued in an interpleader action, an action in the nature of interpleader, and in an action to foreclose a lien. All such actions are present in this consolidated cause.

**ANSWER:** Defendant admits the existence of Title 28 U.S.C.A. 2410(a). Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of this

paragraph.

Wherefore, HOMECOMINGS FINANCIAL NETWORK, INC. now known as HOMECOMINGS FINANCIAL LLC. HOMECOMINGS prays that Count II. Of Plaintiff's Complaint be dismissed at Plaintiff's cost.

HOMECOMINGS FINANCIAL NETWORK, INC.

/s/ Kenneth K. Shaw, Jr.
One of Its Attorneys

Kenneth K. Shaw, Jr.
KROPIK, PAPUGA & SHAW
120 South LaSalle Street
Chicago, Illinois 60603
Telephone: 312/236-6405

## CERTIFICATE OF SERVICE

I hereby certify on this 10th day of July, 2008, that the foregoing Motion was filed electronically and served on parties of record by operation of the Court's ECF system.

                                                          /s/   Kenneth K. Shaw, Jr.
                                                          Kenneth K. Shaw, Jr.

Kenneth K. Shaw, Jr.
Attorney for Defendant
KROPIK, PAPUGA and SHAW
120 South LaSalle Street
Chicago, IL  60603
(312) 236-6405

Case 1:08-cv-01200 Document 189 Filed 07/23/2008 Page 13 of 13