IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEWOOD PRAIRIE, LLC, | ) |
| | ) Case No.: 08 C 1200 |
| vs.          Plaintiff, | ) |
| | ) |
| IBARRA CONCRETE COMPANY, et al., | ) Hon. Judge Suzanne Conlon |
| | ) |
| Defendants. | ) Magistrate Judge |
| | ) Jeffrey Cole |

### "OWNERS/INTERESTED PARTIES" ANSWER TO GRUNDY REDI-MIX, INC. COUNTERCLAIM

NOW COME Defendants, **Beth A. Adams and Sandra K. Adams**, Lucius Armstrong and Kimberly Armstrong, Gina L. Bates and James H. Bates Jr., Edwin C. Beatingo and Nicole L Beatingo, Esperansa Beccara, Rosa I. Becerra, Miguel A. Becera and Dora A. Becerra, Fabian Bermudez and Jennifer Rigual, Marilyn Bokuniewicz and Joseph F. Bokuniewicz, Gerardo Borjon and Jeannette Borjon, Scott Breckenridge, David Brink and Billy Jo Noll-Brink, Michelle Busch, Nathan Caliendo II and Meagan Caliendo, Ruben K. Campbell and Savana N. Latimore, Oscar Carrillo and Maricela Montes de Oca-Tapia and Gabriela Avila, Herminia V. Cauliflower, Charles F. Field, Trustee, Charles Fredric Field Rev. Trust, Sherria Covington, Tiburcio Cuevas and Alvaro Cuevas, Tara Culotta and Dean C. Culotta, Beverly W. Dowling, Michael P. Driscoll and Christina M. Biscaglio, Gary C. Francis and Karen O. Francis, Doreen J. Furmanski, Jose Garcia, Rigoberto Gomez and Rosa Gomez, Juan

Gonzalez, Dorothy M. Grantham, Eric Huerta and Jesus Alfonso, Omayra Hweih, Randy Jacobsen and Tina Jacobsen, Thomas L. Johannessen and Christina T. Johannessen, Staphanie A. Jarmon, Donna Kaul, Shannon M. Kielar and John Kielar, Douglas E. Knack and Kelly S. Knack, Dawn M. Kolaski and Matthew J. Schreiner, Mark A. Kosinski and Joanne Kosinski, John R. Koszola and Angela J. Koszola, Michael S. Lanthier and Rebecca J. Lanthier, Lisa Laturell, Matthew Liska and Nicole L. Liska, Janice Boyd Livingston and Timiko L Livingston, Jose Dejesus Loera, Elizabeth Luevano, Victor M. Martinez and Adrianna Martinez, Patrick J. McGrath and Daryl L. McGrath, Michael B. McKirdie and Kelly A. McKirdie, Pamela McReynolds and Willie McReynolds, Brian S. Missak and Rosa Missak, Wayne R. Mount and Nora S. Mount, Jaclyn Mroz, Alejandro Ocegueda and Maria L. Ocegueda, Araceli M. Pardenilla and Imogene Vailoces, Tiffany Perez and Leonardo A. Perez, Edward Pietrzyk and Joleen Pietrzyk, Ciro A. Pryor and Marilyn E. Pryor, Brian Radejewski and Sara Otto, Monica M. Reames and Randy W. Reames, Jonathan Resurreccion, Adela Reyes, Anthony W. Riley and Cathryn Riley, David E. Rinehart and Eden M. Rinehart, Lynett J. Rinehart and Robert Rinella, Satiago A. Rodriguez, Jeffrey Smith and Faith Smith, Jon Souvannasot and Michael J. Thompson, Geraldine M. Spore, Peter J. Sustaita, Cristina Trevino and Daniel O. Trevino, Joseph Uribe and Nancy Uribe, Steven R. VanDyke and Angela K. VanDyke, David J. Wanek, Dennis Wozniak, Ricardo Zamora and Ana Zamora, Gloria I. Zamora and Jose L. Zamora,

**Ricardo Zarate, Jr., Jesse Zbroskewich and Linda Zbroskewich, Stacy Zeis, Newell A. Broadway, Lupe Grango and Alex Grango, Stewart G. Honeck, IV and Amara Honeck, Alice C. Ball-Bonner, Ismael C. Hernandez and Cenorina Reyes**, hereinafter referred to as "Owners/Interested Parties", by their attorney, E. Bryan Dunigan, and in answer to the allegations contained in the Grundy Redi-Mix, Inc. Counterclaim, state as follows:

1. At all times material hereto, Counter Plaintiff, Grundy Redi-Mix, was and is an Illinois Corporation doing business in the County of Grundy and surrounding counties in the State of Illinois, as a purveyor of concrete materials, construction stone aggregate and related construction services, with its principal place of business in Morris, Illinois.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 1, and neither admit nor deny same but demand strict proof thereof.**

2. Counter Defendants, Lakewood Prairie, LLC, (herein referred to as "Lakewood Prairie") is an Illinois limited liability company which is, or was, the legal title holder of the following described real estate:

> Lots 11, 15, 17, 18, 30, 31, 32, 33, 34, 35, 41, 43, 45, 46, 47, 48, 50, 52, 53, 54, 60, 61, 62, 65, 66, 67, 69, 70, 86, 87, 88, 89, 90, 91, 94, 95, 96, 97, 98, 128, 140, 142, 152, 156, 157, 162, and 163 in Lakewood Prairie Unit 1, being a subdivision of part of the Northwest Quarter and the Southwest Quarter of Section 1, Township 35 north, Range 8 East of the Third Principal Meridian, according to the plat thereof recorded June 14, 2005 as Document Number 200500016560, and amended by certificates of correction recorded June 29, 2005 as Document Number 200500018275 and recorded May 9, 2006 as Document Number 200600013671, in Kendall County, Illinois;
>
> and

>Lots 21, 22, 24, 25, 59, 71, 72, 74, 75, 76, 77, 79, 80, 81, 82, 83, and 85 in Lakewood Prairie Unit 1A, being a Re-subdivision of part of Lakewood Prairie Unit 1, recorded June 14, 2005 as Document Number 200500016560, being a subdivision of part of the Northwest Quarter and part of the Southwest Quarter of Section 1, Township 35 north, Range 8 East of the Third Principal Meridian, according to the plat of said Lakewood Prairie Unit 1A, recorded March 14, 2006 as Document Number 200600007542, in Kendall County, Illinois;
>
>and
>
>Lots 179-1, 179-2, 185, 186, 187, 190, 213, 214, 215, 216, 217, 218, 219, 221, 222, 247, 248, 249, 250, 251, 254, 257, 260, 261, 285, 286, and 287 in Lakewood Prairie Unit 2, being a subdivision of part of the Northwest ¼ and the Southwest ¼ of Section 1, Township 35 North, Range 8 East of the Third Principal Meridian, according to the plat thereof recorded June 14, 2005 as Document Number 200500016561, and amended by certificates of correction recorded June 29, 2005 as Document Number 200500018276 and recorded May 16, 2006 as Document Number 200600001452, in Kendall County, Illinois (herein referred to as the "Property").

**ANSWER:  These Defendants admit the allegations of paragraph 2 of the Counterclaim.**

3.  Counter Defendant, Ibarra Concrete Company, (herein referred to as "Ibarra"), is an Illinois corporation engaged in the business of construction of concrete foundations, flatwork and structures.

**ANSWER:  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 3, and neither admit nor deny same but demand strict proof thereof.**

4.  Counter Defendant, LaSalle Bank, N.A., (herein "LaSalle"), is a federally chartered bank doing business in Illinois.

**ANSWER:  These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set**

4

out in paragraph 4, and neither admit nor deny same but demand strict proof thereof.

5.  Counter Defendant, Howard B. Samuels, (herein "Samuels"), purports to be the assignee for the benefit of creditors trust established for the benefit of Ibarra's creditors, and claims a lien upon the Property.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 5, and neither admit nor deny same but demand strict proof thereof.**

6.  Counter Defendant, Vulcan Construction Materials LP, d/b/a Vulcan Materials Company, is a Delaware limited partnership engaged in the business of selling stone aggregate and other construction materials, having a principal place of business in DuPage County, Illinois.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 6, and neither admit nor deny same but demand strict proof thereof.**

7.  Counter Plaintiff is informed and believes, and therefore alleges on information and belief, that Lakewood Prairie and Ibarra entered into a contract whereby Ibarra would supply labor and material for construction of improvements on the Property.  Counter Plaintiff does not know the terms of the contract, nor whether it was written or oral.  If written, Counter Plaintiff does not have access to a copy thereof.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 7, and neither admit nor deny same but demand strict proof thereof.**

5

8. After the said contract was entered into, Ibarra purchased from Counter Plaintiff, construction materials and delivery services for delivery to and use on the Property, at various times and dates during the months of May, June, July, and August, 2006.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 8, and neither admit nor deny same but demand strict proof thereof.**

9. At the request of Ibarra, Counter Plaintiff delivered the purchased materials to the Property on the dates requested by Ibarra, whereat they were offloaded as directed by Ibarra. The total of such materials purchased and delivered to the Property was $415,847.40, apportioned between the lots as more fully set forth on Exhibit A, attached hereto. The date upon which the last of such materials was delivered to each lot is set forth on Exhibit B, attached hereto.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 9, and neither admit nor deny same but demand strict proof thereof.**

10. After allowance of all adjustments, payments, credits and set offs, there remains due and owing to Counter Plaintiff for materials and services delivered to the Property the sum for each lot which is set forth on Exhibit A.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 10, and neither admit nor deny same but demand strict proof thereof.**

11. Despite Counter Plaintiff's demands, Ibarra has failed and refused to pay the amount due to Counter Plaintiff.

**ANSWER:   These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 11, and neither admit nor deny same but demand strict proof thereof.**

12.    On August 25, 2006 and August 28, 2007, Counter Plaintiff caused to be sent by U.S. Certified Mail, return Receipt Requested, a statutory 90-Day Notice to Lakewood, pursuant to 70 ILCS 60/24 (2006) for each lot upon which a lien is claimed. True copies of said Notice, together with the certified receipt and return card are attached hereto as Exhibit C.

**ANSWER:   These Defendants admit the allegations of paragraph 12 of the Counterclaim.**

13.    On August 29, 2006, August 30, 2006, and September 1, 2006, Counter Plaintiff caused to be recorded in the Office of the Recorder of Deeds of Kendall County, Illinois a Sub-Subcontractor's Claim for Lien for each lot upon which a lien is claimed. True copies of said Claims for Lien is attached as Exhibit D.  Counter Plaintiff consequently caused a copy of said Claim for Lien to be mailed by U.S. Certified Mail, return receipt requested, to Lakewood.  True copies of said certified receipts and return card are attached as part of Exhibit C.

**ANSWER:   These Defendants admit the allegations of paragraph 13 of the Counterclaim.**

14.    Pursuant to the Illinois Mechanic's Lien Act, 770 ILCS 60/1 *et seq.* (2006), Counter Plaintiff asserts its mechanic's lien rights against the Property and alleges that its interest is superior to the interests of all parties herein named, and further asserts its lien rights against the moneys held by Lakewood and designated in its Complaint for General Settlement in this action.

**ANSWER:   These Defendants deny the allegations of paragraph 14 of the Counterclaim.**

15.    LaSalle may have or claim to have an interest in the Property by virtue of mortgage recorded with the Kendall County Recorder of Deeds as Document Number 200500023392 and accordingly is made a party defendant hereto. Such interest, if any there be, is subject, subordinate and inferior to that of the Counter Plaintiff.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 15, and neither admit nor deny same but demand strict proof thereof.**

16. Vulcan and Samuels may have or claim to have an interest in the Property by virtue of mechanic's liens recorded with the Kendall County Recorder of Deeds as Document Number 2006035836 and 2006039545, and accordingly are made defendants hereto. Such interest or interests, if any there be, is subject subordinate and inferior to that of Counter Plaintiff.

**ANSWER: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 16, and neither admit nor deny same but demand strict proof thereof.**

17. R&J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc., Ishmael C. Hernandez, Cenorina Reyes, Randy Jacobson, Tina Jacobson, Pamela McReynolds, Willie McReynolds, Jaclyn Mroz, Thomas L. Johannessen, Christina Johannessen, Stewart G. Honeck II, Amara Honeck, Michael B. McKirdie, Kelly McKirdie, Tiffany Perez, Leonardo Perez, Rigoberto Gomez, Rosa Gomez, Lupe Grango, Alex Grango, Mark A. Kosinski, Joanne Kosinski, Rosa I. Becerra, Miguel A. Becerra, Dora A. Becerra, Joan Gonzalez, Santiago A. Rodriguez, Joseph Uribe, Nancy Uribe, Oscar Carrillo, Maricela Montes De Oca-Tapia, Gabriella Avilla, Victor M. Martinez, Adrianna Martinez, Ricardo Zamora, Ana Zamora, Matthew J. Liska, Nicole L. Liska, Guillermo Jaime, Jr., Barbara Mitchell, Alton Brett Norris, April D. Norris, Steven Van Dyke, April Van Dyke, Fabian Bermudez, Jennifer N. Rigual, Patrick J. McGrath, Darly L. McGrath, Edawrd Pietrzyk, Joleen Pietrzyk, Gloria I. Zamora, Jose L. Zamora, Lyanna Tyler, Nathan Callendo II, Meagan Calliendo, John R. Koszola, Angela J. Koszola, David E. Rinehart, Eden M. Rinehart, Jon Souvannasot, Micahel J. Thompson, Jeffrey Smith, Faith Smith, Christopher Humberg, Alice C. Ball-Bonner, Douglas E. Knack, Kelly S. Knack, Gary C. Francis, Karen O. Francis, Beverly Howard, Tara Culotta, Dean Culotta, Wayne R. Mount, Nora S. Mount, Gerardo Borjon, Jeannette Borjon, Omayra Hwieh, Gina L. Bates, James H. Bates, Sherria Covington, Vernon J. Jackson, Sakenna K. Jackson, Newell A. Braodway, Dion M. Simpson, Betty J. Simpson, Dawn M. Kolaski, Matthew J. Schreiner, Janice Boyd Livingston, Timiko L. Livingston, Jose Garcia, Lucius Armstrong, Kimberly Armstrong, Jose M. Martinez, Concepcion Martinez, Scott

Breckenridge, Mark Symon, Teresa Symon, Lynette J. Rinella, Robert Rinella, David A. Brink, Billy Jo Noll-Brink, Donna Kaul, Esperanza Becerra, Jesse Zbroskewich, Linda Zebroskewich, Lisa M. Ramocki, Stephen J. Whitt, Marilyn Bokuniewicz, Joseph Bokeniewicz, Erick Huerta, Jesus Alfonso, Edina Alfonso, Peter J. Sustaita, Jose Dejusus Loera, Brian Radejeweski, Sara Otto, Mike Casillas, Christine F. Cacillas, Elizabeth Luevano, Adela Reys, Alejandro Ocegueda, Maria L. Ocegueda, Ruben K. Campbell, Savana N. Latimore, Herminia V. Califlower, Getemberg Montesinos, Oscar Luciano, Lisa Laturell, Jose A. Tenorio, Lorianne M.Tenorio, Charles Frederick Field Revocable Trust, Michelle Busch, Rosa Missak, Brian S. Missak, Christina Trevino, Daniel O. Trevino, David J. Wanek, Edwin C. Beatingo, Nicole Beatingo, Dennis Wozniak, Diane L. Wozniak, Stacy Zeis, Sandra Boyce, Anthony W. Riley, Cathryn Riley, Jonathan Resurrection, Michael P. Driscoll, Christina M. Biscaglio, Arnedo Sapnu, Jr., Beth A. Adams, Sandra K. Adams, Tiburico Cuevas, Alvaro Cuevas, Monica M. Reames, Randy W. Reames, Geradine M. Spore, Araceli M. Pardenilla, Imogene Vailoces, Ciro A. Pryor, Michael S. Lanthier, Rebecca J. Lanthier, Shannon M. Kielar, John Kielar, Mortgage Electronic Registration System (Mers), Bank of America, LHI Mortgage, Inc., Homecomings Financial Network, Inc., JP Morgan Chase Bank, LaSalle Bank, First Federal Savings Bank, Illinois Housing Development Authority, Mortgage Lenders Network, McCann Industries, Inc., The United States of America, Midwest Bank and Trust company-Algonquin may have or claim to have an interest in the Property by virtue of mechanic's liens recorded with the Kendall County Recorder of Deeds, by deeds from Lakewood Prairie attached in Exhibit E, by mortgages recorded in the office of the Kendall County Recorder of Deeds at our about the time that the instruments attached as Exhibit E were recorded or by tax liens recorded in other counties, and accordingly are made defendants hereto.  Such interest, if any there be, is subject, subordinate and inferior to that of the Counter Plaintiff.

**ANSWER:   The above named "Owners/Interested Parties" admit they have or claim to have an interest in the Property as alleged.  Further answering, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.**

18.   There may be additional parties in interest, whose identities are unknown to the Counter Plaintiff and cannot be ascertained, and who may have or claim to have some right, title or interest in and to the Property as lienholders, tenants, encumbrances, mortgagees, purchasers, or undisclosed owners, and such parties are joined hereunder as Unknown Owners and Unknown Lienholders.  Such interest or interests, if any there be, is subject subordinate and inferior to that of Counter Plaintiff.

**ANSWER:** These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 18, and neither admit nor deny same but demand strict proof thereof.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE-WAIVER:**

1. Grundy Redi-Mix, Inc., ("Grundy"), executed and delivered waivers of lien to Ibarra Concrete Company, ("Ibarra"), partially waiving its liens which waivers in each case stated an amount that was received in payment by Grundy from Ibarra and that Grundy was waiving its lien in that amount.

2. Grundy Redi-Mix has waived its lien to the extent of such waivers.

**SECOND AFFIRMATIVE DEFENSE-ESTOPPEL:**

3. LHI realleges paragraphs 1 and 2 of the First Affirmative Defense as this Paragraph 3.

4. In reliance upon such waivers, Plaintiff paid money to Ibarra Concrete Company in excess of the amounts of such waivers.

5. Grundy Redi-Mix is estopped from claiming any lien to the extent of the aggregate dollar amount of such waivers.

**THIRD AFFIRMATIVE DEFENSE-SECTION 5 OF THE ILLINOIS MECHANIC'S LIEN ACT:**

6. 770 ILCS 60/5 provides in part:

> (a) It shall be the duty of the contractor to give the owner, and the duty of the owner to require of the contractor, before the owner or his agent, architect, or superintendent shall pay or cause to be paid to the contractor or to his order any moneys or other consideration due or to become due to the contractor, or make or cause to be made to the contractor any advancement of any moneys or any other consideration, a statement in writing, under oath or verified by

affidavit, of the names and addresses of all parties furnishing labor, services, material, fixtures, apparatus or machinery, forms or form work and of the amounts due or to become due to each.

7. On information and belief, the Plaintiff obtained affidavits from Ibarra complying with such statutory provision showing that no money was due to Grundy as to specific lots.

8. On information and belief, the Plaintiff paid Ibarra in reliance on such affidavits.

9. Payment on such affidavits constitutes a complete defense against Grundy's claims for lien to the extent of the amounts paid in reliance on such affidavits.

**FOURTH AFFIRMATIVE DEFENSE-SECTION 21(d) OF THE ILLINOIS MECHANIC'S LIEN ACT:**

10. Under 770 ILCS 60/21 (d) Plaintiff is not required to pay on account of mechanic's lien claims more than the amount due to Ibarra on its contract.

**FIFTH AFFIRMATIVE DEFENSE:**

11. Grundy has filed claims for lien that grossly exceed the amount due it. Grundy has filed liens against the lots subject to this suit in the gross amount of $454,817.84 even though it issued waivers of lien against such lots so that the total unwaived amount of such liens is only $185,271.52. The amount of the lines filed is more than 2.45 times the maximum amount Grundy could in good faith claim making all of their lien claims constructively fraudulent.

/s/ E. Bryan Dunigan
**E. Bryan Dunigan**, attorney for "Owners/ Interested Parties" set forth herein

E. Bryan Dunigan
Attorney for "Owners/Interested Parties"
set forth herein
221 N. LaSalle St., Suite 1454
Chicago, IL 60601
(312) 857-2114

11