**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VULCAN CONSTRUCTION MATERIALS LP<br>d/b/a VULCAN MATERIALS COMPANY,<br><br>        Plaintiff,<br>  **vs.**<br><br>LAKEWOOD PRAIRIE, LLC, et al.<br>_____<br>LAKEWOOD PRAIRIE, LLC<br><br>        Plaintiff,<br>  **vs.**<br><br>IBARRA CONCRETE COMPANY, VULCAN<br>CONSTRUCTION MATERIALS LP d/b/a VULCAN<br>MATERIALS COMPANY, HOWARD B. SAMUELS AS<br>ASSIGNEE FOR THE BENEFIT OF THE IBARRA<br>CONCRETE COMPANY TRUST, GRUNDY REDI-MIX, INC<br>R&J CONSTRUCTION SUPPLIES, ILLINOIS BRICK<br>COMPANY, STEEL MASONRY, INC., UNKNOWN OWNERS<br>And UNKNOWN NECESSARY PARTIES,<br>ISHMAEL C. HERNANDEZ, CENORINA REYES,<br>RANDY JACOBSON, TINA JACOBSON, PAMELA<br>McREYNOLDS, WILLIE McREYNOLDS, JACLYN MROZ,<br>THOMAS L. JOHANNESSEN, CHRISTINA JOHANNESSEN<br>STEWART G. HONECK IV, AMARA HONECK, MICHAEL<br>B. McKIRDIE, KELLY McKIRDIE, TIFFANY PEREZ,<br>LEONARDO PEREZ, RIGOBERTO GOMEZ, ROSA GOMEZ,<br>LUPE GRANGO, ALEX GRANGO, MARK A. KOSINSKI,<br>JOANNE KOSINSKI, ROSA I. BECERRA, MIGUEL A.<br>BECERRA, DORA A. BECERRA, JOAN GONZALEZ,<br>SANTIAGO A. RODRIGUEZ, JOSEPH URIBE, NANCY<br>URIBE, OSCAR CARRILLO, MARICELA MONTES de<br>OCA-TAPIR, GABRIELLA AVILLA, VICTOR M.<br>MARTINEZ, ADRIANNA MARTINEZ, RICARDO<br>ZAMORA, ANA ZAMORA, MATTHEW J. LISKA,<br>NICOLE L. LISKA, GUILLERMO JAIME, JR.,<br>BARBARA MITCHELL, ALTON BRETT NORRIS,<br>APRIL D. NORRIS, STEVEN VAN DYKE, APRIL<br>VAN DYKE, FABIAN BERMUDEZ, JENNIFER N. | **08 C 1200**<br><br><br>**Honorable Judge<br>Suzanne Conlon**<br><br><br>**Magistrate Judge<br>Jeffrey Cole** |

RIGUAL, PATRICK J. McGRATH, DARYL L. McGRATH,  )
DARLY L. McGRATH, EDWARD PIETRZYK, JOLEEN       )
PIETRZYK, GLORIA I. ZAMORA, JOSE L. ZAMORA,     )
LYANNA TYLER, NATHAN CALLENDO II, MEAGAN        )
CALIENDO, JOHN R. KOSZOLA, ANGELA J. KOSZOLA,  )
DAVID E. RINEHART, EDEN M. RINEHART, JON        )
SOUVANNASOT, MICHAEL J. THOMPSON, JEFFREY       )
SMITH, FAITH SMITH, CHRISTOPHER HUMBERG,        )
ALICE C. BALL-BONNER, DOUGLAS E. KNACK,         )
KELLY S. KNACK, GARY C. FRANCIS, KAREN O.       )
FRANCIS, BEVERLY HOWARD, TARA CULOTTA,          )
DEAN CULOTTA, WAYNE R. MOUNT, NORA S. MOUNT)
GERARDO BORJON, JEANNETTE BORJON, OMAYRA        )
HWIEH, GINA L. BATES, JAMES H. BATES, SHERRIA   )
COVINGTON, VERNON J. JACKSON, SAKENNA K.        )
JACKSON, NEWELL A. BROADWAY, DION M.            )
SIMPSON, BETTY J. SIMPSON, DAWN M. KOLASKI,     )
MATTHEW J. SCHREINER, JANICE BOYD               )
LIVINGSTON, TIMIKO L. LIVINGSTON, JOSE GARCIA, )
LUCIUS ARMSTRONG, KIMBERLY ARMSTRONG,           )
JOSE M. MARTINEZ, CONCEPCION MARTINEZ, SCOTT)
BRECKENRIDGE, MARK SYMON, TERESA SIMON,         )
LYNETTE J. RINELLA, ROBERT RINELLA, DAVID A.    )
BRINK, BILLY JO NOLL-BRINK, DONNA KAUL,         )
ESPERANZA BECERRA, JESSE ZBROSKEWICH,           )
JOSEPH BOKENIEWICZ, ERICK HUERTA, JESUS         )
ALFONSO, EDINA ALFONSO, PETER J. SUSTAITA,      )
JOSE DEJUSUS LOERA, BRIAN RADEJEWSKI, SARA      )
OTTO, MIKE CASILLAS, CHRISTINE F. CACILLAS,     )
ELIZABETH LUEVANO, ADELA REYS, ALEJANDRO        )
OCEGUEDA, MARIA L. OCEGUEDA, RUBEN K.           )
CAMPBELL, SAVANA N. LATIMORE, HERMINIA V.       )
CALIFLOWER, GETEMBERG MONTESINOS,               )
OSCAR LUCIANO, LISA LATURELL, JOSE A.           )
TENORIO, LORIANNE M. TENORIO, CHARLES           )
FREDERICK FIELD REVOCABLE TRUST,                )
MICHELLE BUSCH, ROSA MISSAK, BRIAN S.           )
MISSAK, CHRISTINA TREVINO, DANIEL O.            )
TREVINO, DAVID J. WANEK, EDWIN C.               )
BEATINGO, NICOLE BEATINGO, DENNIS WOZNIAK,      )
DIANE L. WOZNIAK, STACY ZEIS, SANDRA BOYCE,     )
ANTHONY W. RILEY, CATHRYN RILEY, JONATHAN       )
RESURRECTION, MICHAEL P. DRISCOLL, CHRISTINA )
M. BISCAGLIO, ARNEDO SAPNU, JR., BETH A.        )

ADAMS, SANDRA K. ADAMS, TIBURICO CUEVAS,    )
ALVARO CUEVAS, MONICA M. REAMES, RANDY W.    )
REAMES, GERADINE M. SPORE, ARACELI M.    )
PARDENILLA, IMOGENE VAILOCES, CIRO A. PRYOR,    )
MARILYN E. PRYOR, MICHAEL S. LANTHIER,    )
REBECCA J. LANTHIER, SHANNON M. KIELAR,    )
JOHN KIELAR, MORTGAGE ELECTRONIC REGISTRATION    )
SYSTEM, INC. (MERS), BANK OF AMERICA, LHI    )
MORTGAGE, INC., HOMECOMINGS FINANCIAL    )
NETWORK, INC., JP MORGAN CHASE BANK,    )
LASALLE BANK, FIRST FEDERAL SAVINGS BANK,    )
ILLINOIS HOUSING DEVELOPMENT AUTHORITY,    )
MORTGAGE LENDERS NETWORK MCCANN    )
INDUSTRIES, INC., THE UNITED STATES OF AMERICA,    )
MIDWEST BANK AND TRUST COMPANY-ALGONQUIN,    )
    )
                            Defendants.    )

## **"OWNERS/INTERESTED PARTIES" ANSWER TO SECOND AMENDED COMPLAINT OF LAKEWOOD PRAIRIE, LLC**

NOW COME Defendants, **Beth A. Adams and Sandra K. Adams, Lucius Armstrong and Kimberly Armstrong, Gina L. Bates and James H. Bates Jr., Edwin C. Beatingo and Nicole L Beatingo, Esperansa Beccara, Rosa I. Becerra, Miguel A. Becera and Dora A. Becerra, Fabian Bermudez and Jennifer Rigual, Marilyn Bokuniewicz and Joseph F. Bokuniewicz, Gerardo Borjon and Jeannette Borjon, Scott Breckenridge, David Brink and Billy Jo Noll-Brink, Michelle Busch, Nathan Caliendo II and Meagan Caliendo, Ruben K. Campbell and Savana N. Latimore, Oscar Carrillo and Maricela Montes de Oca-Tapia and Gabriela Avila, Herminia V. Cauliflower, Charles F. Field, Trustee, Charles Fredric Field Rev. Trust, Sherria Covington, Tiburcio Cuevas and Alvaro Cuevas, Tara Culotta and Dean C. Culotta, Beverly W. Dowling, Michael P.**

Driscoll and Christina M. Biscaglio, Gary C. Francis and Karen O. Francis, Doreen J. Furmanski, Jose Garcia, Rigoberto Gomez and Rosa Gomez, Juan Gonzalez, Dorothy M. Grantham, Eric Huerta and Jesus Alfonso, Omayra Hweih, Randy Jacobsen and Tina Jacobsen, Thomas L. Johannessen and Christina T. Johannessen, Staphanie A. Jarmon, Donna Kaul, Shannon M. Kielar and John Kielar, Douglas E. Knack and Kelly S. Knack, Dawn M. Kolaski and Matthew J. Schreiner, Mark A. Kosinski and Joanne Kosinski, John R. Koszola and Angela J. Koszola, Michael S. Lanthier and Rebecca J. Lanthier, Lisa Laturell, Matthew Liska and Nicole L. Liska, Janice Boyd Livingston and Timiko L Livingston, Jose Dejesus Loera, Elizabeth Luevano, Victor M. Martinez and Adrianna Martinez, Patrick J. McGrath and Daryl L. McGrath, Michael B. McKirdie and Kelly A. McKirdie, Pamela McReynolds and Willie McReynolds, Brian S. Missak and Rosa Missak, Wayne R. Mount and Nora S. Mount, Jaclyn Mroz, Alejandro Ocegueda and Maria L. Ocegueda, Araceli M. Pardenilla and Imogene Vailoces, Tiffany Perez and Leonardo A. Perez, Edward Pietrzyk and Joleen Pietrzyk, Ciro A. Pryor and Marilyn E. Pryor, Brian Radejewski and Sara Otto, Monica M. Reames and Randy W. Reames, Jonathan Resurreccion, Adela Reyes, Anthony W. Riley and Cathryn Riley, David E. Rinehart and Eden M. Rinehart, Lynett J. Rinehart and Robert Rinella, Satiago A. Rodriguez, Jeffrey Smith and Faith Smith, Jon Souvannasot and Michael J. Thompson, Geraldine M. Spore, Peter J. Sustaita, Cristina Trevino and Daniel O. Trevino, Joseph Uribe and Nancy Uribe, Steven

R. VanDyke and Angela K. VanDyke, David J. Wanek, Dennis Wozniak, Ricardo Zamora and Ana Zamora, Gloria I. Zamora and Jose L. Zamora, Ricardo Zarate, Jr., Jesse Zbroskewich and Linda Zbroskewich, Stacy Zeis, Newell A. Broadway, Lupe Grango and Alex Grango, Stewart G. Honeck, IV and Amara Honeck, Alice C. Ball-Bonner, Ismael C. Hernandez and Cenorina Reyes, hereinafter referred to as "Owners/Interested Parties", by their attorney, E. Bryan Dunigan, and in answer to the allegations contained in the Second Amended Complaint of Plaintiff, Lakewood Prairie, LLC, state as follows:

## COUNT I

1.      In January of 2006, Plaintiff was the owner of the real estate legally described on Exhibit A and commonly known as Lakewood Prairie Units 1, 1A and 2 (hereinafter collectively referred to as the "Subdivisions").

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 1, and neither admit nor deny same but demand strict proof thereof.**

2.      Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such Subdivisions.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 2, and neither admit nor deny same but demand strict proof thereof.**

3.      Thereafter Ibarra commenced work.  However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 3, and neither admit nor deny same but demand strict proof thereof.**

4.      Ibarra executed and delivered to Plaintiff sworn statements pursuant to 770 ILCS 60/5 with accompanying waivers of lien from Grundy Redi-Mix, Inc., (hereinafter called "Grundy"), as to various individual lots in the Subdivisions.  Such sworn statements only listed Grundy as a supplier of material and state under oath that Grundy was Ibarra's only supplier.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 4, and neither admit nor deny same but demand strict proof thereof.**

5.      Such sworn statements were given by Ibarra to Plaintiff with respect to 26 of the 57 lots against which Vulcan has asserted a claim for lien.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 5, and neither admit nor deny same but demand strict proof thereof.**

6.      In reliance upon such sworn statements from Ibarra and waivers from Grundy, Plaintiff paid to Ibarra substantial sums.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set**

**out in paragraph 6, and neither admit nor deny same but demand**

**strict proof thereof.**

7.    Notwithstanding such waivers and sworn statements, mechanics liens have been recorded against individual lots in the Subdivisions filed as follows:

    (a)   Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") has filed a lien for $301,749.00 against 67 lots.

    (b)   Grundy has filed lines totaling $410,276.97 against 100 lots even though it has issued partial waivers of lien concerning these lots totaling $208,037.47.

    (c)   Vulcan Construction Materials LP d/b/a Vulcan Materials Company (hereinafter called "Vulcan") has filed a lien against 57 lots totaling $83,073.51.

    (d)   R&J Construction Supplies (hereinafter called "R&J") have filed liens against 15 lots totaling $3,333.16.

**ANSWER:    These Defendants are without knowledge as to the allegations of**

**paragraph 7 and including subparagraphs (a), (b), and (c) of this**

**paragraphs.**

8.    The United States of America claims a lien on the amounts due from the Plaintiff to Ibarra Concrete Company (Ibarra) FEIN 20-1081949 whose address 2205 Point Blvd., Suite 170, Elgin, IL 60125 for Withholding Taxes and FICA taxes owed to it in the amount of $1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof.  The Internal Revenue Office that filed the tax lien is Small Business/Self Employed Division, 230 South Dearborn Street, Chicago, Illinois 60604, Insolvency Group 1.  Tax liens were filed with the Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva, Illinois 60134 on 11/02/2005, 3/21/2006, and 5/12/2006.

**ANSWER:    These Defendants are without knowledge or information**

**sufficient to form a belief as to the truth of the allegations set**

**out in paragraph 8, and neither admit nor deny same but demand**

**strict proof thereof.**

9.    Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 9, and neither admit nor deny same but demand strict proof thereof.**

10.    McCann Industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 10, and neither admit nor deny same but demand strict proof thereof.**

11.    Vulcan has filed a mechanics lien foreclosure action in this Court entitled Vulcan Construction Materials LP d/b/a Vulcan Materials Company vs. Lakewood Prairie, LLC, et al., case number 2006 CH 0360 (the "Foreclosure Suit").

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 11, and neither admit nor deny same but demand strict proof thereof.**

12.    IN addition, Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86.  Vulcan has caused a citation to be issued to enforce such judgment in a cause entitled Vulcan Construction Materials LP d/b/a Vulcan Materials Company vs. Ibarra Concrete Company case number 2007 L 062 (the "Citation Action", now pending in this Court.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 12, and neither admit nor deny same but demand strict proof thereof.**

13.    Plaintiff is informed and believes and therefore states the fact to the that Ibarra has made an assignment for the benefit of creditors to the Trust, and it may be that the judgment lien of Vulcan and the mechanics liens filed by Vulcan, Grundy and R&J are inferior to the common law rights of the Trust.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 13, and neither admit nor deny same but demand strict proof thereof.**

14.    There are insufficient amounts due or to become due from the Plaintiff to Ibarra to pay all liens and claims under such mechanic's liens recorded because:

(a)    The total amount that Plaintiff's books show that it owes Ibarra is $289,479.34 for work on lots against which R&J, Grundy, Vulcan or the Trust have filed liens.

(b)    The total amount of liens filed by R&J, Grundy, Vulcan and Ibarra is $798,432.64.

(c)    Vulcan's judgment lien in the Citation Action is for $187,205.86 and may be superior to one or more of the liens of R&J, Grundy and the Trust.

(d)    The claim of the Assignee for the benefit of creditors of Ibarra may be superior to one or more of the recorded mechanic's liens and the judgment lien arising by virtue of the service of the citation.

(e)    The claims of The United States of America, Midwest Bank and Trust Company-Algonquin, McCann Industries, Inc. may be superior to the claims for lien and Vulcan's judgment.

(f)    In addition, Plaintiff has been informed that the United States of America has subordinated its claim to that of Midwest Bank and Trust Company-Algonquin.  If true, there may be a circuity of liens where the mechanic's lien claims are superior to the Bank's claim, the United States claim is superior t the lien claimant's claims and the Bank's claim is superior to the claim of the United States.

**ANSWER:    These Defendants are without knowledge as to the allegations of paragraph 14 and including subparagraphs (a) through (f) of this paragraph.**

15.    The persons named as "Other Known Interested Parties" are either owners or mortgagees having interests in various parcels of real estate involved in this

litigation.  No relief is sought against any of such parties, and it is acknowledged that their various interests in the real estate have priority over the interests of the other parties to this litigation.  Such parties are included solely as necessary parties under 770 ILCS 60/30.

**ANSWER:   These Defendants admit the allegations of paragraph 15 of the**

**Second Amended Complaint.**

16.    There may be other persons interested in this action, including persons who are owners of legal or equitable interests in the real estate, persons in the chain of contracts between the Plaintiff and the owner, persons who have asserted or may assert liens against the real estate under The Illinois Mechanic's Lien Act, and any other person against whose interest in the real estate the Plaintiff asserts a claim whose claims or interests are not disclosed by a document recorded at the time a proper *lis pendens* of the action under 735 ILCS 5/2-1901 has been recorded (or if the action is instituted as a mortgage foreclosure at the time a proper notice of foreclosure under 735 ILCS 5/15-1503 has been recorded), and all such persons are named and made parties defendant to this proceeding under the description of Unknown Necessary Parties pursuant to 770 ILCS 60/11.

**ANSWER:   These  Defendants  are  without  knowledge  or  information**

**sufficient  to  form  a  belief  as  to  the  truth  of  the  allegations  set**

**out  in  paragraph  16,  and  neither  admit  nor  deny  same  but**

**demand strict proof thereof.**

17.    There may be other persons in addition to those hereinbefore made Defendants whose names are unknown, who do or may claim some right, title, interest or lien in fee, or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some part or parts thereof; that it is not known and cannot be ascertained whether or not any of the person or persons named in the above and foregoing claim be living or dead and therefore, there may be unknown heirs or devisees of any of the aforesaid made parties, which persons may claim right, title or interest or lien in fee or some lesser estate, vested or contingent, in reversion, remainder or expectancy, or some inchoate or consummate dower or dower right in, to or upon the real estate hereinbefore described, or some pat or parts thereof; but that the names of any such persons or persons who may claim an interest in the real estate either as unknown owners or as heirs or devisees of the named parties are unknown to the Plaintiff and therefore the Plaintiff makes all such persons defendants to this claim by the name and description of "Unknown Owners".

10

**ANSWER:** **These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 17, and neither admit nor deny same but demand strict proof thereof.**

WHEREFORE, it is respectfully prayed that this matter be denied and dismissed at the Plaintiff's cost.

## COUNT II

1.    This action is commenced pursuant to 735 ILCS 5/2-409.

**ANSWER:** **The allegations of paragraph 1 are the legal conclusions of the Plaintiff and no response is made to this allegations.**

2.    In January of 2006. Plaintiff was the owner of real estate located in Kendall and Grundy Counties (hereinafter collectively referred to as the "Real Estate").

**ANSWER:** **These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 2, and neither admit nor deny same but demand strict proof thereof.**

3.    Thereafter, Plaintiff employed Ibarra Concrete Company ("Ibarra") to perform concrete work for the construction of improvements on various individual lots in such real estate.

**ANSWER:** **These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 3, and neither admit nor deny same but demand strict proof thereof.**

4.    Thereafter, Ibarra commenced work.   However, Ibarra abandoned its work before it was completed leaving substantial portions incomplete and having in some cases performed defective work that had to be completed by Plaintiff.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 4, and neither admit nor deny same but demand strict proof thereof.**

5.    Under 770 ILCS 60/21, Ibarra's subcontractors have a right to assert a lien against funds due or to become due from Plaintiff to Ibarra on account of work done on such Real Estate.

**ANSWER:    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 5, and neither admit nor deny same but demand strict proof thereof.**

6.    Vulcan Construction Materials LP d/b/a Vulcan Materials Company, Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust, Redi-Mix, Inc., R&J Construction Supplies, Illinois Brick Company, Steel Masonry, Inc., Midwest Bank and Trust company-Algonquin, McCann Industries, Inc., and The United States of America all claim a right to such funds either as subcontractors asserting mechanic's lines, assignees, judgment creditor, secured parties asserting security interests or for taxes due pursuant to liens filed:

    (a)    Howard B. Samuels as assignee for the benefit of the Ibarra Concrete Company Trust (hereinafter the "Trust") asserts a claim as assignee for $301,749.00.

    (b)    Grundy ahs asserted claims totaling $410,276.97 even though it has issued partial waivers of line totaling $208,037.47.

    (c)    Vulcan Construction Materials LP d/b/a Vulcan Materials Company (hereinafter called "Vulcan") asserts mechanic's lien claims totaling $83,073.51.

    (d)    R&J Construction Supplies (hereinafter called "R&J") asserts claims totaling $3,333.16.

    (e)    Vulcan has obtained a judgment against Ibarra in the amount of the judgment is $187,205.86 and a citation proceeding to enforce that judgment is part of the above entitled Consolidated Cause.

(f)   Midwest Bank and Trust Company-Algonquin claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.

(g)   McCann Industries, Inc. claims a security interest in the amounts due from the Plaintiff to Ibarra in an unknown amount.

(h)   The United States of America claims a lien on the amounts due from the Plaintiff to Ibarra Concrete Company(Ibarra) FEIN 20-1081949 whose address is 2205 Point Blvd., Suite 170, Elgin, IL 60125 for Withholding Taxes and FICA taxes owed to it in the amount of $1,469,670.07, as per Group Exhibit B attached hereto and made a party hereof.  The Internal Revenue Office that filed the tax lien is Small Business/Self Employed Division, 230 South Dearborn Street, Chicago, IL 60604, Insolvency Group 1.  Tax liens were filed with the Recorder of Deeds of Kane County, 719 South Batavia Avenue, Geneva IL 60134 on 11/02/2005, 3/21/2006, and 5/12/2006.

**ANSWER:   These Defendants are without knowledge as to the allegations of paragraph 6 and including subparagraphs (a) through (h) of this paragraph.**

7.   These claims exceed $2,372,235.06 which far exceeds any amount that may be due from the Plaintiff on account of work performed by Ibarra.

**ANSWER:   These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set out in paragraph 7, and neither admit nor deny same but demand strict proof thereof.**

8.   These claims arise out of the same or a related subject matter because they all assert claims against sums due or to become due from the Plaintiff to Ibarra, and such claims expose the Plaintiff to double and multiple liability.

**ANSWER:   These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set**

**out in paragraph 8, and neither admit nor deny same but demand**

**strict proof thereof.**

9.    735 ILCS 5/2-409 provides in part:

§2-409.  Interpleader.  Persons having claims against the Plaintiff arising out of the same or related subject matter may be joined as defendants and required to interplead when their claims may expose plaintiff to double or multiple liability.  It is not a ground for objection to interpleader that the claims of the several claimants or the titles upon which their claims depend do not have a common origin or are not identical, or are adverse to or independent of one another, or that the plaintiff avers that he or she is not liable in whole or in part to any of or all the claimants.

**ANSWER:   The allegations of paragraph 9 are the legal conclusions of the**

**Plaintiff and no response is made to this allegation.**

10.    Suit against the United States is authorized by Title 28 U.S.C.A. Section 2410(a) which permits the United States to be sued in an interpleader action, an action in the nature of interpleader, and in an action to foreclose a lien.  All such actions are present in this consolidated cause.

**ANSWER:   The allegations of paragraph 10 are the legal conclusions of the**

**Plaintiff and no response is made to this allegation.**

WHEREFORE, it is respectfully prayed that this matter be denied and dismissed

at the Plaintiff's cost.

/s/ E. Bryan Dunigan

***E. Bryan Dunigan***, attorney for "Owners/
Interested Parties set forth herein

E. Bryan Dunigan
Attorney for "Owners/Interested Parties"
set forth herein
221 N. LaSalle St., Suite 1454
Chicago, IL 60601
(312) 857-2114